IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA TOLBERT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 4:11-CV-00107 |
| RBC CAPITAL MARKETS | § | |
| CORPORATION n/k/a RBC CAPITAL | § | |
| MARKETS, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

## AGREED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c)(1), and for good cause shown, Plaintiff

Brenda Tolbert, by counsel, and Defendants RBC Capital Markets Corporation n/k/a RBC

Capital Markets, LLC, RBC Centura Bank n/k/a RBC Bank (USA); RBC U. S. Insurance

Services, Inc.; and Royal Bank of Canada US Wealth Accumulation Plan f/k/a Dain Rauscher

Wealth Accumulation Plan and f/k/a RBC Dain Rauscher Wealth Accumulation Plan, by

counsel, hereby request entry of the following Agreed Protective Order in order to preserve and

maintain the confidentiality of proprietary or sensitive business, personal, or personnel

information or any extracts or summaries thereof (1) which may be disclosed or obtained by the

parties, (2) which have been requested for production, (3) which may be disclosed through

testimony during the course of discovery between the parties, or (4) which may have been

produced in the matter styled as Civil Action No. 4:10-cv-00320, *Lewis E. Brazelton, III v. RBC*

*Capital Markets Corporation, et al.,* In the United States District Court for the Southern District

of Texas, Houston Division (hereinafter referred to as "*Brazelton*" or the "*Brazelton* litigation").

The parties intend to use discovery responses and documents obtained in *Brazelton* in the

instant litigation ("*Tolbert*" or the "*Tolbert* litigation") so as to minimize costs of litigation

incident to discovery, and to expedite the litigation of this matter. Moreover, the parties intend that the same confidentiality provisions applicable to *Brazelton* be applied in *Tolbert*.

Based on the foregoing, the Court specifically finds that good cause exists for this Agreed Protective Order.

1.  Application. This Agreed Protective Order shall govern the disclosure and use of proprietary or sensitive business, personal, or personnel information or any extracts or summaries thereof produced in connection with the *Tolbert* litigation or the *Brazelton* litigation, deposition testimony, deposition exhibits, interrogatory responses, admissions, any other information produced or given by a party to this suit in connection with the *Brazelton* and *Tolbert* litigations.

2.  Basis. This Agreed Protective Order is necessary to preserve the legitimate confidentiality and privacy interests of current and/or former employees and also to protect Defendants' proprietary or confidential business information and records. This Agreed Protective Order establishes a procedure for disclosing Confidential Information, including documents produced in the *Tolbert* or *Brazelton* litigation, imposes obligations on persons receiving Confidential Information, including documents, to protect the information or documents from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations.

3.  Non-Waivers. By entering into this Agreed Protective Order, the parties do not waive any objections raised in response to discovery, nor does this Agreed Protective Order in any way obligate either party to produce any specific documents or records in the future which a party reasonably believes are not relevant to any party's claims or defenses. Nothing contained in this Agreement shall prejudice the right of any party to urge or contest the alleged relevancy

2

or admissibility of any information or any documents subject to this Agreement, nor shall anything be construed to be a waiver by any party of its claims or objections regarding the discoverability of any information sought by discovery in this case. Further, any producing party can use his, hers, or its own Confidential Information outside the restrictions of this Agreed Protective Order, if desired.

4.   <u>Purpose</u>.   This Agreed Protective Order is intended to preserve and maintain confidentiality and privacy with respect to proprietary or sensitive business, personal, or personnel information or any extracts or summaries thereof which may be disclosed or obtained by the parties.

5.   <u>Permitted Use</u>.   All documents or information designated under this Order as "Confidential" shall be used solely for the purpose of the *Tolbert* litigation and shall not be disclosed to any person other than a "Qualified Person," as defined in paragraph 7 of this Agreed Protective Order, or except by the parties' subsequent written agreement or as otherwise provided in this Agreed Protective Order. Any such designation must be made by the parties in good faith.

6.   <u>Restrictions on Use</u>.   All documents or information designated under this Order as "Confidential" shall not be exhibited, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than in conjunction with the *Tolbert* litigation. Moreover, no copies of documents produced by Defendants shall be maintained by any person other than Plaintiff, Counsel for Plaintiff, or an employee of Counsel for Plaintiff. Except as provided for in this Agreed Protective Order, the parties shall keep all Confidential Information, including documents, covered by the terms of this Agreed Protective Order from non-Qualified Persons. Notwithstanding anything contained in this Agreed Protective Order to the contrary,

3

however, Plaintiff's designated counsel of record in this action shall be permitted to discuss Confidential Information with any of Defendants' current or former employees or their counsel (if said former employees are represented) to the limited extent such Confidential Information pertains solely and individually to the former employee.

