UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON, TEXAS

| | | |
|---|---|---|
| BRENDA TOLBERT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:11-CV-00107 |
| | § | |
| RBC CAPITAL MARKETS | § | |
| CORPORATION, ET AL., | § | |
| | § | |
| Defendant. | § | |

# JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   *The 26(f) conference was an April 13, 2011 teleconference among William G. Whitehill and Geoffrey H. Bracken for the Plaintiff, and Christopher J. Boran for the Defendants.*

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   *None.*

3. Briefly describe what this case is about.

   **Plaintiff's Perspective:** *This is a class action to determine whether the Defendants' employee pension plan called the Wealth Accumulation Plan ("WAP") was and is a "top hat" plan exempt from ERISA's vesting, trust fund, accrual, and disclosure requirements and the appropriate equitable remedies for the class if Defendants fail to prove that the WAP was and is in fact a valid top hat plan. Those remedies may include terminating the WAP and distributing to the class members their vested accrued balances.*

   **Defendants' Perspective:** *This is a putative class action brought by a former RBC employee to recover allegedly vested benefit that were denied her and members of the putative class under the terms of the WAP. Plaintiff contends that, upon an interpretation and application of the WAP's provisions, the Court should conclude that the WAP was not a "top hat" plan under ERISA during the purported class period and thus the failure to pay Plaintiff and putative class members certain benefits during that time was unlawful.*

*Defendants contend that Plaintiff's claims fail as a matter of law for several reasons, including but not limited to the fact that plaintiff has failed to exhaust the administrative remedies available to her under the WAP and that, at all times, the WAP has been a "top hat" plan under ERISA.*

4. Specify the allegation of federal jurisdiction.

   *28 U.S.C. § 1331; 29 U.S.C. § 1132(e)(i).*

5. Name of the parties who disagree and the reasons.

   *None.*

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   *None at this time, although it is contemplated that additional named plaintiffs may join the litigation.*

7. List anticipated interventions.

   *None.*

8. Describe class-action issues.

   Plaintiff's Perspective: *Whether the WAP was and is a valid top hat plan. What equitable remedies should the Court use if the WAP is not a valid top hat plan? Bifurcation of liability and damages may be appropriate.*

   Defendants' Perspective: *The critical "class action" issues are whether Plaintiff is an adequate class representative and whether the purported class may be appropriately certified under Rule 23(b)(1)(B), 23(b)(2) or 23(b)(3).*

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   *Parties will exchange initial disclosures by May 11, 2011, and the parties agree that a first document production request may be submitted by April 22, 2011.*

10. Describe the proposed agreed discovery plan, including:

2

A. Responses to all the matters raised in Rule 26(f).

*No discovery problems are anticipated, except (i) possibly a dispute over the alleged privileged status of certain defense documents and (ii) certainly the extent to which Defendants will allow discovery regarding the WAP's alleged status as a lawful top hat plan. See, ¶ D below.*

B. When and to whom the plaintiff anticipates it may send interrogatories.

*Plaintiff anticipates serving Interrogatories on Defendants within thirty (30) days.*

C. When and to whom the defendant anticipates it may send interrogatories.

*Defendants anticipate serving Interrogatories on Plaintiff within thirty (30) days.*

D. Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff's Perspective: *Plaintiff anticipates deposing Defendants' corporate representatives, Karen Yurich (or a similarly situated HR representative with the most knowledge of the historical eligibility requirements, demographics, and enrollment in the WAP Plan from March 13, 2001 to date), and Gabriela Sikich. Plaintiff further anticipates deposing other persons that Defendants designate as having knowledge of relevant facts and Defendants' experts. Plaintiff will begin the depositions after receiving Defendants' document production and anticipates completing depositions by August 31, 2011.*

Defendant's Perspective: *Defendants object to any discovery related to whether the WAP is a "top hat" plan under ERISA, including the depositions of Karen Yurich or Gabriela Sikich. Such discovery – including 30(b)(6) testimony – was already taken by Plaintiff's counsel in a similar matter less than a year ago, and the parties have already agreed (with the Court's approval) that such discovery may be used in this case.*

E. Of whom and by when the defendants anticipate taking oral depositions.

*Defendant anticipates deposing the named Plaintiff, but only as to issues related to class certification. Defendants agrees with Plaintiff that fact depositions should be completed on or before August 31, 2011, but notes that expert depositions may spill-over into September.*

