UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA TOLBERT, | § § § | |
| Plaintiff | § § | No. 4:11-CV-107 |
| v. | § § | Judge Keith P. Ellison |
| RBC CAPITAL MARKETS CORPORATION n/k/a RBC CAPITAL MARKETS, LLC, ET AL., | § § § § | |
| Defendants. | § § | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND BRIEF IN SUPPORT**

Defendants RBC Capital Markets Corporation, RBC Centura Bank, and RBC U.S. Insurance Services, Inc. (collectively "Defendants") hereby move to dismiss Plaintiff's First Amended Class Action Complaint, with prejudice, under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**NATURE AND STAGE OF PROCEEDINGS**

On January 11, 2011, Plaintiff filed this purported class action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). The Original Class Action Complaint ("Original Complaint") alleged class-wide claims against the following defendants:  (1) RBC Capital Markets Corporation; (2) the Royal Bank of Canada U.S. Wealth Accumulation Plan; (3) RBC Centura Bank; and (4) RBC U.S. Insurance Services, Inc. Asserting claims for benefits under 29 U.S.C. § 1132(a)(1)(B) and breaches of fiduciary duty under §§ 1132(a)(2) and (a)(3), the Original Complaint sought to recover benefits that allegedly were (or may be) improperly denied under the terms of the Royal Back of Canada U.S. Wealth Accumulation Plan ("WAP" or "Plan").  *See* Original Cmpl. ¶¶ 19-26.

On March 21, 2011, Defendants filed a motion to dismiss the Original Complaint on the grounds that Plaintiff admittedly had failed to exhaust the administrative remedies prescribed in Section 7 of the WAP. Defs. MTD, Doc. No. 22. On April 7, 2011, rather than opposing Defendants' motion to dismiss, Plaintiff filed her First Amended Class Action Complaint ("Amended Complaint"). The Amended Complaint no longer names the WAP as a Defendant nor does it specifically bring suit under 29 U.S.C. § 1132(a)(1)(B). However, the claims that remain continue to seek recovery of "all vested accrued WAP benefits" that were (or may be) "forfeited" under the terms of the WAP. Am. Cmpl. ¶ 117; *see also id.* ¶¶ 10(c), 11, 23, 27, 28.

## STATEMENT OF ISSUES TO BE CONSIDERED

1. Whether Plaintiff may avoid the administrative exhaustion requirement that applies to claims for benefits under ERISA by characterizing such claims as claims for breach of fiduciary duty under ERISA Sections 502(a)(2) and (a)(3), 29 U.S.C. § 1132(a)(2) and (a)(3). *See* Standard of Review, *infra*, at 7.

2. Whether Plaintiff's allegations that administrative exhaustion would have been futile set forth a plausible basis for excusing the exhaustion requirement in this case. *See* Standard of Review, *infra*, at 7.

## SUMMARY OF ARGUMENT

Plaintiff's Original Complaint did not attempt to disguise that Plaintiff was bringing a claim for WAP benefits under 29 U.S.C. § 1132(a)(1)(B). Original Cmpl. ¶ 21. It also conceded that Plaintiff had failed to exhaust the WAP's administrative remedies, but sought to excuse that failure on the grounds that exhaustion would have been futile. *See id.* ¶ 19(j). Because the face of the Original Complaint made clear that the futility exception to the exhaustion requirement was inapplicable, Defendants appropriately moved to dismiss the Original Complaint based on

this Circuit's well-settled precedent requiring plaintiffs to exhaust available plan remedies before filing suit to recover allegedly improperly denied benefits. *See, e.g., Denton v. First Nat'l Bank of Waco, Texas*, 765 F.2d 1295, 1300-03 (5th Cir. 1985) (requiring exhaustion as a prerequisite to filing suit for unpaid benefits under ERISA).

Recognizing the dilemma her original pleading had created, Plaintiff did not oppose Defendants' motion to dismiss but instead amended her complaint. The Amended Complaint excises all references to any claim for benefits under 29 U.S.C. § 1132(a)(1)(B) and no longer names the WAP as a defendant. Rather, in a complex effort to try to convince the Court that Plaintiff was never subject to the administrative exhaustion requirement, the Amended Complaint adds nearly 100 additional factual paragraphs as well as 39 substantive footnotes and characterizes her claims solely as claims for breach of fiduciary duty under 29 U.S.C. §§ 1132(a)(2) and (a)(3). Plaintiff's attempt to avoid the administrative exhaustion requirement through artful pleading should be rejected. Her claims remain about one thing and one thing only: the recovery of "vested accrued WAP benefits" that Plaintiff believes were improperly denied her and the putative class members under the terms of the WAP. Am. Cmpl. ¶ 117.

