IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA TOLBERT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-CV-00107 |
| | § | |
| RBC CAPITAL MARKETS CORPORATION N/K/A RBC CAPITAL MARKETS, LLC; RBC CENTURA BANK N/K/A RBC BANK (USA); RBC U. S. INSURANCE SERVICES, INC.; | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S REPLY REGARDING HER MOTION FOR CLASS CERTIFICATION AND SUPPORTING BRIEF**

Respectfully submitted,


*/s/ William G. Whitehill*
William G. Whitehill
State Bar No. 21356550
Joe B. Harrison
State Bar No. 09115500
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Telephone: 214.999.4633
Facsimile: 214.999.3633

ATTORNEY-IN-CHARGE FOR
PLAINTIFF, BRENDA TOLBERT

OF COUNSEL:

Geoffrey H. Bracken
State Bar No. 02809750
J. Palmer Hutcheson
State Bar No. 10335500
GARDERE WYNNE SEWELL LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007
Telephone: 713.276.5739
Facsimile: 713.276.6739

# TABLE OF CONTENTS

I. In Sum ..... 1

II. Evidentiary Support ..... 2

III. Argument And Authorities ..... 2

A. Introduction. ..... 2

B. Defendants' Exhaustion Defense Is Meritless. ..... 2

C. There Is Only One WAP And Tolbert Is Still A "Participant" In It. ..... 3

1. Introduction. ..... 3

2. Former employees who have colorable claims under ERISA have standing. ..... 3

3. Defendants concede that Tolbert is still a WAP participant. ..... 4

4. Defendants falsely claim that the WAP was terminated and a new WAP created in its place. ..... 5

5. Defendants acknowledged Tolbert's continued status as a protected WAP participant after they changed the eligibility standards. ..... 6

6. Defendants' standing cases are inapplicable. ..... 7

D. Tolbert Has No Conflicts With The Other Class Members. ..... 8

E. The Class Definition Should Be Revised But Not As Defendants Suggest. ..... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Christopher v. Mobil Oil Corp.*,
950 F.2d 1209 (5th Cir. 1992) ....................4

*Coriale v. Xerox Corp.*,
2001 WL 1327858 (W.D.N.Y. Apr. 6, 2011) ....................7

*Dasler v. E.F. Hutton & Co.*,
694 F.Supp. 624 (D. Minn. 1988) ....................10

*Fallick v. Nationwide Mut. Ins. Co.*,
162 F.3d 410 (6th Cir.1998) ....................7

*Fink v. National Savings and Trust Co.*,
772 F.2d 951 (D.C. Cir. 1985) ....................10

*Forbush v. J.C. Penney Co.*,
994 F.2d 1101 (5th Cir.1993) ....................7

*Hastings v. Wilson*,
516 F.3d 1055 (8th Cir. 2008) ....................7

*In re ING Groep, N.V. ERISA Litigation*,
749 F.Supp.2d 1338 (N.D. Ga. 2010) ....................7

*Jackson v. Sears, Roebuck & Co.*,
648 F.2d 225 (5th Cir. 1981) ....................7

*Phillips Petroleum co. v. Shutts*,
472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985) ....................11

*Sun Oil Co. v. Wortman*,
486 U.S. 717, 108 S.Ct. 2117, 100 L.Ed.2d 754 (1988) ....................11

*Varity v. Howe*,
516 U.S. 489 (1996) ....................4, 8

*Wolf v. Coca Cola Co.*,
200 F.3d 1337 (11th Cir. 200) ....................7

**STATUTES**

29 U.S.C. § 1002(7) .......... 4

29 U.S.C. §§ 1023 and 1024 .......... 10

29 U.S.C. § 1113 .......... 9

29 U.S.C. § 1132 .......... 4, 9

## I. In Sum

Defendants concede Tolbert's class certification motion, except for their belief that Tolbert is not an adequate representative because (1) her claims are allegedly barred by an exhaustion of remedies affirmative defense and (2) she purportedly lacks standing to assert claims regarding 2009 and later and thus is in conflict with WAP participants in those years because she was not a top hat qualified person no later than January 1, 2009. They also suggest a modified class definition.

Defendants' exhaustion argument adopts its motion to dismiss [Dkt. #37][1] and fails for the same reasons as does that motion. Additionally, the fact that any class member—even one who has never asserted a claim for benefits—could assert the same top hat claim and seek nearly identical equitable relief as does Tolbert further proves the fallacy of their argument.

