# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA TOLBERT, | § | |
| | § | |
| Plaintiff | § | |
| | § | No. 4:11-CV-107 |
| v. | § | |
| | § | Judge Keith P. Ellison |
| RBC CAPITAL MARKETS | § | |
| CORPORATION n/k/a RBC CAPITAL | § | |
| MARKETS, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Defendants RBC Capital Markets Corporation, RBC Centura Bank, and RBC U.S. Insurance Services, Inc. (collectively "Defendants") respectfully submit this Sur-Reply in Opposition to Plaintiff's Motion for Class Certification.

**ARGUMENT**

Plaintiff has asserted for the first time in her reply brief that: (1) she has standing to represent putative class members under the 2009 WAP because she was a participant in that plan, Pl. Reply (Doc. No. 46) at 6, and (2) the Court should revise her proposed class definition to go back six years from the filing of her original complaint because her purported claims under 29 U.S.C. §§ 1132(a)(2) or (a)(3) are governed by a six-year statute of limitations, *id.* at 9-10. Neither contention has merit.

First, Plaintiff already has testified that she never participated in the 2009 WAP. *See, e.g.,* Tolbert Dep., Ex. 1 to Defs. Opp. (Doc. No. 45), at 116:7-10, 119:7-10, 188:23-189:4. Her reply now takes the opposite position, on the grounds that Plaintiff made WAP contributions in calendar year 2009. Pl. Reply at 6. What Plaintiff fails to mention, however, is that the 2008

WAP plan year covered the period April 1, 2008, through March 31, 2009. Plaintiff is certainly aware of this fact, as it was made crystal clear in the attached 2008 WAP plan summary, which is part of the discovery record in this litigation. *See* Boran Decl. ¶ 2 and attached 2008 WAP Summary (attached below). Therefore, because Plaintiff was not a participant in the 2009 WAP she lacks standing to represent those who were. *See* Def. Opp. at 8-12.

Second, Plaintiff's argument that a six-year limitations period should apply to her claims misconstrues 29 U.S.C. § 1113. Under § 1113, the applicable limitations period for an ERISA fiduciary breach claim is "*after the earlier of*" (a) six years after the last act constituting the alleged breach, or (b) three years after the plaintiff obtains actual knowledge of the alleged breach. *Id.* (emphasis added). Thus, "Section [1113] is a statute of repose, establishing an outside limit of six years in which to file suit, and tolling does not apply." *Radford v. Gen'l Dynamics Corp.*, 151 F.3d 396, 400 (5th Cir. 1998); *see also Archer v. Nissan Motor Acceptance Corp.*, 550 F.3d 506, 508 (5th Cir. 2008) (the six-year period in § 1113 serves "as an absolute barrier to an untimely suit").

With these principles in mind, it is difficult to understand Plaintiff's contention that Defendants have not established her "actual knowledge" of the breaches she alleges. The mere fact that Plaintiff filed a complaint renders self-evident the conclusion that she had previously obtained such knowledge. And no one is suggesting that she obtained it more than three years prior to the January 11, 2011 filing of this lawsuit.[1] Under these circumstances, the six-year period prescribed in § 1113 could only operate to contract—not expand—the period within which Plaintiff was required to file her complaint. *See Radford*, 151 F.3d at 399 ("[I]t is clear

---

[1] Typically, a dispute concerning application of the three-year or six-year limitation period is triggered where defendant contends that plaintiff had actual knowledge of her claim more than three years prior to filing suit. *See, e.g., Radford*, 151 F.3d at 499 (applying three-year period to plaintiff's claim).

that the three-year period applies [to plaintiff's claim] because it is the earlier of the two periods outlined in § [1113]."). Thus, because Plaintiff can only represent those whose claims, like hers, would have been timely as of January 11, 2011, any class under §§ 1132(a)(2) or (3), may extend to no earlier than January 11, 2008. *See, e.g., Humphrey v. Int'l Paper*, 2003 WL 22111093, *19 (N.D. Ill. Sept. 11, 2003) (holding in Title VII context that class period could only extend to claims that would have been timely under the limitations period applicable to named plaintiff).

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court enter an order denying Plaintiff's Motion for Class Certification. In the alternative, Defendants request that the Court limit any certified class to claims arising under the 2008 WAP. As a final alternative, Defendants request that the Court break the proposed class into three sub-classes covering (1) the 2008 WAP (and prior years), (2) the 2009 WAP, and (3) the 2010-2011 WAPs, for a period no longer than is permitted under the applicable statute of limitations

Respectfully submitted,

RBC Capital Markets Corporation; RBC Capital Markets, LLC; RBC Centura Bank; and RBC U.S. Insurance Services, Inc.

by: s/ Christopher J. Boran

| | |
|---|---|
| Alison J. Gates | Sari M. Alamuddin (*admitted pro hac vice*) |
| TX State Bar No.24055535 | Ill. State Bar No. 6215689 |
| Federal ID No. 706309 | Christopher J. Boran (*admitted pro hac vice*) |
| MORGAN, LEWIS & BOCKIUS LLP | Ill. State Bar No. 6282552 |
| 1000 Louisiana, Suite 4200 | MORGAN, LEWIS & BOCKIUS LLP |
| Houston, Texas 77002 | 77 West Wacker Drive, Fifth Floor |
| 713.890.5157 (Telephone) | Chicago, Illinois 60601 |
| 713.890.5001 (Facsimile) | 312.324.1000 (Telephone) |
| | 312.323.1001 (Facsimile) |

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Sur-Reply in Opposition to Plaintiff's Motion for Class Certification has been sent to counsel of record through the Court's CM/ECF system and by U.S. mail, return receipt requested, this 29th day of June, 2011, as follows:

>Mr. Geoffrey H. Bracken
>Gardere Wynne Sewell LLP
>1000 Louisiana, Suite 3400
>Houston, Texas 77002-5007
>
>Mr. William G. Whitehill
>Mr. Joe B. Harrison
>1601 Elm Street, Suite 3000
>Dallas, Texas 75201

>s/ Christopher J. Boran