IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA TOLBERT, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. H-11-0107 |
| | § | |
| RBC CAPITAL MARKETS, | § | |
| CORPORATION N/K/A RBC | § | |
| CAPITAL MARKETS, LLC; *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Pending before the Court are Plaintiff's Motion to Certify Class (Docket Entry No. 31), Defendants' Motion to Dismiss (Docket Entry No. 37), and Plaintiff's Motion to Compel Documents (Docket Entry No. 59). Having considered the motions, the responses, replies, and sur-replies, the record, and the applicable law, the Court **ORDERS** as follows.

### I.  Motion to Certify Class

In moving to certify this litigation as a class action (Docket Entry No. 31), Plaintiff asserts that this lawsuit turns on a single issue:  whether Defendants' employee pension benefit plan called the Wealth Accumulation Plan ("WAP") is a valid "top hat" plan exempt from certain statutory ERISA requirements.[1]  Plaintiff states that resolution

---

[1]A top hat plan is defined in ERISA as "a plan which is unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees." 29 U.S.C. § 1101(a)(1).  Thus, in order to

of this issue would "apply uniformly to all present and former plan participants and will determine whether Tolbert and others like her have valid claims for ERISA-protected statutory rights." *Id.*, p. 5. Plaintiff seeks to represent a class of "[a]ll persons who—within the last four years—have or had at least five years of service with Defendants, are current or former employees of Defendants, and were participants in the WAP or who are personal representatives for or beneficiaries of any such person who is deceased[.]" *Id.* Plaintiff argues that all requirements of Federal Rules of Civil Procedure Rule 23(a)—commonly referred to as numerosity, commonality, typicality and adequacy—are satisfied, as are all the requirements of Rule 23(b)(1), (b)(2), and (b)(3).

In their Brief in Opposition (Docket Entry No. 45), Defendants counter that Plaintiff's motion for class certification should be denied because Plaintiff is an inadequate class representative under Federal Rule of Civil Procedure 23(a)(4). Defendants further contend that Plaintiff's proposed class definition is improper because it would encompass a period longer than the applicable statute of limitations and combines into a single class participants from different versions of the WAP with conflicting interests.

---

establish whether a plan qualifies as a top hat plan exempt from ERISA's fiduciary responsibility provisions, the Fifth Circuit has instructed that the plan "must be (1) unfunded and (2) maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees." *Reliable Home Health Care, Inc. v. Union Cent. Ins. Co.*, 295 F.3d 505, 512 (5th Cir. 2002).

The requirements for class certification under Rule 23(a) are:

(1)      The class is so numerous that joinder of all members is impracticable,

(2)      there are questions of law or fact common to the class,

(3)      the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4)      the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

"To obtain class certification, parties must satisfy Rule 23(a)'s four threshold requirements, as well as the requirements of Rule 23(b)(1), (2), or (3)." *M.D. ex rel. Stukenberg v. Perry*, __F.3d__, 2012 WL 974878, at *5 (5th Cir. March 23, 2012) (citing *Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 523 (5th Cir. 2007)). The named plaintiff, as the party seeking certification, bears the burden of proving that the proposed class satisfies the requirements of Rule 23. *Wal-Mart Stores, Inc. v. Dukes*,__ U.S. __, 131 S. Ct. 2541, 2551 (2011) ("Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc.").

It is well established that a federal district court must conduct a rigorous analysis of these Rule 23(a) prerequisites prior to certifying a class. *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996). Currently, the courts must follow the enhanced

contours of "rigorous analysis" as announced by the Supreme Court in *Wal-Mart*. *Perry*, at *6.[2]  Under *Wal-Mart*, "[w]hat matters to class certification . . . is not the raising of common 'questions' – even in droves – but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." 131 S. Ct. at 2551 (original emphasis).  Thus, as noted in *Perry*, the commonality test is no longer met when the proposed class does nothing more than establish that there is "at least one issue whose resolution will affect all or a significant number" of the putative class members.  *Perry*, at *11.  Rather, Rule 23(a)(2) requires that all of the class members' claims depend on a common issue of law or fact whose resolution "will *resolve* an issue that *is central to the validity* of each one of the class member's claims in one stroke."  *Id*. (citing *Wal-Mart*, 131 S. Ct. at 2551) (original emphasis).  This heightened analysis under *Wal-Mart* will "frequently . . . entail some overlap with the merits of the plaintiff's underlying claim."  *Id.*, at *6.  Moreover, the Supreme Court requires the federal district court to look to the *dissimilarities* among the proposed class members, as "[d]issimilarities within the proposed class are what have the potential to impede the generation of common answers."  *Wal-Mart*, 131 S. Ct. at 2551.

