**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| BRENDA TOLBERT, | § | |
| | § | |
| | § | |
| Plaintiff | § | Case No.: 4:11-CV-00107 |
| | § | |
| v. | § | Judge Keith P. Ellison |
| | § | |
| RBC CAPITAL MARKETS | § | |
| CORPORATION n/k/a RBC CAPITAL | § | |
| MARKETS, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S
## FIRST AMENDED CLASS ACTION COMPLAINT

Defendants RBC Capital Markets Corporation n/k/a RBC Capital Markets, LLC, RBC

Centura Bank n/k/a RBC Bank (USA), and RBC U.S. Insurance Services, Inc., by their

attorneys, file their Answer and Defenses to Plaintiff's First Amended Class Action Complaint

(Doc. No. 24),[1] and would respectfully show the Court as follows:

## ANSWERS TO PLAINTIFF'S SPECIFIC ALLEGATIONS

Subject to their Additional Defenses, Defendants plead as follows to the specific

allegations contained in the numbered paragraphs of the Amended Complaint.[2]

---

[1]    The Court recently granted Plaintiff's motion to join two new Plaintiffs, Lawrence Gift and Joseph Neuhaus. March 29, 2012 Order (Doc. No. 98). Counsel for named Plaintiff Brenda Tolbert and the new Plaintiffs, however, has notified counsel for Defendants that they will not be filing a Second Amended Complaint naming Gift and Neuhaus as Plaintiffs or setting forth any additional allegations related to their claims. Instead, Plaintiffs' counsel has stated that Gift and Neuhaus have "adopted" the Amended Complaint (Doc. No. 24) as their own. Accordingly, Defendants' answers and defenses set forth herein are intended to apply equally to both the named Plaintiff Brenda Tolbert and the new Plaintiffs Gift and Neuhaus.

[2]    Plaintiff's Amended Complaint contains several headings and sub-headings, as well as thirty-nine footnotes, most of which include factual allegations and legal argument. Defendants do not consider these to be substantive allegations within the Amended Complaint to which a responsive pleading is

1.      Defendants admit that Plaintiff worked for RBC Wealth Management, a division of RBC Capital Markets Corporation, with the exception of limited leaves of absence, from December 1971 until her employment was terminated on August 9, 2009.  Upon information and belief, Defendants further admit that Plaintiff is a citizen of Texas and that she resides in Houston, Texas.  Defendants deny the remaining allegations contained in Paragraph 1 of the Amended Complaint.

2.      Defendants admit the allegations contained in Paragraph 2 of the Amended Complaint.

3.      Defendants admit the allegations contained in Paragraph 3 of the Amended Complaint, except that RBC Centura Bank n/k/a RBC Bank (USA) was acquired by PNC Financial Services Group, Inc. on March 2, 2012.

4.      Defendants admit the allegations contained in Paragraph 4 of the Amended Complaint.

5.      Defendants admit that the Royal Bank of Canada U.S. Wealth Accumulation Plan ("WAP") is sponsored by the Royal Bank of Canada and any participating subsidiaries pursuant to the terms of the WAP.  Defendants further admit that they are or were among the participating subsidiaries of the Royal Bank of Canada that co-sponsor the WAP.  Defendants deny the remaining allegations contained in Paragraph 5 of the Amended Complaint.

6.      The allegations in this paragraph state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants admit the first sentence contained in Paragraph 6.  Defendants deny the remaining allegations contained in Paragraph 6 of the Amended Complaint.

required.  However, to the extent a response is required, Defendants deny any and all of the allegations located within any heading and/or footnote of the Amended Complaint.

7.     Defendants admit that RBC Capital Markets Corporation operates offices in Houston, Harris County, Texas; that events giving rise to this litigation occurred within the Houston Division of the Southern District of Texas; and that individuals residing in the Southern District of Texas have been covered by the WAP.  The remainder of Paragraph 7 states conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 7 of the Complaint.

8.     Defendants admit that Plaintiff purports to assert her claims on behalf of a class consisting of the individuals described in Paragraph 8 of the Amended Complaint.  Defendants deny the remaining allegations contained in Paragraph 8 of the Amended Complaint.

