# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | § | |
|---|---|---|
| BRENDA TOLBERT, | § | |
| | § | |
| Plaintiff | § | Case No.: 4:11-CV-00107 |
| | § | |
| v. | § | Judge Keith P. Ellison |
| | § | |
| RBC CAPITAL MARKETS | § | |
| CORPORATION n/k/a RBC CAPITAL | § | |
| MARKETS, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S SURREPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO STRIKE

Defendants RBC Capital Markets Corporation n/k/a RBC Capital Markets, LLC, RBC Centura Bank n/k/a RBC Bank (USA), and RBC U.S. Insurance Services, Inc. (collectively "RBC"), respectfully submit this limited response to Plaintiffs' Surreply in Support of their Motion for Partial Summary Judgment and Motion to Strike ("Surreply"). Doc. No. 100.

As a threshold matter, Plaintiffs' Surreply was filed without permission from this Court. Neither the local rules nor this Court's established procedures permit a filing of this sort. Regardless, even if the Court is inclined to consider the Surreply, it primarily rehashes arguments the parties have addressed in prior briefing.

The only arguments contained in the Surreply that are even arguably "new" are those invoking the doctrine of judicial estoppel to bar consideration of the Canadian data submitted by RBC. And they clearly fail. Plaintiff cites various materials to point out that, when RBC evaluated the WAP internally years before this litigation, it focused primarily on the total U.S.

workforce in considering whether to amend or modify the Plan.  *See also* RBC's Reply in Support of Their Motion for Summary Judgment ("Reply") (Doc. No. 95) at 14 and n.9-10.  However, RBC has never argued otherwise.  More to the point, as RBC has previously pointed out, Plaintiff does not – indeed, cannot – assert that RBC has ever taken a position in any legal action that the Canadian data is immaterial to *judicial* analysis of the WAP's top hat status.  *See id.*  Plaintiff therefore cannot even begin to establish a basis for judicial estoppel.  *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011) (explaining that estoppel generally requires that "the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position . . . [and that] a court accepted the prior position").

Plaintiff's additional suggestion that she was deprived the opportunity to fully review and evaluate the "Canadian workforce information," *see* Surreply at 3, also is without merit.  RBC provided that data to Plaintiff on January 17, 2012, more than a week before the parties' experts were to submit rebuttal reports (January 26, 2012), and more than a month before Plaintiff responded to RBC's motion for summary judgment.  *See* Jan. 17, 2012 Ltr. from S. Alamuddin, of Morgan, Lewis & Bockius, LLP, to G. Bracken, of Gardere Wynn Sewell LLP, attached hereto as Exhibit A.  Plaintiff thus had more than enough time to evaluate the Canadian data and could have easily addressed it in the *third* expert report she filed on February 24, 2012, or the 64-page response brief she filed that same day.  That Plaintiff did neither evidences not a lack of opportunity, but rather a concession that the data is dispositive here.

In sum, for the reasons explained above and those set forth in RBC's Reply at 13-15, the total U.S. and Canadian workforce of non-party, the Royal Bank of Canada, is material and should be considered in this Court's determination of the top hat issue (should the Court need to reach that issue on summary judgment).  As for the remaining arguments contained in Plaintiff's

improper Surreply, they are merely duplicative of prior briefing and do not substantially aid the Court's analysis.

Date: April 16th, 2012

Respectfully submitted,

s/ Sari M. Alamuddin

Sari M. Alamuddin (admitted pro hac vice)
   Ill. State Bar No. 6215689
Christopher J. Boran (admitted pro hac vice)
   Ill. State Bar No. 6282552
Matthew A. Russell (admitted pro hac vice)
   Ill. State Bar No. 6290632
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, Illinois 60601
312.324.1000 (Telephone)
312.323.1001 (Facsimile)

Alison J. Gates
   TX State Bar No.24055535
   Federal ID No. 706309
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana, Suite 4200
Houston, Texas 77002
713.890.5157 (Telephone)
713.890.5001 (Facsimile)

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response to Plaintiffs' Surreply in Support of Its Motion for Partial Summary Judgment and Motion to Strike has been sent to counsel of record through the Court's CM/ECF system this 16th day of April, 2012, as follows:

> Mr. Geoffrey H. Bracken
> Gardere Wynne Sewell LLP
> 1000 Louisiana, Suite 3400
> Houston, Texas 77002-5007
>
> Mr. William G. Whitehill
> Mr. Joe B. Harrison
> 1601 Elm Street, Suite 3000
> Dallas, Texas 75201

s/ Sari M. Alamuddin