IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA TOLBERT, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. H-11-0107 |
| | § | |
| RBC CAPITAL MARKETS | § | |
| CORPORATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Pending before the Court are Plaintiffs' motions for *in camera* inspection and to compel production (Docket Entry No. 103) and to deem attorney-client privilege waived (Docket Entry No. 104). Having carefully considered the motions, the response and reply, the record, argument of counsel at the hearing, and the applicable law, the Court **ORDERS** as follows.

1. Motion for *in camera inspection* and to compel

On March 28, 2012, the Court found a very limited waiver of the attorney-client privilege and ordered Defendants to produce to Plaintiffs those documents

> withheld by Defendants that were provided directly or indirectly to Mercer Consulting Group by Defendants in 2006 regarding the suggestion by legal counsel to raise the minimum participation compensation threshold in the WAP from $150,000 to $250,000.

The Court based this limited waiver on a comment appearing in Mercer's June 2006 slide presentation that it "conducted conversations with . . . RBC Dain's internal members of the

WAP team, outside counsel, and Fidelity Investments." The parties did not dispute that Osler, Hoskin, & Harcourt ("Osler") was Defendants' outside counsel.

Defendants subsequently informed Plaintiffs that all responsive documents had been produced. Plaintiffs, however, believed that Defendants were withholding additional documents responsive to the discovery order, and filed the instant motion to compel production of those documents. (Docket Entry No. 103). Specifically, Plaintiffs believe that the following documents drafted by Osler (the "Osler Documents") were furnished to Mercer incident to Mercer's contemporaneous review of the WAP and should be ordered produced: a June 2006 memorandum from Osler to RBC (RBC 2089–2098), a July 20, 2006, memorandum from Osler to RBC (CTRL 3085–3094, 3120–3129, 3160–3169), and a June 5, 2006, email from Osler to RBC (CTRL 3109–3111). In support, Plaintiffs contend that, because Mercer "conducted conversations" with Osler, and because the WAP's minimum compensation threshold was ultimately increased, Mercer must have been given copies of the Osler Documents.

In response to Plaintiffs' motion to compel, counsel for Defendants testified by affidavit that any documents responsive to the Court's order had been produced to Plaintiffs, and that the Osler Documents were not provided to Mercer:

> Following this Court's March 28, 2012 Order, Doc. No. 97, counsel for Defendants reviewed all documents and correspondence between RBC and Mercer Consulting Group ('Mercer') in connection with the 2006 review of the RBC Wealth Accumulation Plan ('WAP'), and confirmed that no documents, other than those already produced in this matter, were provided to

> Mercer concerning the suggestion that the WAP's minimum compensation threshold be raised from $150,000 to $250,000.
>
> Defendants' counsel also reviewed the documents previously produced by Mercer in response to Plaintiffs' third-party subpoena. Mercer's production also contained no additional material responsive to the Court's March 28, 2012 Order.
>
> Defendants' counsel also reviewed correspondence between RBC and outside counsel, the law firm of Osler, Hoskin & Harcourt LLP, pertaining to the 2006 review of the WAP. In addition to reviewing RBC's correspondence files, Defendants' counsel obtained and reviewed correspondence maintained by Sandra Cohen, the attorney at Osler, Hoskin & Harcourt LLP who advised RBC regarding the WAP in 2006. This review also confirmed that, apart from documents already produced, no responsive documents were provided to Mercer, either directly from Defendants or indirectly from outside counsel.

(Docket Entry No. 106, Declaration). Plaintiffs doubt the veracity of these statements, but reference in support only Mercer's referenced conversations with outside counsel and the ultimate increase of the WAP's minimum compensation threshold.

Contrary to Plaintiffs' argument, it does not follow that, because Mercer conducted conversations with outside counsel and the WAP threshold was eventually increased, Defendants must have provided the Osler Documents to Mercer. Plaintiffs' argument, while not necessarily unreasonable, is unfounded, and this Court cannot rely on speculation or conjecture as the basis for an order to compel production.

Plaintiffs have not established that Defendants provided the Osler Documents to Mercer, and they do not show that Defendants are withholding documents responsive to the Court's discovery order of March 28, 2012. Further, the Osler Documents have been fully

3

described in Defendants' privilege log by date, author, recipients, and content; Plaintiffs dispute only Defendants' assertion that they were not provided to Mercer. Consequently, an *in camera* inspection of the documents by the Court would not be helpful, as it would not likely reveal whether Defendants provided them to Mercer.

For these reasons, the motion for *in camera inspection* and to compel (Docket Entry No. 103) is **DENIED**.

2. <u>Motion to deem attorney-client privilege waived</u>

In their reply to Defendants' response to the motion to compel, Plaintiffs complain that Defendants recently supplemented their privilege log with numerous newly listed email documents by and between Defendant RBC and its outside counsel. Defendants listed these email documents as protected by the attorney-client privilege. Plaintiffs argue that Defendants' untimely listing of the emails warrants waiver of the attorney-client privilege and immediate production of the documents, citing *Gateway Senior Housing, Ltd. v. MMA Financial, Inc.*, 2008 WL 5142153 (E.D. Tex. Dec. 4, 2008) (addressing waiver of any applicable privilege by withholding emails without listing them in a privilege log). This Court's review of the *Gateway* decision, however, reveals that the decision was withdrawn and vacated by the issuing court on February 27, 2009. *See Gateway*, C.A. No. 1:06-cv-0458-TH (E.D. Tex. Feb. 27, 2009).

Plaintiffs also cite *Robinson v. Tex. Auto Dealers Ass'n*, 214 F.R.D. 432, 456 (E.D. Tex. 2003), for its recognition that "amending a privilege log after a motion to compel is too

4

late, and waiver of privilege for failing to list documents in a privilege log, while a harsh penalty, is necessary to prevent gamesmanship." This Court's review of *Robinson* shows that, to warrant waiver of the attorney-client privilege, a party must show more than the amending of a privilege log following a motion to compel. Rather, some element or factor of "gamesmanship" must exist, such as unjustified delay, inexcusable conduct, or bad faith. In the instant case, counsel for Defendants testified in his affidavit as follows:

> While conducting the additional review of Osler's, Mercer's, and RBC's files to assure compliance with the Court's March 28 Order, Defendants located additional privileged correspondence between RBC and Osler only, which it has identified by supplementing its privilege log. Based on the results of the review described above, none of these additional documents was provided, directly or indirectly, to Mercer.

(Docket Entry No. 106, Declaration). Plaintiffs do not dispute these statements, but rather, contend that untimeliness alone is sufficient to deem the attorney-client privilege waived.

Unlike in the *Robinson* case, nothing in the record before this Court suggests that Defendants have been knowingly withholding disclosure of these email documents. To the contrary, the record shows that the new documents came to light during Defendants' follow-up reviews of various files in their efforts to assure compliance with the Court's order of March 28, 2012. Having found the new documents, Defendants promptly disclosed their existence to Plaintiffs in a supplemental privilege log. While it is unfortunate that these emails were only recently located, no unjustified delay, inexcusable conduct, bad faith, or

other "gamesmanship" warranting judicially-imposed waiver of the attorney-client privilege is shown under the facts of this case.

Plaintiffs' request that the Court deem Defendants' attorney-client privilege waived as to the newly listed documents is **DENIED**.

Signed at Houston, Texas, on this the 8th day of May, 2012.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE