IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA TOLBERT | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:11-CV-00107 |
| RBC CAPITAL MARKETS CORPORATION N/K/A RBC CAPITAL MARKETS, LLC; RBC CENTURA BANK N/K/A RBC BANK (USA); RBC U. S. INSURANCE SERVICES, INC.; | § § § § § § § § | |
| Defendants. | § | |

### JOSEPH R. NEUHAUS, JR. DECLARATION

1.  My name is Joseph R. Neuhaus, Jr., and I am more than 21 years old. I am one of the plaintiffs in this case. I have personal knowledge of the matters stated herein, and they are true and correct. I make this declaration under the penalties of perjury.

2.  I was employed by RBC Wealth Management, a division of and/or assumed name of RBC Markets Corporation or its predecessors from 1994 until I left of my own accord on November 18, 2011 as a financial advisor. In 2003, I began receiving information regarding the RBC Wealth Accumulation Plan (the "WAP").

3.  I began contributing to the WAP when it was first offered to me, and I understood it was a retirement plan from documents I got from RBC. For example, I have continuously received periodic account summaries from RBC referable to the WAP titled "Retirement Savings Statement".

**EXHIBIT B**

HOUSTON 1150647v.1

4. At no time during my eligibility or participation, did I have any ability to affect or substantially influence the design or operation of the WAP. It was a take it or leave it program, where the amount of one's production was the sole measure of inclusion.

5. I resigned from RBC on November 18, 2011 At that time, RBC forfeited all of the employer contributions and related earnings in the WAP contained in my retirement account. Even though I did not believe that I had to contest this forfeiture with my ex-employer, I did so under protest. I have now fully complied with the procedures set out in the WAP Plan, and I continue to contest the forfeiture and seek to establish that the WAP Plan is not a valid top-hat plan, but rather an illegitimate retirement plan, and I intend to continue pursuing the equitable relief to which I believe that I and other past and present WAP participants are entitled to under ERISA.

6. I understand that I am bringing this suit for myself as well as all other persons who have participated in the WAP (including the WAP plans for US RBC affiliates) since June 11, 2004, which is six years before fellow Plaintiff, Brenda Tolbert, filed this suit to which I am a party.

7. I understand that as a class representative it is my job to vigorously pursue these claims for all members of that class. To that end, I am committed to attending hearings or trial where my presence will assist in the presentation of our case. I am also committed to communicating with class counsel regarding the facts involved in this case and assisting them in making decisions regarding case strategy and otherwise preparing the case for trial.

8. I am in good health and lead an active life. I am not aware of any facts that would impede my ability to continue pursuing the claims asserted in this case.

2

9. As a former RBC employee, I will not be intimidated into exercising less than my best efforts for myself and for the proposed class members.

Dated June 4, 2012.

_____
Joseph R. Neuhaus, Jr.

3

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA TOLBERT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-CV-00107 |
| | § | |
| RBC CAPITAL MARKETS | § | |
| CORPORATION N/K/A RBC CAPITAL | § | |
| MARKETS, LLC; RBC CENTURA | § | |
| BANK N/K/A RBC BANK (USA); | § | |
| RBC U. S. INSURANCE SERVICES, INC.; | § | |
| | § | |
| Defendants. | § | |

## LAWRENCE S. GIFT, JR. DECLARATION

1. My name is Lawrence S. Gift, Jr., and I am more than 21 years old. I am one of the plaintiffs in this case. I have personal knowledge of the matters stated herein, and they are true and correct. I make this declaration under the penalties of perjury.

2. I was employed by RBC Wealth Management, a division of and/or assumed name of RBC Markets Corporation from October 2004 until September, 2011 as a financial advisor. In late 2004 or 2005, I began receiving information regarding the RBC Wealth Accumulation Plan (the "WAP").

3. I began contributing to the WAP when it was first offered to me, and I understood it was a retirement plan and an "employee pension benefit plan" from documents I saw from RBC. For example, I have continuously received periodic account summaries from RBC referable to the WAP titled "Retirement Savings Statement".

4.     At no time during my eligibility or participation, did I have any ability to affect or substantially influence the design or operation of the WAP. It was a take it or leave it program, where the amount of one's production was the sole measure of inclusion.

5.     I resigned from RBC in September, 2011. At that time, RBC forfeited all of the employer contributions and related earnings in the WAP contained in my retirement account. Even though I did not believe that I had to contest this forfeiture with my ex-employer, I did so under protest. I have now fully complied with the procedures set out in the WAP Plan, and I continue to contest the forfeiture and seek to establish that the WAP Plan is not a valid top-hat plan, but rather an illegitimate retirement plan, and I intend to continue pursuing the equitable relief to which I believe that I and other past and present WAP participants are entitled to under ERISA.

6.     I understand that I am bringing this suit for myself as well as all other persons who have participated in the WAP (including the WAP plans for US RBC affiliates) since June 11, 2004, which is six years before fellow Plaintiff, Brenda Tolbert, filed this suit to which I am a party.

7.     I understand that as a class representative it is my job to vigorously pursue these claims for all members of that class. To that end, I am committed to attending hearings or trial where my presence will assist in the presentation of our case. I am also committed to communicating with class counsel regarding the facts involved in this case and assisting them in making decisions regarding case strategy and otherwise preparing the case for trial.

8.     I am in good health and lead an active life. I am not aware of any facts that would impede my ability to continue pursuing the claims asserted in this case.

9. As a former RBC employee, I will not be intimidated into exercising less than my best efforts for myself and for the proposed class members.

Dated June 4, 2012.

_____
Lawrence S. Gift, Jr.

HOUSTON 1 150658v.1