IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA TOLBERT, JOSEPH NEUHAUS, JR., AND LAWRENCE GIFT, JR., Plaintiffs, v. RBC CAPITAL MARKETS CORPORATION N/K/A RBC CAPITAL MARKETS, et al., Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. 4:11-CV-00107 |

### PLAINTIFFS' SUPPLEMENTAL AND RE-URGED MOTION FOR CLASS CERTIFICATION AND BRIEF AND REQUEST FOR EXPEDITED CONSIDERATION

Respectfully submitted,

GARDERE WYNNE SEWELL LLP

*/s/ Geoffrey H. Bracken*
Geoffrey H. Bracken
State Bar No. 02809750
J. Palmer Hutcheson
State Bar No. 10335500
Rhonda R. Weiner
State Bar No. 24047732
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007
Telephone: 713.276.5739
Facsimile: 713.276.6739

*/s/ William G. Whitehill*
William G. Whitehill
State Bar No. 21356550
Joe B. Harrison
State Bar No. 09115500
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Telephone: 214.999.4633
Facsimile: 214.999.3633
**ATTORNEYS FOR PLAINTIFFS, BRENDA TOLBERT, LAWRENCE GIFT, JR., AND JOSEPH RICE NEUHAUS, JR.**

## TABLE OF CONTENTS

I. Relief ............................................................................................................... 3

II. Evidentiary Basis ............................................................................................ 3

III. In Sum ............................................................................................................ 4

IV. Background .................................................................................................... 5

V. Arguments ...................................................................................................... 6

    A. Exhaustion of remedies is not an issue. ............................................. 6

    B. There is and has been only one WAP. ............................................... 7

    C. Defendants' limitations argument would eliminate ERISA's six year limitations period. ................................................................................ 7

VI. CONCLUSION .............................................................................................. 8

## I. Requested Relief

All Plaintiffs, including Joseph Neuhaus, Jr. and Lawrence Gift, Jr., added by the Court at the end of March, 2012,[1] re-urge their prior Plaintiff's Motion for Class Certification and Supporting Brief ("Plaintiffs' Class Motion") [Dkt. #31] and formally revise and unambiguously define their requested class definition consistent with the prior statement in Plaintiff's Reply Regarding Her Motion for Class Certification ("Plaintiffs' Class Motion Reply") [Dkt. #46] that the appropriate[2] class should be:

> All persons who—since June 11, 2004—have or had at least five years of service with Defendants, and who were participants in the WAP or who are personal representatives for or beneficiaries of any such person who is deceased (the Plaintiff Class).

This case is currently set for non-jury trial before the Court on January 14, 2013. Accordingly, Plaintiffs request an expedited consideration of the pending class certification issue.

## II. Evidentiary Basis

Pursuant to Fed. R. Civ. P. 10(c), Plaintiffs incorporate herein for all purposes the evidence, argument, and rulings contained in the following filed documents:

(1) Plaintiffs' Class Motion [Dkt. #31];

(2) Appendix in Support of Plaintiffs' Class Motion [Dkt. #32];

(3) Plaintiffs' Class Motion Reply [Dkt. #46];

---

[1] Messrs. Neuhaus and Gift adopted Ms. Tolbert's pleadings in their entirety. [Dkt. #94].

[2] Understanding Tolbert's contention that vested accrued benefits protected by ERISA were illegally forfeited in June 2010, Plaintiffs and Defendants both agree, however, that the limitations period for claims under § 1132(a)(2) and (3) is the earlier of six years after the date of the last action that constituted a part of the breach or violation, or three years after the earliest date on which Plaintiffs had actual knowledge of the breach or violation. *See,* Dkt. #45 at pp. 16-17; Dkt. #46 at pp. 9-10.

(4) Appendix to Plaintiffs' Class Motion Reply [Dkt. #47];

(5) Supplement to Plaintiffs' Class Motion Reply [Dkt. #55];

(6) Plaintiffs' Response to Defendants' Motion to Dismiss and Brief ("Plaintiffs' Motion to Dismiss Response") [Dkt. #41];

(7) Motion to Join Parties Plaintiff [Dkt. #94];

(8) The Court's Order, signed March 29, 2012, granting the same [Dkt. #98];

(9) Plaintiffs' Unopposed Motion to Supplement the Summary Judgment Record and Motion for Class Certification, and to Re-urge Class Certification and its related exhibits ("Plaintiffs' Motion to Re-urge Class Certification") [Dkt. #116];

(10) The Court's Order, signed June 13, 2012, granting the same [Dkt. #120]; and

(11) Plaintiffs' Motion to Supplement the Summary Judgment Record and related exhibits regarding Defendants' statements that Messrs. Gift and Neuhaus had exhausted their administrative remedies [Dkt. #123][3].

