IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA TOLBERT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-CV-00107 |
| | § | |
| RBC CAPITAL MARKETS | § | |
| CORPORATION N/K/A RBC CAPITAL | § | |
| MARKETS, LLC; RBC CENTURA | § | |
| BANK N/K/A RBC BANK (USA); | § | |
| RBC U. S. INSURANCE SERVICES, INC. | § | |
| | § | |
| Defendants. | § | |

# REPLY REGARDING MOTION TO JOIN PARTY DEFENDANT

**I.**

It is as though Defendants did not actually read Plaintiffs' Motion To Join Party Defendant [Dkt. # 126]. Plaintiffs stated clearly and unequivocally that their claims arise under 28 U.S.C. § 1132(a)(2) and (3) for (a) a judgment declaring that the WAP is not a valid top hat plan; (b) for appropriate equitable relief, since the WAP is not a valid top hat plan (and those participants, like Plaintiffs, whose vested benefits Defendants have illegally forfeited are not entitled to benefits under the WAP's forfeiture clause as written); and (c) to remedy the Defendants' fiduciary breaches by failing to maintain a legally compliant pension plan and the required separate trust needed to secure WAP benefits for Plaintiffs and all other similarly situated WAP participants. *Id.* Yet, Defendants attempt to portray Plaintiffs' motion as a disguised motion to amend the complaint to assert a claim for benefits due under the WAP's terms under 28 U.S.C. 1132(a)(1)(B). Plaintiffs did not do any such thing. To the contrary, they

were and are steadfast in asserting their claims are properly maintained under 28 U.S.C. § 1132(a)(2) and (3).

## II.

As Plaintiffs stated in their First Amended Complaint (FAC), Defendants are the appropriate parties in this case because they agreed in the WAP plan document itself to be the responsible parties for all WAP financial obligations. FAC ¶¶ 19-21, 103-12. This is the precise result and holding that the Fifth Circuit affirmed in *Carrabba v. Randalls Food Markets, Inc.*, 145 F.Supp. 2d 763, 766, 770-71 (N.D. Tex. 2000), *aff'd.*, 252 F.3d 721 (5th Cir. 2001) (*per curium*), *cert. denied*, 534 U.S. 995, 122 S.Ct. 463 (2001). Indeed, *Carrabba* expressly rejects Defendants' premise that Plaintiffs' remedy would be a claim for benefits under the WAP's terms, since Plaintiffs would not be entitled to any benefits under the WAP's terms. *Id.*

*Carrabba* is not alone in this result. *See, Varity Corp. v. Howe*, 516 U.S. 489, 515, 116 S.Ct. 1065 (1996) (former employees who were no longer members of the plan entitled to an individualized equitable remedy, which is consistent with ERISA and its remedial purposes); *Kifafi v. Hilton Hotels Retirement Plan*, 736 F. Supp. 2d 64, 68-69 (D.D.C. 2010) (equitable remedy, including restitution and injunctive relief, imposed for violations of ERISA vesting rules). Indeed, the *Kifafi* court noted that:

> "Thus, courts have found that equitable relief is appropriate in ERISA cases where it places participants 'in basically the same financial position in which they would be if the employer had complied with the minimum requirements necessary for the [plan] to satisfy the accrual and vesting provisions of ERISA.' *Carrabba v. Randalls Food Markets, Inc.,* 145 F.Supp.2d 763, 770-71 (N.D.Tex.2000), *aff'd*, 252 F.3d 721 (5th Cir.2001) (per curiam)."

*Carrabba's* rationale applies equally here, as the facts are in this respect identical. One, due to the WAP's illegal forfeitability clause (*see,* FAC ¶ 28), Plaintiffs are not entitled to relief under the WAP's terms. Any relief for Defendants' illegal conduct can only come, therefore,

2

under 28 U.S.C. § 1132(a)(2) or (3). Two, the Defendants expressly and affirmatively accepted all financial responsibility concerning the WAP. *See,* FAC ¶ 21. Three, because Defendants in fact exercised discretionary authority over the WAP, they had a fiduciary responsibility to fund and maintain a separate trust fund exclusively for WAP participants and in accordance with ERISA. *See,* 28 U.S.C. §§ 1053(a), 1104(1)(D).

Finally, only Defendants can be liable for failing to create and fund the required separate trust, because the WAP (and certainly the WAP committee) had no ability to do so themselves. Only the Defendants could fund, and they are thus liable for failing to do so. Plaintiffs are, notwithstanding Defendants' protests to the contrary (Defs' Resp. 3), seeking, among other things, relief for the plan—that Defendants be ordered to create, fund, and maintain the required separate trust holding plan assets sufficient to cover the WAP's obligations to all participants. Doing so will undoubtedly benefit the plan.

Accordingly, Plaintiffs' relief lies under 28 U.S.C. § 1132(a)(2) or (3). Plaintiffs do not in their FAC or in their recent motion suggest otherwise.

### III.

Exhaustion of administrative remedies remains a non-issue. Defendants' efforts to turn the debate to the exhaustion of remedies lack merit, because Plaintiffs have steadfastly maintained that exhaustion does ***not*** apply to their claims under 28 U.S.C. § 1132(a)(2) or (3). *See, e.g.,* Plaintiff's Response to Motion to Dismiss and Brief 6-17 [Dkt. # 41]. Their motion to add another defendant says nothing to the contrary.

WHEREFORE, Plaintiffs ask this Court to grant their Motion to Join Party Defendant and for such other and further relief, both at law and in equity, general or special, to which they show themselves to be entitled.

Respectfully submitted,

GARDERE WYNNE SEWELL LLP

By: */s/ Geoffrey H. Bracken*
    Geoffrey H. Bracken
    State Bar No. 02809750
    J. Palmer Hutcheson
    State Bar No. 10335500
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007
Telephone: 713.276.5739
Facsimile: 713.276.6739

By: */s/ William G. Whitehill*
    William G. Whitehill
    State Bar No. 21356550
    Joe B. Harrison
    State Bar No. 09115500
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Telephone: 214.999.4633
Facsimile: 214.999.3633

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this documents was served on Defendants' counsel *via* the Court's electronic filing system this 6th day of November, 2012.

| | |
|---|---|
| Alison J. Gates | Sari M. Alamuddin |
| Morgan, Lewis & Bockius LLP | Christopher J. Boran |
| 1000 Louisiana, Suite 4200 | Morgan, Lewis & Bockius LLP |
| Houston, Texas 77002 | 77 West Wacker Drive, Fifth Floor |
| 713-890-5157 (telephone) | Chicago, Illinois 60601 |
| 713-890-5001 (facsimile) | 312-324-1000 (telephone) |
| | 312-324-1001 (facsimile) |

    */s/ Geoffrey H. Bracken*
    Geoffrey H. Bracken