IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA TOLBERT | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:11-CV-00107 |
| RBC CAPITAL MARKETS CORPORATION N/K/A RBC CAPITAL MARKETS, LLC; RBC CENTURA BANK N/K/A RBC BANK (USA); RBC U. S. INSURANCE SERVICES, INC. | § § § § § § § | |
| Defendants. | § | |

## PLAINTIFFS' MOTION IN LIMINE

Plaintiffs, Brenda Tolbert, Joseph Neuhaus, Jr., and Lawrence Gift, Jr., file this Motion in Limine before the trial and before any evidence has been presented in this case and respectfully moves the Court to give the following instructions to all parties, and their witnesses and attorneys. Plaintiffs move that counsel be instructed not to refer, interrogate concerning or allude, directly or indirectly, in any manner at the time of trial to any of the following items without first approaching the bench and advising the Court and Plaintiffs' counsel of any theory of admissibility and obtaining a ruling by the Court on such matters out of the presence and hearing of the jury. Plaintiffs further move that all counsel advise their witnesses of the contents of this Motion so that no witness will inadvertently violate the Court's ruling. The matters subject to this Motion are as follows:

1. Any reference to or mention of any information in any document that has not yet been admitted into evidence or any statements contained in any such document.

AGREED: _____   GRANTED: _____   DENIED: _____

2. Any reference to or suggestion that Plaintiffs have failed to call any witness equally available, through prior depositions or otherwise, to any party in this action.

AGREED: _____   GRANTED: _____   DENIED: _____

3. Any reference to or suggestion that there will probably be testimony of certain facts by witnesses who are not later called to testify at trial.

AGREED: _____   GRANTED: _____   DENIED: _____

4. Any reference to any discovery objections made in pretrial discovery by any party and any rulings of the Court on such objections. It is well established that counsel may not argue or infer facts could have been proved but for the objections of the opposing party. The claim of a privilege, whether in the present proceeding or upon a prior occasion, is not a proper subject of comment and no inference may be drawn therefrom.

AGREED: _____   GRANTED: _____   DENIED: _____

5. Any reference to Defendants' inclusion of foreign employees or Royal Bank of Canada's "total workforce" when evaluating whether the WAP meets the quantitative analysis of the "select group" component.[1] This inclusion is without precedence, is directly contrary to RBC's internal treatment and historical evaluation, and is also directly contrary to RBC's stated legal position in this and other litigation before sister federal courts.

AGREED: _____   GRANTED: _____   DENIED: _____

6. That no mention or reference be made in any form about any offers to settle or compromise or the failure to make any such offers.

---

[1] This issue is substantively addressed at pages 37-41 of Plaintiff's Response to Motion for Summary Judgment and Reply in Support of its Motion for Partial Summary Judgment [Dkt. #393] and, pursuant to Fed. R. Civ. P. 10(c), the argument and evidence (including prior sworn testimony) referred to therein is adopted and incorporated herein by reference.

7. Any document not previously produced in discovery or in accordance with the parties' Joint Discovery/Case Management Plan (Dkt. #26) and the Court's Docket Control Order, as amended (Dkt. ## 39, 54). Fed. R. Civ. P. 26(a), 37(b)(ii)(a).

AGREED: _____  GRANTED: _____  DENIED: _____

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Brenda Tolbert, Joseph Neuhaus and Chip Gift, would move the Court to grant this Motion in Limine and restrict counsel and their witnesses not to inquire into the matters set forth herein, or into other lines of testimony similar thereto until first having taken the matter up with the Court, and that they may have such other and further relief to which the Court may deem just and proper.

Respectfully submitted,

GARDERE WYNNE SEWELL LLP

By: */s/ Geoffrey H. Bracken*
    Geoffrey H. Bracken
    State Bar No. 02809750
    Rhonda Reed Weiner
    State Bar No. 24047732
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007
Telephone: 713.276.5739
Facsimile: 713.276.6739

By: */s/ William G. Whitehill*
    William G. Whitehill
    State Bar No. 21356550
    Joe B. Harrison
    State Bar No. 09115500
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Telephone: 214.999.4633
Facsimile: 214.999.3633

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 18, 2013, a true and correct copy of this document has been forwarded to all counsel of record through the Court's CM/ECF system.

Alison J. Gates
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana, Suites 4200
Houston, Texas 77002

Christopher J. Boran
Sari M. Alamuddin
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, Illinois 60601

                                             */s/ Geoffrey H. Bracken*
                                             Geoffrey H. Bracken

6296613v.1