# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| BRENDA TOLBERT, ET AL. § § Plaintiff § § § No. 4:11-CV-107 v. § § Judge Keith P. Ellison RBC CAPITAL MARKETS § CORPORATION n/k/a RBC CAPITAL § MARKETS, LLC, ET AL., § § Defendants. § | |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment argues, *inter alia*, that plaintiffs' fiduciary breach claims with respect to the pre-2009 plan years are barred by ERISA's six-year statute of repose, codified at 29 U.S.C. § 1113(1)(A). (Dkt. No. 91 at 42-45.) In support, defendants cited a number of cases holding that § 1113(1)(A) does not permit application of a "continuing violation" theory for ERISA fiduciary breach claims, including the district courts' decisions in *Tibble v. Edison Int'l*, 639 F. Supp. 2d 1074 (C.D. Cal. 2009) and *David v. Alphin*, 2011 WL 4402759 (W.D.N.C. Sept. 22, 2011). (Dkt. No. 91 at 43 n.16.) Both *Tibble* and *David* were recently affirmed by the United States Courts of Appeals for the Ninth and Fourth Circuits, respectively. *Tibble v. Edison Int'l*, No. 10-56406, Dkt. No. 82-1, Slip Opinion (9th Cir. Mar. 21, 2013) (attached as Exhibit A); *David v. Alphin*, 704 F.3d 327 (4th Cir. 2013) (attached as Exhibit B). Defendants respectfully submit these two decisions as supplemental authority in support of the timeliness arguments found on pages 42-45 of their summary judgment brief. (Dkt. No. 91.)

In both cases, the courts of appeals addressed fiduciary breach claims based on the alleged imprudent decision to include certain investment options in a benefit plan. And in both cases the courts held that the plaintiffs' claims were barred by the six-year repose period prescribed in 29 U.S.C. § 1113(1)(A), reasoning that the initial decision to include the investments in the plan occurred more than six years before plaintiffs filed their complaint. As the *Tibble* court explained, permitting a "continuing violation theory" to avoid dismissal under § 1113(1)(A), "would make a hash out of ERISA's limitation period and lead to an unworkable result." Slip Opinion at 10. Thus, in both cases, the courts held that, absent evidence of a *new* breach triggering a *new* limitations period, plaintiffs' claims were time-barred. *See id.* at 11 (plaintiffs' "logic confuse[s] the failure to *remedy* the alleged breach of an obligation, with the commission of an alleged *second* breach, which, as an overt act of its own recommences the limitations period" (quotations omitted)); *David*, 704 F.3d at 341-43 (similar).

Likewise, here, plaintiffs have expressly alleged that the alleged fiduciary defendants violated their fiduciary duties by, at all times since 2002, operating the WAP in violation of ERISA's vesting (and other) requirements. Plaintiffs have never attempted to identify any independent breach occurring thereafter. Accordingly, consistent with the recent Circuit Court decisions in *Tibble* and *David*, plaintiffs' claims with respect to the pre-2009 plan years are barred by the six-year repose period prescribed in 29 U.S.C. § 1113(1)(A).

Dated: March 22, 2013

                                          Respectfully submitted,

                                          RBC Capital Markets Corporation; RBC Capital Markets, LLC; RBC Centura Bank; and RBC U.S. Insurance Services, Inc.

by: s/ Christopher J. Boran

Sari M. Alamuddin (*admitted pro hac vice*)
Ill. State Bar No. 6215689
Christopher J. Boran (*admitted pro hac vice*)
Ill. State Bar No. 6282552
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, Illinois 60601
312.324.1000 (Telephone)
312.323.1001 (Facsimile)

Alison J. Gates
TX State Bar No.24055535
Federal ID No. 706309
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana, Suite 4200
Houston, Texas 77002
713.890.5157 (Telephone)
713.890.5001 (Facsimile)

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendants' Notice of Supplemental Authority in Support of Their Motion for Summary Judgment was served via the Court's Electronic Case Filing system on March 22, 2013, on plaintiffs' counsel:

>Mr. Geoffrey H. Bracken
>Gardere Wynne Sewell LLP
>1000 Louisiana, Suite 3400
>Houston, Texas 77002-5007
>
>Mr. William G. Whitehill
>Mr. Joe B. Harrison
>1601 Elm Street, Suite 3000
>Dallas, Texas 75201

s/ Christopher J. Boran