IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA TOLBERT, JOSEPH NEUHAUS, JR., AND LAWRENCE GIFT, JR., <br> Plaintiffs, <br> v. <br><br> RBC CAPITAL MARKETS CORPORATION N/K/A RBC CAPITAL MARKETS, ET AL., <br> Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. 4:11-CV-00107 |

**PLAINTIFFS' FIRST AMENDED AND RE-URGED MOTION FOR
CLASS CERTIFICATION AND BRIEF AND REQUEST FOR EXPEDITED CONSIDERATION**

Respectfully submitted,

GARDERE WYNNE SEWELL LLP

/s/ Geoffrey H. Bracken
    Geoffrey H. Bracken
    State Bar No. 02809750
    gbracken@gardere.com
    Rhonda R. Weiner
    State Bar No. 24047732
    rweiner@gardere.com
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007
Telephone: 713.276.5739
Facsimile: 713.276.6739

/s/ William G. Whitehill
    William G. Whitehill
    State Bar No. 21356550
    Joe B. Harrison
    State Bar No. 09115500
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Telephone: 214.999.4633
Facsimile: 214.999.3633

**ATTORNEYS FOR PLAINTIFFS, BRENDA TOLBERT, LAWRENCE GIFT, JR., AND JOSEPH RICE NEUHAUS, JR.**

Page 1

Gardere01 - 6479379

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | Requested Relief | 3 |
| II. | Evidentiary Basis | 3 |
| III. | Summary | 4 |
| IV. | Background | 6 |
| V. | Arguments | 6 |
| | A. Exhaustion of remedies is not an issue | 6 |
| | B. There is and has been only one WAP | 7 |
| | C. Defendants' limitations argument would eliminate ERISA's six year limitations period | 7 |
| VI. | CONCLUSION | 8 |

## I. Requested Relief

Brenda Tolbert originally filed this action on January 11, 2011 [Dkt. #1]. All Plaintiffs, including Joseph Neuhaus, Jr. and Lawrence Gift, Jr., added by the Court at the end of March, 2012,[1] now re-urge their prior Plaintiff's Motion for Class Certification and Supporting Brief ("Plaintiffs' Class Motion") [Dkt. #31], and formally amend and unambiguously define their requested class definition to be consistent with the date that Tolbert was first wrongfully denied benefits protected by ERISA (*see* attached Exhibit "C") and the law of the case enunciated by the Fifth Circuit (*see* attached Exhibit "A"). The appropriate[2] class should be:

> **All persons who—since June 14, 2004—have or had at least five years of service with Defendants, and who were participants in the WAP or who are personal representatives for or beneficiaries of any such person who is deceased (the Plaintiff Class).**

Contemporaneous with the filing of this motion, Plaintiffs are requesting a status conference and non-jury trial setting at the Court's earliest opportunity. Accordingly, Plaintiffs request expedited consideration of the pending class certification issue.

## II. Evidentiary Basis

Pursuant to Fed. R. Civ. P. 10(c), Plaintiffs incorporate herein for all purposes the evidence, argument, and rulings contained in the following filed documents:

(1) Plaintiffs' Class Motion [Dkt. #31];

(2) Appendix in Support of Plaintiffs' Class Motion [Dkt. #32];

---

[1] Messrs. Neuhaus and Gift adopted Ms. Tolbert's pleadings in their entirety [Dkt. #94].

[2] Understanding Tolbert's contention that vested accrued benefits protected by ERISA were illegally forfeited in June 2010, Plaintiffs and Defendants both agree, however, that the limitations period for claims under § 1132(a)(2) and (3) is the earlier of six years after the date of the last action that constituted a part of the breach or violation, or three years after the earliest date on which Plaintiffs had actual knowledge of the breach or violation. *See,* Dkt. #45 at pp. 16-17.

(3) Plaintiffs' Class Motion Reply [Dkt. #46];

(4) Appendix to Plaintiffs' Class Motion Reply [Dkt. #47];

(5) Supplement to Plaintiffs' Class Motion Reply [Dkt. #55];

(6) Motion to Join Parties Plaintiff [Dkt. #94];

(7) The Court's Order, signed March 29, 2012, granting the same [Dkt. #98];

(8) Plaintiffs' Unopposed Motion to Supplement the Summary Judgment Record and Motion for Class Certification, and to Re-urge Class Certification and its related exhibits ("Plaintiffs' Motion to Re-urge Class Certification") [Dkt. #116];

(9) The Court's Order, signed June 13, 2012, granting the same [Dkt. #120];

(10) Plaintiffs' Motion to Supplement the Summary Judgment Record and related exhibits regarding Defendants' statements that Messrs. Gift and Neuhaus had exhausted their administrative remedies [Dkt. #123][3];

(11) The Court's Order, signed December 21, 2012, granting the same [Dkt. #139] at ¶ 2; and

(12) Plaintiffs' Supplemental and Re-Urged Motion for Class Certification and Brief and Request for Expedited Consideration [Dkt. #125].

