# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA TOLBERT, et al., | § | |
| | § | |
| Plaintiff | § | |
| | § | No. 4:11-CV-107 |
| v. | § | |
| | § | Judge Keith P. Ellison |
| RBC CAPITAL MARKETS | § | |
| CORPORATION n/k/a RBC CAPITAL | § | |
| MARKETS, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

Plaintiffs improperly use their Request for Judicial Notice (Dkt. 170) as a vehicle to rehash an argument made in their December 16, 2011 motion for partial summary judgment: Because the WAP was designed *primarily to recruit and retain* valuable financial consultants, it cannot be deemed an exempt top-hat plan designed "*primarily for the purpose of providing deferred compensation* for a select group of management or highly compensated employees." 29 U.S.C. § 1101(a)(1) (emphasis added). *See* Dkt. 84, Pl. MPSJ at 7, 29. In other words, plaintiffs contend that because the WAP's "primary" purpose was to recruit and retain select employees by providing a valuable deferred compensation benefit—as opposed to simply providing such deferred compensation—it is not a top-hat plan. This semantic torturing of ERISA's top-hat exemption is as senseless today as it was when plaintiffs first raised it in 2011.

As RBC already has pointed out, Dkt. 92, Def. Resp. to Pl. MPSJ at 43, plaintiffs' same "primary purpose" argument is unsupported by any relevant case authority and contrary to decisions of the First and Second Circuits. *See Alexander v. Brigham & Women's Physicians Org., Inc.*, 467 F.3d 37 (1st Cir. 2008) (holding that plans created "to recruit and retain top-flight surgeons" were exempt top-hat plans); *Demery v. Extebank Deferred Comp. Plan*, 216 F.3d 283,

287 (2d Cir. 2000) (reasoning that the plan "was established as a means to retain valuable employees," and that this "must weigh in favor of classifying the [p]lan as a top hat plan"). As these courts recognize, it is hardly remarkable that an employer would provide a valuable deferred compensation plan to select employees for the purpose of attracting and retaining those employees—indeed, that purpose *fully supports* application of ERISA's top-hat exemptions.

There is nothing new in RBC's or the *amicus curiae* briefing before the Fifth Circuit to suggest otherwise. RBC's appellate brief is entirely consistent with its summary judgment briefing in this Court. Indeed, many of the quotations plaintiffs highlight from that brief are direct quotes from the summary judgment briefing. It always has been undisputed that the WAP was designed primarily to attract and retain valuable financial consultants—and it did so by providing deferred compensation to a select group of these and other highly-compensated employees. *See, e.g.*, Dkt. 92, Resp. to Pl. MPSJ at 1, 3, 4, 15, 30.

Moreover, the Securities Industry and Financial Markets Association's ("SIFMA") *amicus curiae* brief only supports holding that the WAP satisfies ERISA's top-hat exemptions. SIFMA detailed several reasons why financial advisors—like the highly-compensated WAP participants—are uniquely valuable and influential employees. *See* SIFMA Br. at 5-16. Precisely because the few WAP-eligible employees were highly-compensated and uniquely valuable to RBC's business, the Court should hold that the WAP is an exempt top-hat plan. *See, e.g.*, Dkt. 91, Def. MSJ at 27-35; Dkt. 92, Def. Resp. to Pl. MPSJ at 27-44; Dkt. 95, Def. Reply in Supp. of MSJ at 8-17; Dkt. 111, Def. Supplemental Br. in Supp. MSJ at 3-5.

In sum, while RBC does not oppose judicial notice of RBC's and SIFMA's briefs filed in the Fifth Circuit, it submits that plaintiffs' repeat argument based on those briefs is without merit for reasons previously discussed.

Respectfully submitted,

RBC Capital Markets Corporation; RBC Capital Markets, LLC; RBC Centura Bank; and RBC U.S. Insurance Services, Inc.

by: s/ Chris Boran
    One of their attorneys

    Sari M. Alamuddin (*admitted pro hac vice*)
      Ill. State Bar No. 6215689
    Christopher J. Boran (*admitted pro hac vice*)
      Ill. State Bar No. 6282552
    Matthew A. Russell (*admitted pro hac vice*)
      Ill. State Bar No. 6290632
    MORGAN, LEWIS & BOCKIUS LLP
    77 West Wacker Drive, Fifth Floor
    Chicago, Illinois 60601
    312.324.1000 (Telephone)
    312.323.1001 (Facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been sent to counsel of record through the Court's CM/ECF system on September 24, 2014, as follows:

> Mr. Geoffrey H. Bracken
> Gardere Wynne Sewell LLP
> 1000 Louisiana, Suite 3400
> Houston, Texas 77002-5007
>
> Mr. William G. Whitehill
> Mr. Joe B. Harrison
> 1601 Elm Street, Suite 3000
> Dallas, Texas 75201

s/ Chris Boran