# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| BRENDA TOLBERT, et al., § <br> § <br> Plaintiff § <br> § No. 4:11-CV-107 <br> v. § <br> § Judge Keith P. Ellison <br> RBC CAPITAL MARKETS § <br> CORPORATION n/k/a RBC CAPITAL § <br> MARKETS, LLC, ET AL., § <br> § <br> Defendants. § <br> § | |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants RBC Capital Markets Corp., *et al.* ("RBC") submit this Notice of Supplemental Authority to address the Supreme Court's May 18, 2015 decision in *Tibble v. Edison International*, 2015 WL 2340845 (attached hereto as Ex. A), which vacated and remanded a Ninth Circuit ruling RBC cited in support of its statute of limitations argument in its motion for summary judgment, *see* Dkt. 144. For the reasons discussed below, RBC submits that *Tibble* reinforces RBC's summary judgment arguments still pending before this Court.

In *Tibble*, the Supreme Court held that ERISA-plan fiduciaries have a duty to monitor the investment options offered participants under the plan and, for limitations purposes, a breach of this duty could give rise to a claim separate and apart from an alleged breach for selecting the imprudent investment in the first place. 2015 WL 2340845, at *5. In reaching this holding, the Supreme Court reasoned that the Ninth Circuit had erred insofar as it found the plaintiffs' claims time-barred under ERISA § 413(1) "without considering the nature of the fiduciary duty" allegedly breached. *Id.* at *4. Specifically, the Ninth Circuit "did not recognize that under trust law a fiduciary is required to conduct a regular review of [trust investments] with the nature and

1

timing of the review contingent on the circumstances." *Id.* Thus, under *Tibble*, the nature of the fiduciary duty (if any) at issue is essential to determining whether a breach occurred within the six-year repose period set forth in § 413(1).

Here, according to plaintiffs' own filings, the "heart of [their] claim is whether the WAP is an illegal ERISA pension plan," Dkt. 24 ¶ 30, and they contend that the WAP has been "illegal" for the same reasons since 2002. Consequently, given the nature of the plaintiffs' purported fiduciary breach claim, any supposed breach arose in 2002 with no separate and distinct breaches since. There is no alleged failure to "monitor" akin to the duty 401(k) plan fiduciaries owe with respect to plan investments. Indeed, no such fiduciary duty to monitor—or any fiduciary duties, for that matter—arise here, unless the Court determines that the WAP was not a top-hat plan. In short, taking their claim at face value, *Tibble* does not disturb and indeed reinforces the conclusion that plaintiffs' purported fiduciary breach claim is barred by § 413(1).[1]

That said, *Tibble*'s analysis also underscores the conclusion that plaintiffs' purported fiduciary breach claim is not a fiduciary breach claim at all. In *Tibble*, the Supreme Court emphasized the importance of identifying the nature of the fiduciary duty owed. But that is a non-starter in the case of a top-hat plan. Indeed, any suggestion of a fiduciary duty to monitor a top-hat plan's exempt status, for example, is entirely circular—no such duty could ever arise, much less be satisfied, unless and until the plan is found *not* to be exempt. Similarly perplexing in the top-hat context is *Tibble*'s instruction that courts look to trust-law principles to define the contours of ERISA fiduciary duties—this doctrinal analogy makes little sense in the case of top-hat plans which, by statutory definition, have no underlying trust fund.

In short, these logical disconnects reveal plaintiffs' claim for what it truly is: a statutory

---

[1] *Tibble* also does not alter the alternative conclusion that plaintiffs' individual claims are barred by the three-year limitations period in § 413(1) because they had "actual knowledge" of the fiduciary breaches alleged more than three years before they filed suit in January 2011. *See, e.g.*, Dkt. 91 at 39-42; Dkt. 95 at 17-18; Dkt. 111, 6-7.

2

challenge to the design of the WAP as it has existed since 2002. As such, plaintiffs' claim does not rest on any readily defined fiduciary duty, but rather amounts to a broadside attack on RBC's design of the WAP in its non-fiduciary "settlor" capacity. Thus, there is no need for the Court to try to fit a square peg into a round hole by attempting to apply the limitations and repose periods set forth in ERISA § 413(1). The Court instead should construe plaintiffs' claim as a statutory challenge to the WAP, properly arising under § 502(a)(1)(B), or alternatively § 502(a)(3), and therefore subject to the most analogous state statute of limitations. *See* Dkt. 37 at 7-10; Dkt. 4 at 6-7; Dkt. 91 at 37; *see also, e.g.*, *N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) (holding that non-fiduciary-breach claims under § 502(a)(3) are subject to the statute of limitations for the most analogous cause of action under state law).

## CONCLUSION

For the reasons stated above, in addition to those stated in RBC's previous briefing, the Court should find plaintiffs' claims untimely and grant summary judgment for RBC.

Dated: May 22, 2015

Respectfully submitted,

RBC Capital Markets Corporation; RBC Capital Markets, LLC; RBC Centura Bank; and RBC U.S. Insurance Services, Inc.

by: /s/ *Christopher J. Boran*

Sari M. Alamuddin (*admitted pro hac vice*)
Ill. State Bar No. 6215689
Christopher J. Boran (*admitted pro hac vice*)
Ill. State Bar No. 6282552
Matthew A. Russell (*admitted pro hac vice*)
Ill. State Bar No. 6290632
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, Illinois 60601
312.324.1000 (Telephone)
312.323.1001 (Facsimile)

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent to counsel of record through the Court's CM/ECF system on May 22, 2015, as follows:

> Mr. Geoffrey H. Bracken
> Gardere Wynne Sewell LLP
> 1000 Louisiana, Suite 3400
> Houston, Texas 77002-5007
>
> Mr. William G. Whitehill
> Mr. Joe B. Harrison
> Gardere Wynne Sewell LLP
> 1601 Elm Street, Suite 3000
> Dallas, Texas 75201

                                                     s/ Christopher J. Boran