7.     Qualified Persons.   Neither the receiving party nor its representatives shall disclose Confidential Information or documents other than to the following persons (hereinafter referred to as "Qualified Persons"):

(a)     The parties' designated counsel of record in *Tolbert* or their partners or inside firm counsel who assist in the prosecution of *Tolbert*;

(b)     Employees of a party's counsel acting at the direction of counsel, and assigned to and necessary to assist such counsel in the preparation or trial of *Tolbert*;

(c)     individual parties, including the Plaintiff and any director, officer or employee of any party to this action, to the extent deemed necessary by counsel for the prosecution, defense or settlement of *Tolbert*;

(d)     Any of Defendants' designated counsel of record in *Tolbert*;

(e)     All attorneys for the parties in *Tolbert*, including in-house attorneys, and their assistants, associates, paralegals, clerks, stenographic personnel, and those individuals specifically acting at the direction of counsel;

(f)     Experts and consultants, but only to the extent reasonably deemed necessary by counsel for the prosecution, defense or settlement of *Tolbert* and only if the experts and consultants agree in writing to be bound by the terms of this Agreed Protective order;

(g)     Any legal copying service retained by the parties' counsel; and

(h)     The Court (including any Court personnel or the appellate court) and any court reporter used during any deposition or statement wherein "Confidential Information" or documents are disclosed either through testimony or by introduction of exhibits.

8.     Filing Under Seal.   Unless Information designated as Confidential under this Order is (1) redacted in an exhibit or attachment to any filing with the Court in the *Tolbert*

litigation, or (2) coded in such a manner that the information cannot be linked to any individual (with opposing counsel being simultaneously provided with a copy of the codes), the party so using the Confidential Information will file the protected information with the Court under seal and accompanied by a statement substantially in the following form:

> This envelope contains documents which were filed in the [name of cause] by [name of party] in conjunction with [name of pleading] (or for the purpose of trial), and is not to be opened, nor the contents to be displayed or revealed except by, or upon order of, the Court.

9.   <u>Attorneys' Eyes Only</u>.   The parties shall have the right to further designate Confidential Information or portions of documents containing Confidential Information as "Confidential – Attorneys' Eyes only."   Disclosure of such information shall be limited to the persons designated in paragraph 7(a), (b), (d), (e), (f), (g), and (h).

10.   <u>Other Ruling Not Precluded</u>.   Nothing in this Agreed Protective Order shall be construed as precluding a party from seeking additional or lessened protection from the Court against the disclosure or production of any other Confidential Information, including an order that such information not be disclosed or that it be disclosed only in a designated manner.

11.   <u>Definitions</u>.   As used here, the following definitions shall apply:

(a)   "Confidential Information" shall consist of any proprietary or sensitive business, personal, or personnel information or any extracts or summaries thereof.

(b)   The producing party shall designate any such "Confidential Information" as protected under the terms of this Agreed Protective Order by applying the legend "CONFIDENTIAL" to each page of any copies of the documents supplied to any other party.

12.   <u>Maintenance of Confidential Nature</u>.   Confidential Information shall not lose its character as Confidential simply because the documents are designated as exhibits to a

deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or in part, as Confidential.

13.    No Public Disclosures.   Confidential Information shall not be made public by counsel for the receiving party or divulged to anyone other than the persons entitled to access such information under paragraph 7, except as permitted by the terms of this Agreed Protective Order.

14.    Non-Admissions.   This Agreed Protective Order shall not be construed as an agreement or admission: (i) that any material or document designated as Confidential is, in fact, confidential or proprietary; (ii) as to the correctness or truth of any allegation made or position taken relative to any matter designated as Confidential; or (iii) with respect to the authenticity, competency, relevance, or materiality of any document or thing designated as Confidential.