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designated experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

3

> *Plaintiff (or the party which has the burden of proof on an issue) will designate experts and provide reports by June 30, 2011.*
>
> *Defendants (or the party which does not have the burden of proof on an issue) will designate experts and provide reports by August 15, 2011.*

    G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

> *Plaintiff anticipates taking the deposition(s) of Defendants' experts within sixty (60) days after designation.*

    H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

> *Defendants anticipate taking the deposition(s) of Plaintiff's experts within sixty (60) days after designation.*

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    *See, ¶¶ 10(A), (D) above.*

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    *Defendants have agreed that certain documents produced in prior litigation can be used in this case.*

13. State the date the planned discovery can reasonably be completed.

    *The parties anticipate that discovery can be completed no later than October 14, 2011.*

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    *The parties discussed that a resolution might be possible after the Court rules on preliminary motions and Plaintiff has reviewed the demographic and benefit data regarding the WAP and its participants.*

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    *The parties have agreed to discuss the possibility of settlement in good faith. If the parties believe that there may be a possibility of settlement, they will exchange relevant documents in the course of any resulting settlement discussions.*

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such technique may be effectively used in this case.

    *Mediation after Plaintiff has had adequate time to obtain and analyze participant demographic and benefit data.*

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    *The parties do not consent to a trial before a magistrate judge.*

18. State whether a jury demand has been made and if it was made on time.

    *Not applicable.*

19. Specify the number of hours it will take to present the evidence in this case.

    *The parties anticipate that this case can be tried in forty (40) hours.*

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    *Plaintiff anticipates filing a class certification motion in time to be ruled on at the May 26th conference.*

21. List other motions pending.

    *Defendants' Motion to Dismiss Plaintiff's First Amended Class Action Complaint will be filed on or before May 12, 2011.*

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    *This case will require the parties to gather, organize, and present significant electronic records regarding the participants' demographic and plan account information, and the parties will discuss methods to efficiently accomplish that task.*

23. List the names, bar numbers, addresses and telephone number of all counsel.

| | |
|---|---|
| William G. Whitehill<br>State Bar No. 21356550<br>Gardere Wynne Sewell LLP<br>1601 Elm Street, Suite 3000<br>Dallas, Texas 75201<br>214-999-4633<br><br>COUNSEL FOR PLAINTIFF | Geoffrey H. Bracken<br>State Bar No. 02809750<br>Gardere Wynne Sewell LLP<br>1000 Louisiana, Suite 3400<br>Houston, Texas 77002<br>713-276-5739<br><br>Date: April 21, 2011 |
| Sari M. Alamuddin<br>Illinois State Bar No. 6215689<br>Morgan, Lewis & Bockius LLP<br>77 West Wacker Drive<br>Chicago, Illinois 60601<br>312-324-1140 | Christopher J. Boran<br>Illinois State Bar No. 6282552<br>Morgan, Lewis & Bockius LLP<br>77 West Wacker Drive<br>Chicago, Illinois 60601<br>312-324-1146 |
| Alison J. Gates<br>TX State Bar No. 24055535<br>Morgan, Lewis & Bockius LLP<br>1000 Louisiana, Suite 4200<br>Houston, Texas 77002<br>713-890-5157<br><br>COUNSEL FOR DEFENDANTS | Date: April 21, 2011 |

Respectfully submitted,

*/s/ William G. Whitehill*
William G. Whitehill
Texas State Bar No. 21356550
Joe B. Harrison
Texas State Bar No. 09115500
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Phone: 214.999.4633  Fax: 214.999.3633

OF COUNSEL:

Geoffrey H. Bracken
Texas State Bar No. 02809750
J. Palmer Hutcheson
Texas State Bar No. 10335500
GARDERE WYNNE SEWELL LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007
Phone: 713.276.5739  Fax:  713.276.6739

**ATTORNEYS FOR PLAINTIFF**


*/s/ Christopher J. Boran*
Christopher J. Boran
Illinois State Bar No. 6282552
Sari M. Alamuddin
Illinois State Bar No. 6215689
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, Illinois 60601
Phone: 312.324.1000  Fax:  312.324.1001

Alison J. Gates
Texas State Bar No. 24055535
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana, Suite 4200
Houston, Texas 77002
Phone:  713.890.5157

**ATTORNEYS FOR DEFENDANTS**