To begin with, the Amended Complaint itself demonstrates that Plaintiff's fiduciary breach claims are really just disguised claims for benefits. No less than a half-dozen of the paragraphs contained in the Amended Complaint make clear that this action arises from and seeks to recover allegedly improperly denied WAP benefits. *See, e.g.,* Am. Cmpl. ¶¶ 10(c), 11, 23, 27, 28 and 117. Indeed, Plaintiff's Motion for Class Certification confirms that through this action Plaintiff seeks "to vigorously pursue *the recovery of the retirement benefits* that should have been paid to her and all of the other WAP participants." Pl. Mot. for Class Cert. at 9 (emphasis added). In short, Plaintiff's own pleadings short-circuit her attempt to "render[] meaningless" the exhaustion requirement "by recharacterizing [her] claims for benefits as claims

for breach of fiduciary duty." *Simmons v. Willcox*, 911 F.2d 1077, 1081 (5th Cir. 1990).

The conclusion that Plaintiff's claims are disguised benefits claims is further underscored by the structure of ERISA's remedial provisions. Because Plaintiff is not seeking to recover any "losses to the plan" arising from fiduciary mismanagement of plan assets, her claims do not involve the type of conduct envisioned by 29 U.S.C. § 1132(a)(2). *See Varity Corp. v. Howe*, 516 U.S. 489, 511 (1996). Moreover, because § 1132(a)(1)(B) specifically provides the relief Plaintiff seeks – recovery of benefits and the clarification of rights to future benefits – relief under § 1132(a)(3) likewise is unavailable. *See id.* at 512 and 515; *see also Rhorer v. Raytheon Eng'rs and Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999).

Finally, Plaintiff's continued assertion that it would have been "futile" to exhaust the WAP's administrative process cannot save her claims. The Fifth Circuit has narrowly limited the futility exception to circumstances in which the plan administrator clearly harbored "hostility or bias" against the claimant. *McGowin v. Manpower Int'l, Inc.*, 363 F.3d 556, 559 (5th Cir. 2004). Because the Amended Complaint's futility allegations fail to identify circumstances that could plausibly satisfy that narrow exception, Plaintiff's claims should be dismissed under Rule 12(b)(6) based on her failure to exhaust the WAP's administrative remedies. *See McGaskey v. Hosp. Housekeeping Sys. of Houston, Inc.*, 942 F. Supp. 1118, 1125-26 (S.D. Tex. 1996); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, the dismissal should be *with prejudice* because the deadline for submitting Plaintiff's claim under the WAP has long since expired. *See* Am. Cmpl. Ex. 1 § 7.3.

### RELEVANT FACTS AND PROCEDURAL HISTORY

**I.  The WAP Provides A Detailed Procedure For Challenging Forfeitures of Company Contributions Or Other Adverse Benefits Determinations.**

Section 7 of the WAP prescribes a specific procedure for WAP participants to challenge

forfeitures of Company Contributions or any other adverse benefits determination. Am. Cmpl. Ex. 1 §§ 7.2-7.5. First, claims must be submitted in writing to the WAP Committee within 90 days. The WAP Committee then has 90 days (or 180 days under special circumstances) to review the claim and provide written or electronic notification as to whether the claimant is entitled to the benefits claimed. *Id.* § 7.3. If the WAP Committee determines that the claimant is not entitled to such benefits, the written or electronic notification must specify: "(a) the reasons for the determination; (b) the Plan provisions on which the determination is based; (c) any additional information needed in connection with the claim and the reason such information is needed; and (d) a description of the Plan's review procedures, including a statement of the Participant's right to bring a civil action under ERISA Section 502(a) following an Adverse Benefit Determination upon appeal." *Id.*

If her initial claim is denied, the claimant then has 60 days to appeal the WAP Committee's determination. *Id.* § 7.4. In connection with the appeal, the claimant may, upon request, "examine pertinent Plan documents, including records and other documentation[.]" *Id.* Within 60 days of the claimant's appeal request (or 120 days under special circumstances) the WAP Committee must render a final decision. If the initial claim denial is affirmed, the final decision must specify the reasons supporting the denial and notify the claimant of her right to bring an action in court under ERISA Section 502. *Id.*