Defendants' standing-conflict argument rests upon the false premise that there were legally separate plans before and after 2009 and that Tolbert is not a participant in the allegedly new 2009 and later plans. Their argument fails because:

(1) They admit that she has standing to pursue claims for plan years 2008 and earlier and thus admit that she has a colorable claim as an ERISA plan participant for at least those years;

(2) Their argument rests solely on the demonstrably false premise that there are separate plans for 2008 and earlier and 2009 and later; and

(3) Defendants have recognized her continuing status as a participant after 2008.

Tolbert does not object to re-defining the class, but not necessarily as Defendants suggest.

[1] Plaintiff has filed her response [Dkt. #41], which is, pursuant to Fed. R. Civ. P. 10(c), adopted and incorporated herein by reference.

## II. Evidentiary Support

Tolbert incorporates the accompanying Appendix To Plaintiff's Reply Regarding Her Motion For Class Certification ("Reply App."), which addresses Defendants' arguments first raised in their Brief In Opposition To Plaintiff's Motion For Class Certification ("Defs.' Opp.") [Dkt. #45].

## III. Argument And Authorities

### A. Introduction.

By emphasizing the dramatic changes they made to the WAP's eligibility standards beginning in 2009 , Defendants' response borders on conceding that the WAP was not, and thus is not, a valid top hat plan. Defendants also concede by silence that Plaintiffs' claims are properly certifiable with Tolbert as the representative for at least 2008 and earlier. Thus, their class certification challenge rests on the same exhaustion defense that Tolbert refuted in her response to Defendants' motion to dismiss and their demonstrably wrong notion that they terminated the WAP after 2008 and created a new plan for 2009 and later. As discussed below, both of Defendants' arguments lack merit.

### B. Defendants' Exhaustion Defense Is Meritless.

Defendants' argument that Tolbert is not an adequate representative because she allegedly failed to exhaust her administrative remedies (Defs.' Class Opp. 6-8) repeats the same deficient arguments that Defendants urged in their motion to dismiss and should be rejected for the same reasons stated in Tolbert's response thereto.

The exhaustion defense also fails because any WAP participant could seek a declaration that the WAP is not a valid top hat plan and could ask the Court to order Defendants to secure their ERISA rights just as Tolbert has done regardless of whether that participant ever asserted a claim for benefits under the plan. That is, there is ***no*** requirement that the participant have had

any benefits denied or to have made an administrative claim in order to have the ability to assert these claims. Because there is no such prerequisite to these claims, there was no need to exhaust administrative remedies to assert these claims. As discussed below, this fact shows that Tolbert's claims are virtually identical to, and thus not in conflict with, the other WAP participants' similar claims.

## C. There Is Only One WAP And Tolbert Is Still A "Participant" In It.

### 1. Introduction.

Although Defendants fired Tolbert in August 2009 and illegally forfeited her vested accrued benefits in June 2010, they claim she lacks standing to represent participants who continued their employment after 2008 because she was not eligible to participate in "the 2009 WAP, nor would she have been eligible to participate in subsequent years." Defs.' Opp. 9-10. Their argument fails because (1) they admit she, at a minimum, has standing to assert claims for 2008 and earlier; (2) it rests on the false notion that there are legally separate WAP plans for 2008 and earlier and 2009 and later; (3) they have expressly recognized her continuing interest in the WAP after 2008; and (4) their standing cases involve instances, unlike hers, where the plaintiffs never participated in the plan at issue and thus did not have any continuing rights related to that plan.

### 2. Former employees who have colorable claims under ERISA have standing.

As a matter of law, Tolbert continues to be a WAP "participant" under ERISA because she is a former employee, she was an active WAP participant before her separation, and she has continuing rights regarding her vested accrued WAP benefits such that, when she prevails in this case, Defendants will be required to remedy their ERISA violations that infringed on her ERISA rights. Simply put, she has more than a colorable claim that Defendants violated her ERISA protected rights related to her participation in the WAP.

According to the Fifth Circuit:

> ERISA grants standing to a 'participant' to bring a civil action to enforce his rights under the terms of a plan or to enforce the provisions of ERISA. ERISA § 502, 29 U.S.C. 1132.

*Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1220 (5th Cir. 1992). Specifically, §§ 1132(a)(2) and (a)(3) provide that a "participant" has the right to sue for appropriate relief provided for in those sections. 29 U.S.C. §§ 1132 (a)(2), (a)(3). ERISA defines a "participant" as

> Any employee or former employee of an employer…who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer…

29 U.S.C. § 1002(7). As a matter of statutory construction, persons are not required to recover benefits due under a plan's terms to be a "participant," because that relief is not available under §§ 1132 (a)(2) and (a)(3), yet participants are entitled to sue for relief under those sections.