Here, Defendants argue that Plaintiff is an inadequate class representative because she failed to comply with the administrative exhaustion requirement that applies to

---

[2]The parties in their respective class certification pleadings did not reference or apply the *Wal-Mart* decision and its heightened requirements for "rigorous analysis" of class certification, nor did they have the benefit of the Fifth Circuit's recent decision in *Perry*.

claims for benefits under ERISA, leaving her lawsuit subject to dismissal for failure to exhaust.  Plaintiff, in turn, argues that the exhaustion requirement does not apply to her particular claims and, alternatively, that exhaustion would have been futile.  These arguments are raised in the parties' pending summary judgment proceeding.  If the Court were to find that Plaintiff had been required, but failed, to exhaust her administrative remedies prior to filing this lawsuit and that such non-exhaustion precludes her pursuit of relief in this lawsuit, Defendants would be entitled to summary judgment.  In that event, the merits of Plaintiff's underlying claims would not be reached.  As the question of exhaustion is *not* an issue common to the entire putative class, she fails to show that she can "fairly and adequately protect the interests of the class" under Rule 23(a)(4) at this time.

Accordingly, the Court cannot find that Plaintiff would be an adequate class representative for a potential class in this lawsuit, as she cannot show she could fairly and adequately protect the interests of the putative class at this time.  The Court does not reach the remainder of Defendants' arguments against class certification.  The Motion to Certify Class (Docket Entry No. 31) is **DENIED** at this time, subject to the Court's reconsideration, if appropriate, following disposition of the pending motions for summary judgment.

## II.  Motion to Dismiss

Defendants seek dismissal of Plaintiff's First Amended Class Action Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, based on Plaintiff's alleged

5

failure to comply with the administrative exhaustion requirement that applies to claims for benefits under ERISA. (Docket Entry No. 37.) In response, Plaintiff argues that the exhaustion requirement does not apply to her particular claims and, alternatively, that exhaustion would have been futile due to prior decisions made by the WAP regarding claims similar to hers.

These issues and arguments have been raised by the parties in the pending motions for summary judgment and related responses, and will be considered by the Court within those proceedings. Accordingly, the Motion to Dismiss (Docket Entry No. 37) is **DENIED AS MOOT**.

### III.  Motion to Compel Documents

The Court has carefully reviewed the Plaintiff's Motion to Compel Documents (Docket Entry No. 59) and related exhibits, Defendants' Response in Opposition (Docket Entry No. 61) and related exhibits, Defendants' Notice of Supplemental Authority (Docket Entry No. 65), Plaintiff's Reply to Defendants' Response in Opposition (Docket Entry No. 66) and related exhibits, Plaintiff's Response to Defendants' Notice of Supplemental Authority (Docket Entry No. 68), Defendants' Supplemental Response (Docket Entry No. 69), Plaintiff's Notice of Supplemental Evidence (Docket Entry No. 70), Defendants' Response to Plaintiff's Notice of Supplemental Evidence (Docket Entry No. 71), and Plaintiff's Reply to Defendants' Response (Docket Entry No. 72).

The parties' discovery dispute involves the following five requests for document production promulgated by Plaintiff and the objections lodged by Defendants:

6

REQUEST NO. 1:   Produce copies of the engagement letter by which the Osler firm was hired (redacted as may be necessary to preserve any attorney/client privilege which may exist).

> RESPONSE:   Defendants object to Request No. 1 on the ground that it seeks information or documents that are protected from disclosure under the attorney-client privilege and/or attorney work product doctrine.

REQUEST NO. 2:   To the extent the Osler firm was hired by any one of the Defendants in this case, and to the extent any documents which were received by any defendant in this case from the Osler firm were shared with the WAP Committee, produce those documents.

> RESPONSE:   Defendants object to Request No. 2 on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents for an unspecified period of time that has no apparent relationship to the applicable statute of limitations in this case. Defendants further object to Request No. 2 on the ground that it seeks information or documents, identified in the accompanying privilege log, that are protected from disclosure under the attorney-client privilege and/or work product doctrine.

REQUEST NO. 3:   Produce all documents reviewed or relied upon by any defendant or the WAP Committee in establishing the amount of production and/or compensation that an employee needed to achieve, for each plan year in question, in order to be considered "highly compensated" for purposes of WAP eligibility.

> RESPONSE:   Defendants object to Request No. 2 [sic] on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents for an unspecified period of time that has no apparent relationship to the applicable statute of limitations in this case. Defendant further objects to Request No. 3 to the extent it seeks information or documents, identified in the accompanying privilege log, that are protected from disclosure under the attorney-client privilege and/or attorney work product doctrine[.]

7

REQUEST NO. 4:    In connection with changes made to the WAP effective with plan year 2008, if there are documents that were provided to the WAP Committee that include any legal advice from any lawyer who had not been hired by the WAP Committee, please produce them.