9.     Defendants admit that the number of current or former WAP participants meeting Plaintiff's purported class definition would potentially number in the "thousands," and that this group would include individuals employed in states other than Texas.  Defendants deny the remaining allegations contained in Paragraph 9 of the Amended Complaint.

10.     Defendants deny the allegations contained in Paragraph 10 of the Amended Complaint.

11.     Defendants deny the allegations contained in Paragraph 11 of the Amended Complaint.

12.     Defendants deny the allegations contained in Paragraph 12 of the Amended Complaint.

13.     Defendants deny the allegations contained in Paragraph 13 of the Amended Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of the Amended Complaint.

15.     Defendants deny the allegations contained in Paragraph 15 of the Amended Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of the Amended Complaint.

17.     Defendants deny the allegations contained in Paragraph 17 of the Amended Complaint.

18.     Defendants deny the allegations contained in Paragraph 18 of the Amended Complaint.

19.     Defendants admit that Exhibit A to the Amended Complaint is a true and correct copy of the 2008 WAP, but deny the remaining allegations contained in Paragraph 19 of the Amended Complaint.  By way of further answer, Defendants affirmatively state that, as described in Section 1.1 of the 2008 WAP, "[t]he Plan was formerly known as the RBC Dain Rauscher Wealth Accumulation Plan, was amended and restated effective for the Plan Year beginning on January 1, 2005, was further amended and restated effective for the Plan year beginning on January 1, 2007," and that the 2008 WAP was "further amended and restated effective for the Plan Year beginning on January 1, 2008."  Am. Cmpl., Ex. A, 2008 WAP § 1.1. In addition, the 2008 WAP "supersedes all prior versions of the Plan[.]"  *Id.*

20.     Defendants admit that they are WAP sponsors (*see also* ¶ 5 *supra*).  Defendants deny the remaining allegations contained in Paragraph 20 of the Amended Complaint.

21.     Defendants admit that they are "Plan Obligors," as defined by sections 1.2 and 8.2 of the WAP, and refer to this document for its true meaning and effect.  Defendants further state that non-defendant Royal Bank of Canada is the Plan Obligor with respect to distributions from all accounts, pursuant to section 8.2(a) of the WAP.  Defendants deny the remaining allegations

contained in Paragraph 21 of the Amended Complaint.

22. Defendants admit that Plaintiff was a "Participant," as that term is defined in Section 1.2 of the 2008 WAP, at the time of her termination in August 2009. By way of further answer, Defendants affirmatively state that Plaintiff did not qualify for the 2009 WAP and therefore neither received nor made any WAP contributions during the 2009 Plan year.

23. Defendants admit that Plaintiff's WAP account included approximately $27,000 of company contributions at the time of her termination, and that those benefits were forfeited under the terms of the WAP because Plaintiff's employment was terminated for "cause." Defendants deny the remaining allegations contained in Paragraph 23 of the Amended Complaint.

24. Defendants admit that Plaintiff worked for an affiliate or subsidiary of the Royal Bank of Canada, with the exception of limited leaves of absence, from December 1971 until her termination on August 6, 2009, and that during that time she did not have responsibility for hiring or "fir[ing]" RBC employees. Defendants deny the remaining allegations contained in Paragraph 24 of the Amended Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Amended Complaint.

26. The allegations in Paragraph 26 of the Amended Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 26 of the Amended Complaint.

27. Defendants admit that Plaintiff was employed by an affiliate or subsidiary of the Royal Bank of Canada, with the exception of limited leaves of absence, from December 1971 until her termination on August 6, 2009. Defendants further admit that Plaintiff voluntarily

participated in the WAP from 2003 until 2008, that she was terminated for cause on August 6, 2009, and that the company contributions in her WAP account at that time were not due and payable to her pursuant to the terms of the WAP. Defendants deny the remaining allegations contained in Paragraph 27 of the Amended Complaint.

28.    Defendants admit that Plaintiff was involuntarily terminated for "Cause," as that term is defined in the WAP. Defendants deny the remaining allegations contained in Paragraph 28 of the Amended Complaint.

29.    Defendants deny the allegations contained in Paragraph 29 of the Amended Complaint.

30.    The allegations in Paragraph 30 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 30 of the Amended Complaint.