### III.  In Sum

Defendants have never denied that the top hat issue is proper for class treatment or that class counsel are inadequate. Rather, they opposed class certification only because: (1) Ms. Tolbert is an inadequate class representative, since she failed to exhaust her administrative remedies and she was not a WAP participant in 2009-11; (2) there should be separate classes for 2008 and earlier, 2009, and 2010 and later; and (3) the class period should be limited to a three

---

[3] Plaintiffs do not suggest or admit that under these facts and in this case, any Plaintiff was required to exhaust an administrative remedy.

year-look back, based on a three year limitations period. Defendants' Brief in Opposition to Plaintiff's Motion for Class Certification ("Defendants' Opposition") [Dkt. #45][4].

In addition to the reasons stated in their prior class certification filings and Plaintiffs' Motion to Dismiss Response, as discussed below, each challenge fails because Messrs. Gift and Neuhaus were WAP participants in 2009 – 2011 and earlier and have admittedly exhausted their administrative remedies, even if that were necessary (and it isn't). *See,* Dkt. #123 at Ex. A. Moreover, the record overwhelmingly proves that there has been only one WAP, not three separate plans like Defendants pretend have existed, and the legal and factual analysis to be conducted by this Court as to whether RBC's employee benefit plan is a valid "top hat" plan exempt from certain ERISA requirements is the cornerstone of the validity of each of the class members' claims. Finally, Defendants' argument for a three year limitations period would strip the six year limitations period out of ERISA and is devoid of any evidence that any Plaintiff (or any WAP participant for that matter) ever had the statutorily required "actual knowledge" of Defendants' ERISA violations.

## IV. Background

Following Messrs. Neuhaus and Gift's joinder as plaintiffs in this case, this Court, on June 13, 2012, granted Plaintiffs' Motion to Re-urge Class Certification [Dkt. ##116, 120]. Defendants admit that Messrs. Gift and Neuhaus exhausted their administrative remedies after Defendants denied their requests for relief from Defendants' illegal forfeiture of their vested

---

[4] Interestingly, page 2 of Defendants' Opposition citing the WAP plan document attached to Plaintiff's Amended Complaint recites in bold type under STATEMENT OF FACTS that, "**The Plan [WAP] was Designed and Operated as a 'Top Hat' Plan**". They repeat that statement in their following sentence. Those admissions contradict Defendants' motion for summary judgment premise that the WAP is not an ERISA pension plan at all. By definition, a top hat plan is an ERISA pension plan that is exempt from much of ERISA's coverage. By stating that they designed the WAP to be a top hat plan, and operated it as such, Defendants truthfully state what their intent and practice has always been, and admit that the WAP is an ERISA pension plan.

accrued benefits. *See,* exhibits attached to Plaintiffs' Motion to Re-urge Class Certification and Plaintiffs' Motion to Supplement the Summary Judgment Record [Dkt. ##116, 123]. It is further undisputed that they participated in the WAP during 2009, 2010, and 2011 (*id.*), thereby removing all bases on which Defendants suggested that Ms. Tolbert is an inadequate class representative. *See,* Plaintiffs' Class Motion Reply [Dkt. #46] at pp. 3-9; Plaintiffs' Motion to Dismiss Response [Dkt. #41] at pp. 6-18.

## V. Arguments

**A. Exhaustion of remedies is not an issue.**

Defendants' primary objection to Plaintiffs' initial class certification motion was the premise that Ms. Tolbert is not an adequate class representative because she had not exhausted her administrative remedies by appealing the initial denial of her requested relief and she allegedly was not a WAP participant in 2009 and 2010. Defendants' Opposition at pp. 4-12. As discussed in Plaintiffs' prior briefs on this issue, she was not required to exhaust her administrative remedies because (among other reasons) she seeks equitable relief under 28 U.S.C. §§1132(a)(2) and (3), instead of a claim for benefits due per the plan under § 1132(a)(1)(B). *See,* Plaintiffs' Class Motion Reply [Dkt. #46] at pp. 3-9; Plaintiffs' Motion to Dismiss Response [Dkt. #41] at pp. 6-18. Moreover, she remains a WAP participant under ERISA because she has a more than colorable claim for relief related to the plan. *See,* Plaintiffs' Class Motion Reply [Dkt. #46] at pp. 3-5. Regardless, it is undisputed that Messrs. Gift and Neuhaus satisfy any applicable duty to exhaust administrative remedies—Defendants have said so in writing. *See,* exhibits attached to Plaintiffs' Motion to Re-urge Class Certification and Plaintiffs' Motion to Supplement the Summary Judgment Record [Dkt. ##116, 123]. Therefore,

whatever merit existed regarding Defendants' failure to exhaust administrative remedies defense no longer exists.