### III.  Summary

Defendants have never denied that the top hat issue is proper for class treatment or that class counsel are inadequate. Rather, they opposed class certification only because: (1) Ms. Tolbert is an inadequate class representative, since she did not exhaust her administrative remedies and she was not an active WAP participant in 2009-11; (2) there should be separate classes for 2008 and earlier, 2009, and 2010 and later; and (3) the class period should be limited

---

[3] Plaintiffs do not suggest or admit that under these facts and, in this case, any Plaintiff was required to exhaust an administrative remedy.

to a three year-look back, based on a three year limitations period. Defendants' Brief in Opposition to Plaintiff's Motion for Class Certification ("Defendants' Opposition") [Dkt. #45].[4]

In addition to the reasons stated in their prior class certification filings, each challenge fails because Messrs. Gift and Neuhaus were WAP participants from in 2009 – 2011 and earlier, and have admittedly exhausted their internal plan administrative remedies,[5] even if that were necessary to seek the ERISA relief the class seeks (and it isn't). *Stephens, et al. v. Pension Benefit Guaranty Corporation*, 2013 WL 2853720, * 1, 4, ___ F.3d ____, (D.C. Cir. 2014) (holding that class members are not required to exhaust internal remedies before filing suit under ERISA because they seek enforcement of ERISA's substantive guarantees rather than contractual rights, and noting that the Third, Fourth, Fifth, Ninth, and Tenth Circuits have held exhaustion is not required when plaintiffs seek to enforce *statutory* ERISA rights, rather than contractual rights created by the terms of a benefit plan). A copy of the *Stephens* opinion is attached for the Court's convenience as Exhibit "B."

Moreover, the record overwhelmingly proves that there has been only one WAP, not three separate plans like Defendants pretend have existed, and this Court's legal and factual analysis as to whether RBC's employee pension benefit plan is a valid "top hat" plan exempt from certain ERISA requirements (and the Fifth Circuit held that ERISA applies to this case going forward, unless Defendants prove that the top hat exemption applies), is the cornerstone of each class member's claims.

---

[4] The Fifth Circuit has now expressly ruled that each of the Plaintiffs participated in the WAP, and the WAP and Plaintiffs' enforcement claims are governed by ERISA and arise under 29 U.S.C. § 1132(a). *See* Exhibit "A" at pp. 2, 5.

[5] *See,* Defendants' Response to Plaintiffs' Third Motion to Supplement the Summary Judgment Record [Dkt. #131] at ¶ 2.

Finally, Defendants' argument for a three year limitations period would strip the six year limitations period out of ERISA, and is devoid of any evidence that any Plaintiff ever had the statutorily required "actual knowledge" of Defendants' ERISA violations.

## IV.  Background

Following Messrs. Neuhaus and Gift's joinder as plaintiffs in this case, this Court, on June 13, 2012, granted Plaintiffs' Motion to Re-urge Class Certification [Dkt. ##116, 120]. Defendants admit that Messrs. Gift and Neuhaus exhausted their administrative remedies after Defendants denied their requests for relief from Defendants' illegal forfeiture of their vested accrued benefits. *See,* exhibits attached to Plaintiffs' Motion to Re-urge Class Certification and Plaintiffs' Motion to Supplement the Summary Judgment Record [Dkt. ##116, 123]. It is further undisputed that they participated in the WAP during 2009, 2010, and 2011 (*id.*), thereby removing all bases on which Defendants suggested that Ms. Tolbert is an inadequate class representative. *See,* Plaintiffs' Class Motion Reply [Dkt. #46] at pp. 3-9; Plaintiffs' Motion to Dismiss Response [Dkt. #41] at pp. 6-18.

## V.  Arguments

### A.  Exhaustion of remedies is not an issue.

Defendants' primary objection to Plaintiffs' initial class certification motion was the premise that Ms. Tolbert is not an adequate class representative because she had not exhausted her administrative remedies by appealing the initial denial of her requested relief and she allegedly was not a WAP participant in 2009 and 2010. Defendants' Opposition at pp. 4-12. As discussed in Plaintiffs' prior briefs on this issue and most recently addressed in the *Stephens* case, she was not required to exhaust her administrative remedies because (among other reasons) she seeks statutory relief under 29 U.S.C. §§ 1132(a)(2) and (3), instead of a claim for benefits due per the plan under § 1132(a)(1)(B). *See,* Plaintiffs' Class Motion Reply [Dkt. #46] at pp. 3-

9; Plaintiffs' Motion to Dismiss Response [Dkt. #41] at pp. 6-18. Moreover, she remains a WAP participant under ERISA because she has a more than colorable claim for relief related to the plan. *See,* Plaintiffs' Class Motion Reply [Dkt. #46] at pp. 3-5. Regardless, it is undisputed that Messrs. Gift and Neuhaus satisfy any applicable duty to exhaust administrative remedies—Defendants have said so in writing. *See,* exhibits attached to Plaintiffs' Motion to Re-urge Class Certification and Plaintiffs' Motion to Supplement the Summary Judgment Record [Dkt. ##116, 123]. Therefore, whatever merit may have existed regarding Defendants' failure to exhaust administrative remedies defense no longer exists.