15.    Third Party Requests.   If Confidential Information in the possession of a party to *Tolbert* is requested or subpoenaed by any court, administrative agency, legislative body, or any other person not a party to this action, the party to whom the subpoena is directed shall: (i) immediately notify in writing counsel for the producing party, advising counsel of the response time for the order, subpoena, or request and providing not less than ten (10) days to file objections; and (ii) notify the court, person, or entity of the existence of this Agreed Protective Order and that the information demanded or requested has been identified as Confidential pursuant to this Agreed Protective Order.   The responsibility for attempting to prevent the disclosure or production of such information shall rest exclusively with the party who designated the information as Confidential.   If the producing party objects to disclosure, the subpoenaed party shall not disclose the Confidential Information without the written consent of the producing party or an order of the court or tribunal having jurisdiction over the subpoena.

6

16.     Depositions.  A party shall designate all other Confidential Information disclosed during any deposition in the *Tolbert* litigation as "Confidential" either during the deposition or by notifying all parties in writing, within thirty (30) days of receipt of the transcript, or of the entry of this Agreed Protective Order, whichever is later, of the specific pages and lines of the transcript which contain Confidential Information.  Each party shall attach a copy of such written notice to the face of the transcript and each copy thereof in its possession, custody, or control.

17.     Consents to Disclosures.  Nothing shall prevent disclosure beyond the terms of this Agreed Protective Order if either party expressly consents to such disclosure, either in writing or in the record of any proceeding in *Tolbert*, or if the Court, after notice to all affected parties, orders such disclosure.

18.     Use in Litigation.  This Agreed Protective Order shall not preclude any party from using information or documents designated as "Confidential" during any trial or other court proceeding in *Tolbert*.

19.     Producing Party's Inadvertent Disclosure.  The inadvertent or unintentional disclosure by the designating party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, if within twenty (20) days after such disclosure, the designating party notifies the other party's counsel in writing that the information is indeed Confidential.

20.     Survival.  The provisions of the Agreed Protective Order shall survive the conclusion of *Tolbert* within thirty (30) days after final conclusion of all aspects of *Tolbert* (including the conclusion of any appeal), either party may request of the other party in writing to

7

return (at the requesting party's expense) all originals or copies of Confidential Information to the party that produced such documents (either in the *Tolbert* or *Brazelton* litigation) or gave such information that designation or, at the option of the producer or designator, destroyed.

21.   <u>Disclosure to Court</u>. This Agreed Protective Order shall not prohibit disclosure of protected information to the Court or Court personnel (including any appellate court) at any time. Any party and any interested member of the public can challenge the secreting of any particular documents.

22.   <u>Redress for Violation</u>.  If any party to this Agreed Protective Order believes in good faith that a violation of its terms has occurred, a motion may be brought in this Court to seek redress for the violation.   The complaining party may present evidence of whatever damages have been incurred as a result of the violation.   If the Court finds that a violation has occurred, then the Court shall award damages, including reasonable costs and attorneys' fees that resulted from any such violation in such amount as the Court, in the exercise of its sound discretion, deems just and proper under the circumstances.

23.   <u>Merger</u>.  Upon execution, this Agreed Protective Order supersedes any previous verbal or written agreement for confidentiality between the parties.

This Agreed Protective Order is hereby entered this the *16* day of *March* 2011.

_____

UNITED STATES DISTRICT JUDGE

1103302v.2

APPROVED:

_____*/s/ Chris Boran*_____
Alison J. Gates
State Bar No. 24055535
Federal ID No. 706309
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana, Suite 4200
Houston, Texas 77002
713.890.5000 (telephone)
713.890.5001 (facsimile)

Sari Alamuddin
(admitted *pro hac vice*)
Ill. State Bar No. 6215689
Chris Boran
(admitted *pro hac vice*)
Ill. State Bar No. 6282552
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, Illinois 60601
312.324.1000 (telephone)
312.324.1001 (facsimile)
**ATTORNEYS FOR DEFENDANTS**

_____*/s/ Geoffrey H. Bracken*_____
William G. Whitehill
State Bar No. 21356550
Joe B. Harrison
State Bar No. 09115500
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201
214.999.4633 (telephone)
214.999.3633 (facsimile)

Geoffrey H. Bracken
State Bar No. 02809750
J. Palmer Hutcheson
State Bar No. 10335500
GARDERE WYNNE SEWELL LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002
713.276.5739 (telephone)
713.276.6739 (facsimile)
**ATTORNEYS FOR PLAINTIFF**

9

1103302v.2