**II.    Plaintiff Failed To Exhaust The WAP's Administrative Remedies.**

Plaintiff's employment at RBC was terminated on August 6, 2009. Am. Cmpl. pp. 27-28 n.39. Because her termination was "for Cause," under Section 4.3 of the WAP, she automatically forfeited all Company Contributions that otherwise would have been paid under the terms of the WAP. *See* Am. Cmpl. ¶¶ 27-29 and Am. Cmpl., Ex. 1 § 4.3. Although the Amended Complaint denies at length that Plaintiff's termination was "for Cause," *see* Am.

Cmpl. ¶ 29 and pp. 27-28 n.39, it readily acknowledges that Plaintiff never submitted a claim challenging either her termination or the Plan's top hat status as required under Section 7 of the WAP. Specifically, the Amended Complaint picks up where the Original Complaint left off by continuing to argue that "it would [have been] futile and a waste of time and resources for [Plaintiff] to pursue any remedies against the Plan itself" and that Defendants have rejected similar claims on "two prior occasions." ¶¶ 110 and 113.

### III. Plaintiff's Amended Complaint, Like The Original Complaint, Seeks To Recover Benefits That Allegedly Were Improperly Denied Under The WAP.

The Original Complaint ¶¶ 22, 23, 25 and 26 set forth the following six claims:

- "Claim to Recover Benefits Due Because the WAP is Not a Top Hat Plan" under 29 U.S.C. § 1132(a)(1)(B);

- "Claim for Declaratory Judgment" regarding the putative class members' "current and future *rights and benefits under the WAP*";

- "Claim for Breach of Fiduciary Duty" under § 1132(a)(2) arising from the WAP fiduciaries' alleged failure to "cause the WAP to pay all *benefits* to which Plaintiff and the Plaintiff class are entitled *pursuant to its terms* . . . [and] federal law";

- "Claim Under ERISA for Benefits Due";

- "Claim for Equitable Relief" for fiduciary breaches under § 1132(a)(3), which sought an injunction to prohibit Defendants from "violating in the future any provision of ERISA or *the terms of the WAP*"; and

- "Claim for Attorneys' Fees" relating to their attorneys prosecuting "*this action to recover and enforce the accrued retirement benefits due* under the WAP[.]"

The Amended Complaint carefully omits the first and fourth claims above, as well as the italicized language from the remaining four claims. However, it continues to seek to recover, on behalf of the putative class, "all vested accrued WAP benefits" which allegedly were (or may be) improperly denied under the terms of the WAP. Am. Cmpl. ¶ 117. The Amended Complaint also seeks an award of attorneys' fees and a declaration that the WAP is not a "top hat" plan under ERISA. *Id.* ¶¶ 115 and 121.

## ARGUMENT

I.   **Standard Of Review.**

A complaint should be dismissed under Rule 12(b)(6) when it fails to "state a claim upon which relief can be granted." *Id.* To survive dismissal, the complaint must offer "more than labels and conclusions[] and a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555. Rather, the complaint must present enough factual matter "to raise a right to relief that is plausible on its face." *Id.* at 562-63, 570. While a district court must accept all well-pleaded factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 129 S. Ct. at 1951 (allegations that defendant "knew of, condoned, and willfully and maliciously agreed to subject [him]" to discrimination "as a matter of policy," were "conclusory and not entitled to be assumed true"). Moreover, a district court may properly grant dismissal based on an affirmative defense when the "plaintiff has alleged facts plainly indicating that [the] affirmative defense does apply." *Am. Surgical Assts. Inc. v. Great W. Healthcare of Tex., Inc.*, 2010 WL 565283, at *2 (S.D. Tex. Feb. 17, 2010).

II.   **The Amended Complaint Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted.**

   A.   **Plaintiff Was Required To Exhaust The WAP's Administrative Process.**

Section 503 of ERISA, 29 U.S.C. § 1133, requires employee benefit plans to prescribe procedures through which participants can submit and appeal claims for benefits. *See* 29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1(e)-(j). The Fifth Circuit therefore requires that, before a plaintiff may sue a current or former employer to recover benefits under ERISA, she must first exhaust the administrative remedies provided in the applicable plan document. *See, e.g., Harris v. Trustmark Nat'l Bank*, 287 Fed. Appx. 283, 293-95 (5th Cir. 2008) (affirming dismissal based on class representatives' failures to exhaust administrative remedies); *Simmons*, 911 F.2d at 1081

(affirming dismissal of benefits and fiduciary breach claims based on exhaustion requirement).