The Supreme Court made this point plain in *Varity v. Howe*, 516 U.S. 489 (1996) where the plaintiffs were fraudulently induced to change their employment to a new company and to withdraw from their former employer's welfare plan. When their new employer failed and their new plan could not provide the promised benefits, the former employees sued to be reinstated to their former plan. The court held that § 1132(a)(3) gave them that right. 516 U.S. at 515.

**3. Defendants concede that Tolbert is still a WAP participant.**

Although Tolbert is a former employee, Defendants concede that she is still a "participant" for at least 2008 and earlier. That is (subject to their alleged exhaustion defense), by not challenging her standing for 2008 and earlier, they admit that she has a colorable claim to recover relief based on Defendants' ERISA violations. *See Christopher*, 950 F.2d at 1220-21. Their concession is proper because the end result of her declaratory judgment and appropriate

equitable relief claims will be the protection of her ERISA rights and the restoration of her illegally forfeited vested accrued pension benefit.

Even after Defendants declared Tolbert ineligible to make future contributions, she still had and has her ERISA rights regarding her existing vested accrued contributions at issue here. Among those rights were the right to protect those sums by having the WAP declared to be an invalid top hat plan and by having this Court order Defendants to secure her vested accrued benefits. That Defendants fired her does not deprive her of those rights. Otherwise, unscrupulous employers could fire employees, forfeit their vested accrued benefits, and then the former employees would have no recourse. ERISA does not permit that result.

Faced with the inescapable reality that Tolbert is still a WAP participant and entitled to ERISA protections, Defendants try to minimize those results by falsely arguing that there are legally two different WAPs and that she is a participant in only one of them. As discussed below, the facts defeat their argument.

**4. Defendants falsely claim that the WAP was terminated and a new WAP created in its place.**

Defendants' own documents prove that their claim that the so-called "2009 WAP" is a separate and distinct plan from the 2008 and earlier plans and that Tolbert is not a participant in the "new" plan (Defs.' Opp. 9) is demonstrably false. A copy of their current plan document, produced to Tolbert on the same day Defendants filed their opposition to the class motion, states on its face that there is only one WAP plan that, although amended, still exists:

> The Plan was formerly known as the RBC Dain Rauscher Wealth Accumulation Plan, was amended and restated effective for the plan year beginning on January 1, 2005, was further amended and restated effective for the plan year beginning on January 1, 2007, was further amended and restated effective for the plan year beginning on January 1, 2008, was further amended and restated effective for the plan year beginning on January 1, 2010 **and is hereby amended and restated effective for the Plan Year**

> **beginning on January 1, 2011.** This Plan restatement supersedes all prior versions of the Plan and any deferrals or contributions made pursuant to a prior version of the Plan will be governed by this Plan.

Reply App., Ex. 2 at Section 1.1 [TOLBERT 0000614] (emphasis original).

There is no evidence that Defendants ever terminated the WAP and started fresh with an entirely new plan, as they should have done when they realized that they had blown the top hat status. The fact that parts of a plan are amended does not make it a new plan, it is merely the same plan with amendments. As the above quoted language unambiguously shows, the idea that there are separate WAP plans for 2008 and earlier and for 2009 and later is pure fiction.

Although Defendants changed eligibility criteria as of January 1, 2009, they did not amend the WAP document at that time. Thus, changes to eligibility requirements could not have created a new plan. Rather, there is merely an existing plan with modified eligibility criteria.

**5. Defendants acknowledged Tolbert's continued status as a protected WAP participant after they changed the eligibility standards.**

Tolbert continued to contribute to the WAP in the first quarter of 2009, and Defendants continued to accept her contributions, thereby negating their premise that she did not participate in the WAP in 2009. Reply App., Ex. 1.

Moreover, consistent with the WAP's continuing existence in 2009 and later, Defendants told Tolbert and the hundreds of other persons like her that Defendants would continue to honor their obligations to her and them regarding their prior account balances. Reply App., Ex. 1. According to their written notice at the time, if Defendants had not fired Tolbert, they would not have (illegally) forfeited her benefits and they would not be arguing that she is no longer a participant. That they fired her and forfeited her vested accrued employer contributions does not change that result, because she is still a participant under ERISA. There is also no hint in this written notice that Defendants had allegedly terminated the WAP and created a whole new plan

or that she and those like her would not still be participants within the meaning of ERISA. Rather, their public statement then was consistent with their public statement now—there is and has been only one WAP.