> RESPONSE:  Defendant[s] object[] to Request No. 4 on the grounds that it is vague and ambiguous in its references to "changes made to the WAP effective with the plan year 2008." Defendants further object to Request No. 4 to the extent it seeks information or documents, identified in the accompanying privilege log, that are protected from disclosure under the attorney-client privilege and/or attorney work product doctrine.

REQUEST NO. 5:    All notes that any person made during any conversation between January 1, 2006 through the present during which the topic of WAP eligibility requirements was discussed.

> RESPONSE:  Defendants object to Request No. 5 on the grounds that it is overly broad and unduly burdensome insofar as it seeks "all notes that any person made during any conversation between January 1, 2006," concerning the topics for which responsive documents are sought, and to the extent it seeks documents well beyond the applicable statute of limitations. Defendants further object to request No. 4 [sic] to the extent it seeks information or documents, identified in the accompanying privilege log, that are protected from disclosure under the attorney-client privilege and/or attorney work product doctrine.

(Docket Entry No. 59, Exhibit A.)

The parties' dispute surrounding these five document requests encompasses no fewer than nine separate pleadings and nearly 175 pages of exhibits.  In their responses, Defendants focus on the attorney-client privilege as their reason for refusing to produce the requested documents.  Plaintiff counters that the documents are subject to the fiduciary exception to the attorney-client privilege.  Defendants, in turn, respond that the fiduciary exception is inapplicable in the instant case, as ERISA's fiduciary duties to

plan beneficiaries – the cornerstone of the fiduciary exception – do not apply to top hat plans such as the WAP.

Both parties correctly cite applicable law. As stated by Plaintiff, the fiduciary exception provides that an ERISA fiduciary cannot assert the attorney-client privilege against a plan beneficiary about legal advice regarding plan administration. *Wildbur v. ARCO Chemical Co.*, 974 F.2d 631, 645 (5th Cir. 1992). As noted by Defendants, the rationale underlying the exception is that "[w]hen an attorney advises a plan administrator or other fiduciary concerning plan administration, the attorney's clients are the plan beneficiaries for whom the fiduciary acts, not the plan administrator." *Wildbur*, at 645. Thus, the exception applies only to legal advice conveyed to a person acting in a fiduciary capacity to the plan beneficiaries and which is intended to assist in the administration of the ERISA plan. *Id.* However, top hat plans are exempt from these underlying ERISA fiduciary duties, and the fiduciary exception to the attorney-client privilege has no bearing. *Reliable Home Health Care, Inc. v. Union Cent. Ins. Co.*, 295 F.3d 505, 512–13 (5th Cir. 2002). Contrary to Plaintiff's assertions, Defendants' pleadings and exhibits sufficiently show, for the limited purpose of this discovery dispute only, that the WAP is a top hat ERISA plan. Thus, the fiduciary exception does not apply.

Even assuming the fiduciary exception were to apply, conduct involving the design, modification, or amendment of an ERISA plan does not constitute fiduciary conduct. *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 443–44 (1999); *Lockheed*

9

*Corp. v. Spink*, 517 U.S. 882, 890–91 (1996).  The pleadings and exhibits show that the content of the withheld documents concerns precisely such conduct – the design, modification, or amendment, but not administration, of an ERISA plan.  Consequently, the disputed documents would fall outside the scope of the fiduciary exception.

Plaintiff next argues that, assuming the attorney-client privilege applies, the documents still must be produced, as Defendants waived the privilege by disclosing the documents to third parties.  A voluntary disclosure of information that is inconsistent with the confidential nature of the attorney-client relationship waives the privilege. *Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993); *Ward v. Succession of Freeman*, 854 F.2d 780 (5th Cir. 1988); *Shields v. Sturm, Ruger*, 864 F.2d 379, 382 (5th Cir. 1989) (disclosure to third parties waives the privilege).

The Court has carefully reviewed and considered the exhibits provided by the parties, and finds that the only arguable incident of third-party disclosure occurred between Defendants and Mercer Consulting Group in 2006, wherein it was "[s]uggested by legal counsel to raise minimum participation compensation threshold from $150,000 to $250,000 (IRS comp benchmark to define a "key employee")." (Docket Entry No. 72, p. 2.) The Court does not find, however, that this single incident was sufficient to effect a complete waiver of the attorney-client privilege by Defendants as to all documents withheld under the privilege.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Compel Documents (Docket Entry No. 59).  Defendants are **ORDERED** to produce to Plaintiff, within fifteen days from date of this order, all requested documents withheld by Defendants that were provided directly or indirectly to Mercer Consulting Group by Defendants in 2006 regarding the suggestion by legal counsel to raise the minimum participation compensation threshold in the WAP from $150,000 to $250,000. All other relief requested by Plaintiff in the Motion to Compel is **DENIED**.

The Clerk will send copies of this order to the parties.

Signed at Houston, Texas, on this the 28th day of March, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

11