31.    The allegations in Paragraph 31 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 31 of the Amended Complaint.

32.    Defendants deny the allegations contained in Paragraph 32 of the Amended Complaint.

33.    The allegations in Paragraph 33 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 33 of the Amended Complaint.

34.    Defendants deny the allegations contained in Paragraph 34 of the Amended Complaint.

35.    The allegations in Paragraph 35 state conclusions of law to which no responsive

pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 35 of the Amended Complaint.

36. The allegations in Paragraph 36 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants admit that Paragraph 36 of the Amended Complaint accurately quotes the authority cited therein, except that the decision quoted in Paragraph 36 was issued by the Middle District of Alabama, Northern Division, rather than the Middle District of Florida. Defendants deny the remaining allegations contained in Paragraph 36 of the Amended Complaint.

37. The allegations in Paragraph 37 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants admit that Paragraph 37 of the Amended Complaint accurately quotes select excerpts from the authority cited therein, with the exception of omissions and alterations. Defendants deny the remaining allegations contained in Paragraph 37 of the Amended Complaint.

38. The allegations in Paragraph 38 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants admit that Paragraph 38 of the Amended Complaint accurately quotes select excerpts from the authority cited therein, with the exception of omissions and alterations. Defendants deny the remaining allegations contained in Paragraph 38 of the Amended Complaint.

39. The allegations in Paragraph 39 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 39 of the Amended Complaint.

40. The allegations in Paragraph 40 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants admit that the statutory

provision cited in the second sentence of Paragraph 40 pertains to the minimum vesting standards and nonforfeitability requirements applicable to employee pension plans under ERISA, and refer to the statute for its true meaning and effect. Defendants deny the remaining allegations contained in Paragraph 40 of the Amended Complaint.

41. The allegations in Paragraph 41 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants admit that the statutory provision cited in Paragraph 41 pertains to the minimum vesting standards applicable to employee pension plans under ERISA, and refer to the statute for its true meaning and effect. Defendants deny the remaining allegations contained in Paragraph 41 of the Amended Complaint.

42. The allegations in Paragraph 42 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants admit that the statutory provision cited in Paragraph 42 pertains to the benefit accrual requirements applicable to employee pension plans under ERISA, and refer to the statute for its true meaning and effect. Defendants deny the remaining allegations contained in Paragraph 42 of the Amended Complaint.

43. The allegations in Paragraph 43 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 43 of the Amended Complaint.

44. The allegations in Paragraph 44 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 44 of the Amended Complaint.

45. The allegations in Paragraph 45 state conclusions of law to which no responsive

pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 45 of the Amended Complaint.

46. The allegations in Paragraph 46 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants admit that the second sentence of Paragraph 46 of the Amended Complaint accurately quotes the authorities cited therein. Defendants deny the remaining allegations contained in Paragraph 46 of the Amended Complaint.

47. The allegations in Paragraph 47 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 47 of the Amended Complaint.

48. The allegations in Paragraph 48 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 48 of the Amended Complaint.

49. The allegations in Paragraph 49 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 49 of the Amended Complaint.

50. The allegations in Paragraph 50 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 50 of the Amended Complaint.

51. The allegations in Paragraph 51 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 51 of the Amended Complaint.

52. The allegations in Paragraph 52 state conclusions of law to which no responsive

pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 52 of the Amended Complaint.

53. The allegations in Paragraph 53 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 53 of the Amended Complaint.

54. The allegations in Paragraph 54 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants admit that Paragraph 54 of the Amended Complaint accurately quotes select excerpts from the authority cited therein, with the exception of omissions and alterations. Defendants deny the remaining allegations contained in Paragraph 54 of the Amended Complaint.

55. The allegations in Paragraph 55 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 55 of the Amended Complaint.

56. The allegations in Paragraph 56 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 56 of the Amended Complaint.

57. The allegations in Paragraph 57 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 57 of the Amended Complaint.

58. The allegations in Paragraph 58 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 58 of the Amended Complaint.

59. The allegations in Paragraph 59 state conclusions of law to which no responsive

pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 59 of the Amended Complaint.