**B.    There is and has been only one WAP.**

During the time period 2004 to date, it is Plaintiffs' contention that Defendants have operated a legally non-compliant employee pension benefit plan.  As fully briefed before, Defendants' suggestion that there should be three separate classes tied to the changes that Defendants made to the WAP's eligibility requirements when they finally tried to do something about the "WAP purgatory" they had created by blowing the top hat exemption (Defendants' Opposition at pp. 7, 9-12, and 17-18) is frivolous based upon Defendants' own documents because, among other things, the WAP is a non-compliant top hat plan at all relevant times. *See,* Plaintiffs' Class Motion Reply at pp. 3-6.

**C.    Defendants' limitations argument would eliminate ERISA's six year limitations period.**

Defendants argue that 28 U.S.C. § 1113's three year statute of limitations limits the class period to three years before Ms. Tolbert brought suit (January 11, 2011), because she allegedly knew that the WAP was not a valid top hat plan as of the day that she filed suit. *See,* Defendants' Opposition at pp. 16-17 [Dkt. #45].[5]  As discussed in Plaintiffs' Class Motion Reply [Dkt. #46], ERISA provides a six year limitations period for claims under §§1132(a)(2) and (3), unless the plaintiff had "actual knowledge" of the violation or unless she received a report from which he or she could reasonably be expected to have obtained knowledge of that violation. *See,* Plaintiffs' Class Motion Reply [Dkt. #46] at pp. 9-10.

---

[5] Defendants' premise that the case should be governed by Minnesota's two year limitations period (Defendants' Brief in Opposition to Plaintiffs' Motion for Class Certification at pp. 13-16) is frivolous, because Plaintiffs do not assert a claim for benefits due under the plan under § 1132(a)(1)(B) and because Texas' four year statute would apply if they did. *See,* Plaintiffs' Class Motion Reply [Dkt. #46] at p. 11.

Lacking any evidence that Ms. Tolbert ever received such a document, which would be hard to find as all of Defendants' documents proclaim that the WAP is a valid top hat plan and thereby exempt from ERISA (which fact contradicts their newfound[6] defense that the WAP is not a retirement plan at all), Defendants hypothecate that she must be deemed to have such knowledge as of the day she filed suit. Defendants' Opposition at pp. 16-18. That theory fails for at least two reasons. One, it would completely obliterate ERISA's six year limitations period. Under Defendants' thinking, the three year period would necessarily apply to every plaintiff in every case, because every plaintiff would be deemed to have knowledge of the violation on the day that he or she filed suit.

Two, the words "actual knowledge" must be given meaning. Defendants failed to point to any evidence that she had any such actual knowledge herself, which they know is not true given that they repeatedly told her, everyone else at RBC, and this Court that the WAP is a valid top hat plan and which they claim to be so as a matter of law. That her lawyers asserted a claim based on her behalf alleging that a violation occurred is not itself evidence that she had the required actual knowledge. Otherwise, the six year period would be a nullity.

## VI. CONCLUSION

The facts of this case require that it be certified as a class action. All the requested relief is sought on behalf of the class as a whole. The issue at the heart of Plaintiffs' First Amended Complaint—the unlawful maintenance of the WAP—involves and affects the entire class. To maintain a class action, Plaintiffs need only satisfy Rule 23(a) and at least one of Rule 23(b)'s subsections. They have met this burden. Certification is appropriate and should be granted on an expedited basis.

---

[6] *Cf.*, Ex. A and Ex. B of Dkt. #123.

Respectfully submitted,

GARDERE WYNNE SEWELL LLP

*/s/ Geoffrey H. Bracken*
Geoffrey H. Bracken
State Bar No. 02809750
J. Palmer Hutcheson
State Bar No. 10335500
Rhonda R. Weiner
State Bar No. 24047732
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007
Telephone: 713.276.5739
Facsimile: 713.276.6739

*/s/ William G. Whitehill*
William G. Whitehill
State Bar No. 21356550
Joe B. Harrison
State Bar No. 09115500
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Telephone: 214.999.4633
Facsimile: 214.999.3633

**ATTORNEYS FOR PLAINTIFFS, BRENDA TOLBERT, LAWRENCE GIFT, JR., AND JOSEPH RICE NEUHAUS, JR.**

## CERTIFICATE OF CONFERENCE

Plaintiffs' counsel has previously discussed class certification with the Defendants on numerous occasions, and it is presumed that Defendants do not agree to proceeding with this case as a class action.

*/s/ Geoffrey H. Bracken*
Geoffrey H. Bracken

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2012, a true and correct copy of this document has been forwarded to all counsel of record through the Court's CM/ECF system and by hand delivery to Ms. Gates on this 5th day of October, 2012.

Alison J. Gates
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana, Suites 4200
Houston, Texas 77002

Christopher J. Boran
Sari M. Alamuddin
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, Illinois 60601

　　　　　　　　　　　　　　　　　　　　*/s/ Geoffrey H. Bracken*
　　　　　　　　　　　　　　　　　　　　Geoffrey H. Bracken