**B.      There is and has been only one WAP.**

Plaintiffs allege that Defendants have operated an illegal employee pension benefit plan from 2004 to date. As fully briefed before, Defendants' suggestion that there should be three separate classes tied to changes Defendants made to the WAP's eligibility requirements when they finally tried to do something about their admitted "WAP purgatory" created by blowing the top hat exemption (Defendants' Opposition at pp. 7, 9-12, and 17-18) is frivolous because, among other things, the WAP is a single, non-compliant top hat plan at all relevant times. *See,* Plaintiffs' Class Motion Reply at pp. 3-6. That is, amending a plan does not create a new plan. Rather, it results in the underlying plan continuing to exist as amended.

**C.      Defendants' limitations argument would eliminate ERISA's six year limitations period.**

Defendants argue that 28 U.S.C. § 1113's three year statute of limitations limits the class period to three years before Ms. Tolbert brought suit (January 11, 2011), because she allegedly knew that the WAP was not a valid top hat plan as of the day that she filed suit. *See,* Defendants'

Gardere01 - 6479379

Opposition at pp. 16-17 [Dkt. #45].[6] As discussed in Plaintiffs' Class Motion Reply [Dkt. #46], ERISA provides a six year limitations period for claims under §§1132(a)(2) and (3), unless the plaintiff had "actual knowledge" of the violation or unless she received a report from which he or she could reasonably be expected to have obtained knowledge of that violation. *See,* Plaintiffs' Class Motion Reply [Dkt. #46] at pp. 9-10.

Lacking any evidence that Plaintiffs ever received such a document, Defendants hypothecate that Tolbert must be deemed to have such knowledge as of the day she filed suit. Defendants' Opposition at pp. 16-18. That theory fails for at least two reasons. One, it would completely obliterate ERISA's six year limitations period. Under Defendants' thinking, the three year period would necessarily apply to every plaintiff in every case, because every plaintiff would be deemed to have knowledge of the violation on the day that he or she filed suit.

Two, the words "actual knowledge" must be given meaning. Defendants failed to point to any evidence that Plaintiffs had any such actual knowledge themselves, which Defendants know is not true given that they repeatedly told Plaintiffs, everyone else at RBC, this Court, and the Fifth Circuit that the WAP is a valid and subsisting top hat plan and which they claim to be so as a matter of law. That Tolbert's lawyers asserted a claim based on her and the other Plaintiffs' behalf alleging that a violation occurred is not itself evidence that she had the required actual knowledge. Otherwise, the six year period would be a nullity.

## VI. CONCLUSION

The facts of this case require that it be promptly certified as a class action. All the requested relief is sought on behalf of the class as a whole. The issue at the heart of Plaintiffs'

---

[6] Defendants' premise that the case should be governed by Minnesota's two year limitations period (Defendants' Brief in Opposition to Plaintiffs' Motion for Class Certification at pp. 13-16) is frivolous, because Plaintiffs do not assert a claim for benefits due under the plan under § 1132(a)(1)(B) and because Texas' four year statute would apply if they did. *See,* Plaintiffs' Class Motion Reply [Dkt. #46] at p. 11.

First Amended Complaint—the unlawful maintenance of the WAP—involves and affects the entire class. To maintain a class action, Plaintiffs need only satisfy Rule 23(a) and at least one of Rule 23(b)'s subsections. They have met this burden. Certification is appropriate and should be granted on an expedited basis.

Respectfully submitted,

GARDERE WYNNE SEWELL LLP

*/s/ Geoffrey H. Bracken*
Geoffrey H. Bracken
State Bar No. 02809750
Rhonda R. Weiner
State Bar No. 24047732
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007
Telephone: 713.276.5739
Facsimile: 713.276.6739

*/s/ William G. Whitehill*
William G. Whitehill
State Bar No. 21356550
Joe B. Harrison
State Bar No. 09115500
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Telephone: 214.999.4633
Facsimile: 214.999.3633

**ATTORNEYS FOR PLAINTIFFS, BRENDA TOLBERT, LAWRENCE GIFT, JR., AND JOSEPH RICE NEUHAUS, JR.**

## CERTIFICATE OF CONFERENCE

Plaintiffs' counsel has previously discussed class certification with the Defendants on numerous occasions, most recently with Joe Harrison, and Defendants have stated that they do not agree to proceeding with this case as a class action.

/s/ Geoffrey H. Bracken
Geoffrey H. Bracken

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been forwarded to all counsel of record through the Court's CM/ECF system on this 5th day of August, 2014.

Alison J. Gates
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana, Suites 4200
Houston, Texas 77002

Christopher J. Boran
Sari M. Alamuddin
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, Illinois 60601

/s/ Geoffrey H. Bracken
Geoffrey H. Bracken