The exhaustion requirement serves several important purposes: to "(1) uphold Congress' desire that ERISA trustees be responsible for their actions, not the federal courts; (2) provide a sufficiently clear record of administrative action if litigation should ensue; and (3) assure that judicial review of fiduciary action (or inaction) is made under the arbitrary and capricious standard, not *de novo*." *Denton*, 765 F.2d at 1300; *Harrow v. Prudential Ins. Co. of America*, 279 F.3d 244, 249 (3d Cir. 2002) ("Courts require exhaustion of administrative remedies 'to help reduce the number of frivolous lawsuits under ERISA; to promote consistent treatment of claims for benefits; to provide a nonadversarial method of claims settlement; and to minimize the costs of claims settlement for all concerned.'"). In short, the exhaustion requirement is designed "to keep from turning every ERISA action, literally, into a federal case." *Denton*, 765 F.2d at 1300.

Seeking to avoid the exhaustion requirement (because she has blown the deadline for submitting a claim under the WAP), Plaintiff has characterized her claims in the Amended Complaint solely as claims for fiduciary breach under 29 U.S.C. §§ 1132(a)(2)-(3). Am. Cmpl. ¶¶ 117 and 120. Her transparent attempt to avoid the exhaustion requirement should be rejected.

To be sure, fiduciary breach claims generally are not subject to the exhaustion requirement. But that is true only where the claim at issue is *independent* of a claim for benefits and does "not seek the distribution of any benefits[.]" *Compare Milofsky v. Am. Airlines, Inc.*, 442 F.3d 311, 313 (5th Cir. 2006) (en banc) *with Radford v. Gen'l Dynamics Corp.*, 151 F.3d 396, 400 (5th Cir. 1998) (assuming without deciding that the exhaustion would apply to fiduciary breach claims seeking the recovery of plan benefits) *and Harrow*, 279 F.3d at 253 ("When the facts alleged do not present a breach of fiduciary duty claim that is independent of a claim for benefits, the exhaustion requirement still applies."). Thus, when a fiduciary breach claim is really just an effort to recover plan benefits, it is subject to the administrative exhaustion rule.

*See, e.g., McGowin*, 363 F.3d at 559-60 (holding that fraud claim was properly dismissed for failure to exhaust, because the claim sought to recover plan benefits); *Simmons*, 911 F.2d at 1081 (holding that the "district court was correct in subjecting [plaintiff's] breach of fiduciary duty claims to the exhaustion requirement"); *Teitel v. Deloitte & Touche Pension Plan*, 2011 WL 1592026, at *1 (2d. Cir. Apr. 28, 2011) (affirming Rule 12 dismissal with prejudice based on plaintiff's failure to exhaust); *McGaskey*, 942 F. Supp. at 1126 (granting Rule 12 dismissal based on failure to exhaust).[1] That is the case here.

First, Plaintiff's own pleadings "demonstrate that [her] claim[s] are actually premised on the plan administrators' failure to furnish" certain benefits under the WAP. *Harrow*, 279 F.3d at 254. No less than a half-dozen paragraphs in the Amended Complaint expressly state that this case is being brought to recover WAP benefits. *See, e.g.,* Am. Cmpl. ¶¶ 10(c), 11, 23, 27, 28 and 117. Indeed, the Amended Complaint readily acknowledges that the so-called "equitable relief" Plaintiff seeks to recover is the payment of allegedly "vested accrued WAP benefits." *Id.* ¶ 117.[2] Moreover, Plaintiff's Motion for Class certification specifically states that she seeks "to vigorously pursue *the recovery of the retirement benefits* that should have been paid to her and all of the other WAP participants." Pl. Mot. for Class Cert. at 9 (emphasis added).

---

[1] The Amended Complaint here is distinguishable from the one in *North Cyp. Med. Cntr. Op. Co.*, 2011 WL 819490 (S.D. Tex. Mar. 2, 2011) (Ellison, J.). There, the Court declined to dismiss the complaint based on the exhaustion defense, but noted that it may reach a different conclusion where "the plaintiff has alleged facts plainly indicating that an affirmative defense does apply[.]" *Id.* at *7. That is precisely what the Amended Complaint does here. Indeed, the entire pleading is designed to avoid the exhaustion defense and even seeks to invoke the futility exception to the exhaustion requirement, *see* Am. Cmpl. ¶¶ 110, 113.