**6. Defendants' standing cases are inapplicable.**

Defendants' cases cited on page 9 of their opposition are inapplicable because they are cases where the plaintiff had never been a participant in the plan at issue. *See Jackson v. Sears, Roebuck & Co.,* 648 F.2d 225, 227-29 (5th Cir. 1981)(plaintiff not a participant in a plan in which she would have been eligible to participate had she not been fired before meeting the eligibility standards);[2] *Hastings v. Wilson,* 516 F.3d 1055, 1060-61 (8th Cir. 2008)(plaintiffs lacked standing regarding second plan because they lacked standing regarding the first plan on which their standing claim was based);[3] *Wolf v. Coca Cola Co.,* 200 F.3d 1337, 1340-42 (11th Cir. 200)(plaintiff not a participant in the plan at issue because plan's terms expressly excluded her from participating in the plan); *Coriale v. Xerox Corp.,* 2001 WL 1327858, at *3-4 (W.D.N.Y. Apr. 6, 2011) (persons who were never participants in the plan at issue lack standing); *In re ING Groep, N.V. ERISA Litigation,* 749 F.Supp.2d 1338 (N.D. Ga. 2010)(same).

Unlike these plaintiffs, Tolbert actively participated in the WAP and continues to have more than merely colorable ERISA rights related to the WAP.

---

[2] *Jackson* is inapplicable because that plaintiff had no prospect of future rights regarding the plan at issue because she had never been a participant in that plan before her discharge and thus had no standing. *See* 648 F.2d at 228-29.

[3] Defendants misconstrue *Hastings* by stating that it holds that, "plaintiff in one plan lacked standing to bring claims based on terms of another plan." *Defs.'* Opp. 9. That court actually held that it need not decide whether "an individual in one ERISA benefit plan can represent a class of participants in numerous [ERISA benefit] plans other than his own, if the gravamen of the plaintiff's challenge is to the general practices which affect all of the plans" as other courts had held, quoting *Fallick v. Nationwide Mut. Ins. Co.,* 162 F.3d 410, 422 (6th Cir.1998); accord *Forbush v. J.C. Penney Co.,* 994 F.2d 1101, 1105-06 (5th Cir.1993), because the plaintiffs lacked standing to assert claims regarding the first plan. 516 F.3d at 1061. Indeed, in *Forbush*, the Fifth Circuit held that a participant in one plan can assert class claims on behalf of participants in other plans where there are common issues affecting all of the separate plans. 994 F.2d at 1106. Here, the uniform treatment that Tolbert seeks is to have the WAP declared an invalid top hat plan and to have the Court order Defendants to comply with ERISA.

### D. Tolbert Has No Conflicts With The Other Class Members.

Defendants' claim that there are actual conflicts between Tolbert and "Class Members who participated in the 2009-2011 WAPs" fails for numerous reasons, not the least of which is that Defendants never explain exactly what the alleged conflict is. *See* Defs.' Opp. 10-12. Although Defendants claim that she is pursuing her claims at the expense of class members who meet Defendants' new eligibility standards, they fail to explain how that is so. The fact that Defendants do not deny their prior admission that if they were to lose this case, they will in fact treat all class members exactly the same by terminating the WAP and distributing to the participants the cash equivalent of their vested accrued benefits, undercuts this recently raised argument and defeats their notion that there is a conflict. *See* Plaintiff's Motion for Class Certification at 8 and the corresponding Pl. App., Ex. 5.

Also, Defendants' argument assumes that there are separate WAP plans for 2008 and earlier and 2009 and later. That argument fails for the reasons discussed in part III(C)(4) above.

Likewise, Defendants misstate Tolbert's core claims, which are that the WAP was not and thus is not a valid top hat plan and that the Court should thus order Defendants to comply with their duties under ERISA. There is no difference between Tolbert's claims and the other class members' claims in this respect.[4]

Moreover, Tolbert's and the class's interests are aligned because hundreds, if not thousands, of Defendants' current and former employees have invested their pension savings in what amounts to an unsecured creditor status in a single asset plan. This is an unfunded plan. Participants have no recourse against any of the phantom mutual funds or other phantom investments in their bookkeeping entry accounts. If Defendants fail, the class's pensions and the

---

[4] Therefore, Tolbert asks the Court to order Defendants to restore her to where she was before Defendants engaged in its illegal conduct as the U.S. Supreme Court permitted in *Varity*.

remaining balance in Tolbert's account will be lost. Thus, both Tolbert and the class lack the protections that they are entitled to under ERISA.

Finally, Defendants' statement that Tolbert allegedly could not explain how she can adequately represent the participants who meet the new eligibility standards (Defs.' Opp. 11), is wrong. She summed it up and hit the nail on the head perfectly—"Because I participated in the plan, period." Tolbert Dep. 185:13-185:18 included in Ex. 1 to Defendants' Opposition. Noticeably, Defendants do not suggest that she will not vigorously represent the class.