60. The allegations in Paragraph 60 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 60 of the Amended Complaint.

61. The allegations in Paragraph 61 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 61 of the Amended Complaint.

62. The allegations in Paragraph 62 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 62 of the Amended Complaint.

63. The allegations in Paragraph 63 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 63 of the Amended Complaint.

64. The allegations in Paragraph 64 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 64 of the Amended Complaint.

65. The allegations in Paragraph 65 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants admit that quoted portion of Paragraph 65 accurately quotes select excerpts from the authority cited therein, with the exception of alterations and omissions. Defendants refer to that statute for its true meaning and effect and deny the remaining allegations contained in Paragraph 65 of the Amended Complaint.

66. The allegations in Paragraph 66 state conclusions of law to which no responsive

pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 66 of the Amended Complaint.

67.    Defendants deny the allegations contained in Paragraph 67 of the Amended Complaint.

68.    Defendants deny the allegations contained in Paragraph 68 of the Amended Complaint.

69.    Defendants deny the allegations contained in Paragraph 69 of the Amended Complaint.

70.    Defendants deny the allegations contained in Paragraph 70 of the Amended Complaint.

71.    Defendants deny the allegations contained in Paragraph 71 of the Amended Complaint.

72.    Defendants admit that eligibility to participate in the WAP was based in part on an employee's gross business production or compensation. Defendants further admit that the eligibility thresholds for the 2003 WAP were a minimum of $300,000 in gross production for production-based employees, including Financial Consultants; a minimum of $150,000 in compensation for non-production employees; and either a minimum gross production of $300,000 or a total compensation of $150,000 for Branch and Complex Directors. Defendants deny the remaining allegations contained in Paragraph 72 of the Amended Complaint.

73.    Defendants deny the allegations contained in Paragraph 73 of the Amended Complaint.

74.    Defendants admit that the eligibility threshold for production employees, including Financial Consultants and Branch Directors, was increased to $400,000 in gross

production, effective starting in 2010. Defendants further admit that the minimum compensation threshold for non-production employees was increased to $350,000, effective January 1, 2009. Defendants deny the remaining allegations contained in Paragraph 74 of the Amended Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of the Amended Complaint.

76.     Defendants admit that the WAP was designed in part to attract and retain valuable employees. Defendants deny the remaining allegations contained in Paragraph 76 of the Amended Complaint.

77.     Defendants admit that the WAP helps to attract and retain valuable employees. Defendants deny the remaining allegations contained in Paragraph 77 of the Amended Complaint.

78.     The allegations in Paragraph 78 purport to characterize a written document that speaks for itself, and Defendants therefore refer to the document for its true meaning and effect. Defendants deny the remaining allegations contained in Paragraph 78 of the Amended Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Amended Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of the Amended Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of the Amended Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of the Amended

Complaint.

83.     Defendants admit that a variety of amendments to the WAP terms were approved in October 2008, one of which was an increase in the eligibility thresholds, to be effective for the 2009 and 2010 plan years.  Defendants further admit that these revised eligibility thresholds reduced the number of employees eligible for the WAP.  Defendants deny the remaining allegations contained in Paragraph 83 of the Amended Complaint.

84.     Defendants admit that the 2008 amendments to the WAP's eligibility thresholds were projected to reduce the number of WAP-eligible employees by amounts similar to those stated in Paragraph 84 of the Amended Complaint.  Defendants deny the remaining allegations contained in Paragraph 84 of the Amended Complaint.

85.     Defendants admit that the 2008 amendments to the WAP, effective in the 2009 and 2010 plan years, reduced the number of eligible employees during those years.  Defendants deny the remaining allegations contained in Paragraph 85 of the Amended Complaint.

86.     Defendants admit that the 2008 amendments to the WAP's eligibility thresholds were projected to reduce the number of WAP-eligible employees by amounts similar to those stated in Paragraph 86 of the Amended Complaint.  Defendants deny the remaining allegations contained in Paragraph 86 of the Amended Complaint.

87.     Defendants deny the allegations contained in Paragraph 87 of the Amended Complaint.

88.     Defendants deny the allegations contained in Paragraph 88 of the Amended Complaint.

89.     Defendants admit that Plaintiff received the title of "associate vice president" during her employment.  Defendants deny the remaining allegations contained in Paragraph 89

of the Amended Complaint.