[2] The Amended Complaint (¶ 8) even alleges the four year limitations period governing benefits claims in Texas, *see Deluna v. Chambles*, 40 F.3d 386 (5th Cir. 1994), as opposed to the three year limitations period governing fiduciary breach claims under 29 U.S.C. §§ 1132(a)(2)-(3), *see Radford*, 151 F.3d at 399.

Second, the Amended Complaint is devoid of any facts alleging a fiduciary breach that is *independent* of the denial of WAP benefits. The absence of such allegations makes Plaintiff's claims fundamentally distinguishable from those cases in which courts have concluded that fiduciary breach claims are not disguised benefits claims. For example, in *Milofsky*, 442 F.3d at 313, the Fifth Circuit held that fiduciary breach claims were independent of any claim for benefits because plaintiffs did "not seek the distribution of any [plan] benefits[,]" but instead sought to recover plan losses resulting from defendants' alleged "failu[ure] to effectuate a timely transfer of plaintiffs' account balances from" one plan to another. *Id.* 312-13. In reaching this conclusion, the court relied on *Smith v. Syndor*, 184 F.3d 356, 361, 365 (4th Cir. 1999), in which the Fourth Circuit recognized that administrative exhaustion is required "where the basis of the claim is a plan administrator's denial of benefits or an action by the defendant closely related to [a] claim for benefits," but found that plaintiffs' claims were not subject to exhaustion because they sought to recover plan losses (not unpaid benefits) arising from the fiduciaries' mismanagement of plan assets, including "selling preferred stock at a grossly undervalued price and engaging in self-dealing." *Id.* at 362-63.

Unlike *Milofsky* and *Smith*, Plaintiff's claims do not allege any specific conduct that stands alone as a fiduciary breach, such that the claims can be deemed distinct from a claim "for denial of benefits or an action related to a denial of benefits." *Id.* To the contrary, Plaintiff's fiduciary breach claims specifically seek to recover WAP benefits she claims she was improperly denied. Am. Cmpl. ¶ 117. "The exhaustion requirement would be rendered meaningless" if Plaintiff were able to avoid it "simply by recharacterizing claims for benefits as claims for breach of fiduciary duty." *Simmons*, 911 F.2d at 1081; *see also McGaskey*, 942 F. Supp. at 1126 (dismissing fiduciary breach claim based on the reasoning in *Simmons*); *Smith*, 184 F.3d 362 ("[T]o permit the suit to proceed as a breach of fiduciary duty action would encourage parties to

avoid the implications of section [§ 1132(a)(1)(B)] by artful pleading; indeed *every* wrongful denial of benefits could be characterized as a breach of fiduciary duty[.]").

That Plaintiff's claims are merely disguised benefits claims is underscored by the structure of the remedial provisions prescribed in ERISA Section 502(a), 29 U.S.C. § 1132(a).[3] In *Varity Corp.*, 516 U.S. at 507-15, the Supreme Court explained the types of fiduciary breach claims that may be invoked under §§ 1132(a)(2) and (a)(3). First, because § 1132(a)(2) cross-references the relief available under § 1109(a), the type of fiduciary breach claims properly arising under § 1132(a)(2) are those predicated on the mismanagement of plan assets. *See id*. at 511. In contrast, § 1132(a)(3) serves as a "catch all" by "offering appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy." *Id.* at 512 and 515 (explaining that when § 1132(a)(1)(B) provides relief "for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate,'" under § 1132(a)(3)).

Under *Varity*, Plaintiff's fiduciary breach claims cannot properly be characterized as arising under either §§ 1132(a)(2) or (a)(3). Plaintiff's claims do not arise under § 1132(a)(2) because she does not seek to recover "losses to the plan" resulting from any mismanagement of

---

[3] Sections 1132(a)(1)(B), (a)(2) and (a)(3) provide as follows:

- § 1132(a)(1)(B) allows "participants or beneficiaries" to bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]"

- § 1132(a)(2) allows the Secretary of Labor, a participant, a beneficiary or a fiduciary to bring an action "for appropriate relief under [29 U.S.C. §] 1109," which in turn provides that "[a]ny person who is a fiduciary with respect to a plan who breaches any of the . . . duties imposed upon fiduciaries by [ERISA] shall be personally liable to make good to such plan any losses to the plan resulting from each such breach. . . ."