For the above reasons, Defendants' cases cited on page 12 of their opposition are inapplicable.

**E. The Class Definition Should Be Revised But Not As Defendants Suggest.**

Tolbert initially proposed that the proposed class should consist of:

> All persons who—within the last four years—have or had at least five years of service with Defendants, are current or former employees of Defendants, and were participants in the WAP or who are personal representatives for or beneficiaries of any such person who is deceased (the "Plaintiff Class").

However, because Tolbert's claims arise under 29 U.S.C. 1132(a)(2) and (a)(3), they are governed by either a six or three year limitations period. Section 1113 provides that:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of— (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation; except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113.

That statue generally establishes a six year limitation period in which to initiate an action, measured from the date of the last act constituting a breach or violation. *Fink v. National Savings and Trust Co.,* 772 F.2d 951, 956 (D.C. Cir. 1985); *Dasler v. E.F. Hutton & Co.,* 694 F.Supp. 624, 632 (D. Minn. 1988). There are two exceptions that set a three year time limit where (1) the plaintiff had actual knowledge of a breach or violation, or (2) the plaintiff obtained a report from which he or she could reasonably be expected to have obtained knowledge of such breach or violation. *Id.* The first exception provides that any lawsuit alleging breach of fiduciary duty must be commenced within three years from the time the plaintiffs obtained actual knowledge of the breach or violation. *Id.* The second exception provides that any lawsuit alleging breach of fiduciary duty must be commenced within three years from when the plaintiff reasonably should have been expected to have obtained knowledge of the breach from a Form 5500 filed under 29 U.S.C. §§ 1023 and 1024. *Id.* To Tolbert's knowledge, Defendants have not filed any 5500s, which are annual plan returns filed with the Department of Labor.

Here, Defendants continue to operate an illegal top hat plan. Thus, the class definition should refer to "since June 11, 2004," which is six years before Tolbert filed this case, instead of "within in the last four years" as originally proposed. Alternatively, the reference should be to "since June 11, 2007," which is the date three years before the June 11, 2010 date when Defendants illegally forfeited her vested accrued employer contributions, if the Court determines that she had actual knowledge of Defendants' fiduciary breaches at that time. *See* Plaintiffs' First Amended Complaint, ¶ 114 n. 39. Defendants have presented, however, no evidence or argument that Tolbert knew of the illegality of the WAP plan back in 2007.

Should the Court determine that the remedy is under § 1132(a)(1) and that limitations is a procedural[5] matter, the Court should apply Texas' four year limitations period under Tex. Civ. Prac. and Rem. Code § 16.004, which applies to breach of fiduciary duty and breach of contract claims.

Wherefore, Tolbert asks the Court to certify the proposed class with the revised six year class definition discussed above.

Respectfully submitted,

By: */s/ William G. Whitehill*
William G. Whitehill
State Bar No. 21356550
Joe B. Harrison
State Bar No. 09115500
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Telephone: 214.999.4633
Facsimile: 214.999.3633

ATTORNEY-IN-CHARGE FOR
PLAINTIFF, BRENDA TOLBERT

OF COUNSEL:
Geoffrey H. Bracken
State Bar No. 02809750
J. Palmer Hutcheson
State Bar No. 10335500
GARDERE WYNNE SEWELL LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007
Telephone: 713.276.5739
Facsimile: 713.276.6739

[5] Plaintiffs argue that a statute of limitations is "substantive law" for choice-of-law purposes, and that it, therefore, cannot govern the claims in this case that arise outside the State of Texas. *See* *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 818, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985) (imposing constitutional restrictions on forum state's right to impose its own substantive law on claims arising outside state). This argument is foreclosed by Supreme Court precedent and does not warrant further discussion. *See* *Sun Oil Co. v. Wortman*, 486 U.S. 717, 722, 727-28, 108 S.Ct. 2117, 100 L.Ed.2d 743 (1988) (holding that statute of limitations is "procedural" for choice-of-law purposes-even though it is substantive for *Erie* purposes-and reaffirming "long and repeated [ ]" holding that "the Constitution does not bar application of the forum State's statute of limitations to claims that in their substance are and must be governed by the law of a different State.").

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been forwarded to all counsel of record through the Court's CM/ECF system and by hand delivery to Ms. Gates on this 23rd day of June, 2011.

Alison J. Gates
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana, Suites 4200
Houston, Texas 77002

Christopher J. Boran
Sari M. Alamuddin
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, Illinois 60601

*/s/ Geoffrey H. Bracken*
Geoffrey H. Bracken