90. Defendants admit that Plaintiff and other WAP participants were eligible for the WAP based on their compensation (or production), rather than their job title or management status. Defendants deny the remaining allegations contained in Paragraph 90 of the Amended Complaint.

91. Defendants admit that WAP participants had different job titles. Defendants deny the remaining allegations contained in Paragraph 91 of the Amended Complaint.

92. Defendants admit that employees with the job titles identified in Paragraph 92 of the Amended Complaint have in the past been considered eligible for the WAP based in part on their job title. Defendants deny the remaining allegations contained in Paragraph 92 of the Amended Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Amended Complaint.

94. Defendants deny the allegations contained in Paragraph 94 of the Amended Complaint.

95. The allegations in Paragraph 95 of the Amended Complaint purport to characterize prior testimony that speaks for itself, and Defendants therefore refer to this testimony for its true meaning and effect. Defendants further state that WAP eligibility for Financial Consultants is determined based upon each employee's gross production during the preceding fiscal year, but deny that all Financial Consultants are "not part of management." Defendants deny the remaining allegations contained in Paragraph 95 of the Amended Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of the Amended

Complaint.

97. Defendants admit the allegations contained in Paragraph 97 of the Amended Complaint.

98. Defendants admit that Plaintiff began contributing to the WAP in 2003, after her total compensation exceeded $150,000. Defendants further admit that Lewis Brazelton resigned from his employment with RBC in August 2009, and that his total compensation ranged between $500,000 to $1,000,000 per year from 2003 to the date of his termination. Defendants deny the remaining allegations contained in Paragraph 98 of the Amended Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of the Amended Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of the Amended Complaint.

101. Defendants admit that the minimum compensation threshold for non-production employees to be eligible for the WAP in 2010 was $350,000, and that Defendants enforced this threshold. Defendants further admit that certain Canadian and U.S. executives employed by the Royal Bank of Canada earned over a million dollars in 2010. Defendants deny the remaining allegations contained in Paragraph 101 of the Amended Complaint.

102. Defendants deny the allegations contained in Paragraph 102 of the Amended Complaint.

103. Defendants deny the allegations contained in Paragraph 103 of the Amended Complaint.

104. Defendants deny the allegations contained in Paragraph 104 of the Amended Complaint.

105.     Defendants deny the allegations contained in Paragraph 105 of the Amended Complaint.

106.     Defendants deny the allegations contained in Paragraph 106 of the Amended Complaint.

107.     Defendants deny the allegations contained in Paragraph 107 of the Amended Complaint.

108.     The allegations in Paragraph 108 state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 108 of the Amended Complaint.

109.     Defendants admit that the WAP was an unfunded Plan and that, under the terms of the WAP, participants are unsecured creditors.  Defendants deny the remaining allegations contained in Paragraph 109 of the Amended Complaint.

110.     Defendants deny the allegations contained in Paragraph 110 of the Amended Complaint.

111.     Defendants admit that the WAP Committee, which administered the WAP, has expertise in resolving issues related to claims for benefits under the WAP.  Defendants deny the remaining allegations contained in Paragraph 111 of the Amended Complaint.

112.     Defendants admit that under the terms of the WAP, the company contributions in Plaintiff's WAP account as of the date she was terminated for cause were not due or payable to her.  Defendants deny the remaining allegations contained in Paragraph 112 of the Amended Complaint.

113.     Defendants admit that two former WAP participants have filed civil actions challenging the WAP's status, and that both lawsuits were resolved by settlement.  Defendants

further admit that they have consistently maintained that, to the extent the WAP is determined to be covered by ERISA, the WAP is a plan maintained and administered primarily for the purpose of providing deferred compensation to a select group of management and highly compensated employees. Defendants deny the remaining allegations contained in Paragraph 113 of the Amended Complaint.

114. Defendants deny the allegations contained in Paragraph 114 of the Amended Complaint.

115. Defendants admit that Plaintiff seeks the relief identified in Paragraph 115 of the Amended Complaint, but deny that she is entitled to any relief whatsoever. Defendants deny the remaining allegations contained in Paragraph 115 of the Amended Complaint.