- § 1132(a)(3) allows claims by a "participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of this subchapter or the terms of the plan[.]"

plan assets. Nor do Plaintiff's claims fall under § 1132(a)(3), because the relief Plaintiff seeks to recover – allegedly "vested accrued WAP benefits," Am. Cmpl. ¶ 117 – is available under § 1132(a)(1)(B). *See Varity*, 516 U.S. at 512 ("[§ 1132(a)(1)(B)] specifically provides a remedy for [alleged] breaches of fiduciary duty with respect to the . . . payment of claims"). "Accordingly, because § 1132(a)(1)(B) affords [Plaintiff] an avenue for legal redress, she may not simultaneously maintain her claim for breach of fiduciary duty." *Rhorer*, 181 F.3d at 639; *see also Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) (when a plaintiff "has adequate relief available for the alleged improper denial of benefits through his right to sue [the plan administrator] directly under §1132(a)(1)," then "relief through the application of 1132(a)(3) would be inappropriate"); *Korotynska v. Met. Life Ins. Co.*, 474 F.3d 101, 107 (4th Cir. 2006) ("[T]he great majority of circuit courts have interpreted *Varity* to hold that a claimant whose injury creates a cause of action under § 1132(a)(1)(B) may not proceed with a claim under § 1132(a)(3)."); *Rosenblatt v. United Way of Greater Houston*, 590 F. Supp. 2d 863, 876 (S.D. Tex. 2008) (rejecting § 1132(a)(2) claim because plaintiff did not allege "that his benefits have been impaired in any manner by defendants" but rather sought a "determination of his benefits").

In sum, Plaintiff's pleadings, the policies underlying the administrative exhaustion rule, and the structure of ERISA's remedial provisions demonstrate that her claims are fundamentally claims for unpaid benefits and thus are subject to the exhaustion requirement. *See, e.g., McGowin*, 363 F.3d at 559-60; *Simmons*, 911 F.2d at 1081; *McGaskey*, 942 F. Supp. at 1126.

> **B.    The Amended Complaint Demonstrates That There Is No Plausible Basis Upon Which To Excuse Plaintiff's Admitted Failure To Exhaust The WAP's Administrative Process.**

The Amended Complaint acknowledges that Plaintiff never attempted to exhaust the administrative remedies that were available to her under the WAP, and instead asserts that exhaustion would have been "futile and a waste of time[.]" Am. Cmpl. ¶ 110. However, the

allegations the Amended Complaint offers to justify the futility exception are nowhere near sufficient to plausibly establish the applicability of that exception. *See Iqbal*, 129 S. Ct. at 1951; *see also Am. Surgical Assts., Inc.*, 2010 WL 565283, at *2 (a Rule 12 dismissal based on an affirmative defense is appropriate "if the plaintiff has alleged facts plainly indicating that an affirmative defense does apply"); *Teitel*, 2011 WL 1592026, at *1 (affirming Rule 12 dismissal based on plaintiff's failure to exhaust administrative remedies available under the plan).

The Fifth Circuit has narrowly limited the futility exception to circumstances in which the plan administrator harbors hostility or bias against the claimant. *See, e.g., Denton*, 765 F.2d at 1303; *McGowin*, 363 F.3d at 559 ("A failure to show hostility or bias on the part of the administrative review committee is fatal to a claim of futility."). Here, the Amended Complaint does not allege that the WAP Committee, who is responsible for reviewing administrative claims, harbored any hostility or bias against her. Instead, it alleges (1) that seeking relief under the Plan "would be futile and a waste of time" because the WAP is unfunded, Am. Cmpl. ¶ 110, and (2) that on "two prior occasions" Defendants have denied similar claims, *id*. ¶ 113.[4]

These allegations are plainly insufficient to establish a plausible basis for applying the futility exception. Plaintiff's suggestion that the unfunded nature of the WAP makes exhaustion futile proves too much. If she were correct, then exhaustion would *always* be futile for top hat participants because such plans are, by definition, unfunded. *Reliable Home Health Care, Inc. v. Union Cent. Ins. Co.*, 295 F.3d 505, 512-13 (5th Cir. 2002). Cases applying the exhaustion requirement to claims directed at top hat plans, *see, e.g., Crowell v. Shell Oil Co.*, 481 F. Supp. 2d 797, 805 (S.D. Tex. 2007), demonstrate that Plaintiff's first futility allegation is a non-starter.