116. Defendants deny the allegations contained in Paragraph 116 of the Amended Complaint.

117. Defendants admit that Plaintiff seeks the relief identified in Paragraph 117 of the Amended Complaint, but deny that she is entitled to any relief whatsoever. Defendants deny the remaining allegations contained in Paragraph 117 of the Amended Complaint.

118. Defendants deny the allegations contained in Paragraph 118 of the Amended Complaint.

119. Defendants admit that Plaintiff seeks the relief identified in Paragraph 119 of the Amended Complaint, but deny that she is entitled to any relief whatsoever. Defendants deny the remaining allegations contained in Paragraph 119 of the Amended Complaint.

120. Defendants deny the allegations contained in Paragraph 120 of the Amended Complaint.

121. Defendants admit, upon information and belief, that Plaintiff has retained the

services of the attorneys who signed the Amended Complaint on her behalf. Defendants further admit that Plaintiff seeks recovery of her attorneys' fees, but deny her entitlement to this relief. Defendants deny the remaining allegations contained in Paragraph 121 of the Amended Complaint.

## DEFENDANTS' ADDITIONAL DEFENSES

1.  Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.  The WAP is not an employee pension plan within the meaning of 29 U.S.C. § 1002(2)(A).

3.  Even if the WAP is an employee pension plan, it is a top hat plan exempt from ERISA's participation, vesting, funding, and fiduciary provisions.

4.  Plaintiff failed to exhaust the administrative remedies required for her claim pursuant to the terms of the WAP.

5.  Defendants are not proper defendants to Plaintiff's breach of fiduciary duty claims, as they were not acting as fiduciaries with respect to any purported misconduct alleged by Plaintiff.

6.  Plaintiff's claims, which seek recovery for her WAP benefits, are not appropriately brought pursuant to 29 U.S.C. § 1132(a)(3), but rather must be brought under 29 U.S.C. § 1132(a)(1)(b), and therefore must be dismissed.

7.  Plaintiff's claims are barred by the applicable statutes of limitations.

8.  Plaintiff is not entitled to a trial by jury of her ERISA claims.

9.  Plaintiff is not entitled to certification of this action as a class action because the purported class is not so numerous that joinder of its members is impracticable, questions of law or fact are not common to the class, Plaintiff's claims are not typical of the claims or defenses of

the purported class, Plaintiff will not fairly or adequately protect the interests of the class, and/or

the requirements of Fed. R. Civ. P. 23(b) are not met in this case.

10. Defendants reserve the right to assert additional defenses that become known

through the course of litigation.

WHEREFORE, Defendants request that Plaintiff's Amended Complaint be dismissed and

that they be awarded their fees and costs, and such other relief that the Court deems just and

proper.

Date: April 11, 2012                           Respectfully submitted,


                                               s/ Sari M. Alamuddin

                                               Sari M. Alamuddin (*admitted pro hac vice*)
                                               Ill. State Bar No. 6215689
                                               Christopher J. Boran (*admitted pro hac vice*)
                                               Ill. State Bar No. 6282552
                                               Matthew A. Russell (*admitted pro hac vice*)
                                               Ill. State Bar No. 6290632
                                               MORGAN, LEWIS & BOCKIUS LLP
                                               77 West Wacker Drive, Fifth Floor
                                               Chicago, Illinois 60601
                                               312.324.1000 (Telephone)
                                               312.323.1001 (Facsimile)

                                               Alison J. Gates
                                               TX State Bar No.24055535
                                               Federal ID No. 706309
                                               MORGAN, LEWIS & BOCKIUS LLP
                                               1000 Louisiana, Suite 4200
                                               Houston, Texas 77002
                                               713.890.5157 (Telephone)
                                               713.890.5001 (Facsimile)

                                               *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer and Defenses to Plaintiff's First Amended Class Action Complaint has been sent to counsel of record through the Court's CM/ECF system this 11th day of April, 2012, as follows:

> Mr. Geoffrey H. Bracken
> Gardere Wynne Sewell LLP
> 1000 Louisiana, Suite 3400
> Houston, Texas 77002-5007
>
> Mr. William G. Whitehill
> Mr. Joe B. Harrison
> 1601 Elm Street, Suite 3000
> Dallas, Texas 75201

s/ Sari M. Alamuddin