---

[4] The "two prior occasions" include another case Plaintiff's attorney filed and then settled last year on behalf of Lewis Brazelton and another lawsuit that settled in the Central District of California. *See* Pl. Mot. for Class Cert. at 13 (identifying *Brazelton* and *Benhayon* matters); *see also* Original Cmpl. ¶ 19(j) (alleging that Brazelton's claim justified the futility exception).

Likewise, courts have uniformly rejected Plaintiff's alternative attempt to avoid exhaustion by pointing to past denials of similar claims. *See, e.g., Teitel*, 2011 WL 1592026, at *1 (affirming Rule 12 dismissal with prejudice and finding that "defendants' rejection of similar [benefits] claims made by two other individuals does not . . . show that it would have been futile for [plaintiff] to pursue his own claims"); *Harris*, 287 Fed. Appx. at 293-95 (same); *Gosselink v. AT&T, Inc.*, 1999 WL 33737340, at **5-6 (S.D. Tex. Aug. 9, 1999) (same); *Brown v. Star Enterp.*, 1996 WL 450694, at **4-5 (E.D. Tex. Jly. 15, 1996) (same). Moreover, Plaintiff's reliance on the denial of the claim brought by her former boss, Lewis Brazelton, *see supra* at 13 n.4, is particularly unpersuasive because her claim arose well *before* Brazelton's did. *Compare* Am. Cmpl. p. 27 n.39 (noting that Plaintiff was terminated effective August 6, 2009) *with* Complaint filed in *Brazelton v. RBC Capital Markets Corp., et al.*, No. 4:10-CV-320 (S.D. Tex.), attached hereto as Exhibit A, at ¶ 6 (alleging that Brazelton resigned on August 26, 2009 and that his claim was denied thereafter).[5]

In sum, because Plaintiff's own allegations demonstrate that she has no plausible basis for excusing her acknowledged failure to exhaust the WAP's administrative remedies, the Court should dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. Furthermore, because the deadline for submitting her claims under the WAP has long since expired, Plaintiff's claims should be dismissed *with prejudice* because her failure to exhaust those remedies is incurable. *See, e.g., Gayle v. UPS, Inc.*, 401 F.3d 222, 230 (4th Cir. 2005) (holding that because "the Plan's appeal process ha[d] expired . . . dismissal with prejudice

---

[5] If anything, Brazelton's claim undermines Plaintiff's position in this case, because he (through his attorneys) appropriately pursued his contention that the WAP failed to satisfy ERISA's top hat exemptions through the Plan's administrative process. *See* Exhibit A ¶ 6(o). Thus, Brazelton correctly understood, contrary to the allegations here, that his top hat claim was one for benefits to which the exhaustion requirement fully applied.

[was] required"); *Thomas v. Wells Fargo Ins. Servs. of W.V., Inc.*, 2010 WL 3702666, at *13 (S.D. W.Va. Sept. 14, 2010) (dismissing complaint *with prejudice* because "the 90 day period for filing a claim [under the plan's administrative procedures] ha[d] long since passed").

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully submit that Plaintiff's Amended Class Action Complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

Respectfully submitted,

RBC Capital Markets Corporation; RBC Capital Markets, LLC; RBC Centura Bank; and RBC U.S. Insurance Services, Inc.

by: s/ Christopher J. Boran

Sari M. Alamuddin (*admitted pro hac vice*)
Ill. State Bar No. 6215689
Christopher J. Boran (*admitted pro hac vice*)
Ill. State Bar No. 6282552
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, Illinois 60601
312.324.1000 (Telephone)
312.323.1001 (Facsimile)

Alison J. Gates
TX State Bar No.24055535
Federal ID No. 706309
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana, Suite 4200
Houston, Texas 77002
713.890.5157 (Telephone)
713.890.5001 (Facsimile)

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Motion to Dismiss Plaintiff's Amended Class Action Complaint and Brief in Support has been sent to counsel of record through the Court's CM/ECF system and by U.S. mail, return receipt requested, this 12th day of May, 2011, as follows:

Mr. Geoffrey H. Bracken
Gardere Wynne Sewell LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007

Mr. William G. Whitehill
Mr. Joe B. Harrison
1601 Elm Street, Suite 3000
Dallas, Texas 75201

s/ Christopher J. Boran