# EXHIBIT A

2015 WL 2340845
Only the Westlaw citation is currently available.
Supreme Court of the United States

Glenn TIBBLE et al., Petitioners,

v.

EDISON INTERNATIONAL et al.

No. 13–550. | Argued Feb. 24, 2015. | Decided May 18, 2015.

**Synopsis**
**Background:** Beneficiaries of defined-contribution retirement savings plan brought Employee Retirement Income Security Act (ERISA) action against alleged fiduciaries of plan, seeking to recover damages for alleged losses suffered by plan, in addition to injunctive and other equitable relief. The United States District Court for the Central District of California, Stephen V. Wilson, J., granted summary judgment for alleged fiduciaries in part, 639 F.Supp.2d 1074, granted summary judgment for alleged fiduciaries on remaining claims in part, 639 F.Supp.2d 1074, and, following bench trial, determined that fiduciaries had breached duty of prudence, and awarded damages, 2010 WL 2757153. Parties cross-appealed. The United States Court of Appeals for the Ninth Circuit, O'Scannlain, Circuit Judge, 729 F.3d 1110, affirmed. Certiorari was granted.

**[Holding:]** The Supreme Court, Justice Breyer, held that Court of Appeals erred in concluding that claims were untimely, based solely on alleged fiduciaries' initial selection of funds, and without considering the contours of the alleged breach of fiduciary duty.

Vacated and remanded.

*Syllabus*[*]

[*] The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States v. Detroit Timber & Lumber Co.,* 200 U.S. 321, 337, 26 S.Ct. 282, 50 L.Ed. 499.

**\*1** In 2007, petitioners, beneficiaries of the Edison 401(k) Savings Plan (Plan), sued Plan fiduciaries, respondents Edison International and others, to recover damages for alleged losses suffered by the Plan from alleged breaches of respondents' fiduciary duties. As relevant here, petitioners argued that respondents violated their fiduciary duties with respect to three mutual funds added to the Plan in 1999 and three mutual funds added to the Plan in 2002. Petitioners argued that respondents acted imprudently by offering six higher priced retail-class mutual funds as Plan investments when materially identical lower priced institutional-class mutual funds were available. Because ERISA requires a breach of fiduciary duty complaint to be filed no more than six years after "the date of the last action which constitutes a part of the breach or violation" or "in the case of an omission the latest date on which the fiduciary could have cured the breach or violation," 29 U.S.C. § 1113, the District Court held that petitioners' complaint as to the 1999 funds was untimely because they were included in the Plan more than six years before the complaint was filed, and the circumstances had not changed enough within the 6–year statutory period to place respondents under an obligation to review the mutual funds and to convert them to lower priced institutional-class funds. The Ninth Circuit affirmed, concluding that petitioners had not established a change in circumstances that might trigger an obligation to conduct a full due diligence review of the 1999 funds within the 6–year statutory period.

*Held*: The Ninth Circuit erred by applying § 1113's statutory bar to a breach of fiduciary duty claim based on the initial selection of the investments without considering the contours of the alleged breach of fiduciary duty. ERISA's fiduciary duty is "derived from the common law of trusts," *Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.,* 472 U.S. 559, 570, 105 S.Ct. 2833, 86 L.Ed.2d 447, which provides that a trustee has a continuing duty—separate and apart from the duty to exercise prudence in selecting investments at the outset—to monitor, and remove imprudent, trust investments. So long as a plaintiff's claim alleging breach of the continuing duty of prudence occurred within six years of suit, the claim is timely. This Court expresses no view on the scope of respondents' fiduciary duty in this case, *e.g.*, whether a review of the contested mutual funds is required, and, if so, just what kind of review. A fiduciary must discharge his responsibilities "with the care, skill, prudence, and diligence" that a prudent person "acting in a like capacity and familiar with such matters" would use. § 1104(a)(1). The case is remanded for the Ninth Circuit to consider petitioners' claims that

respondents breached their duties within the relevant 6–year statutory period under § 1113, recognizing the importance of analogous trust law. Pp. ––––– – –––––.

729 F. 3d 1110, vacated and remanded.

 **\*2**  BREYER, J., delivered the opinion for a unanimous Court.

CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

**Attorneys and Law Firms**

David C. Frederick, Washington, DC, for petitioners.

Nicole A. Saharsky for the United States as amicus curiae, by special leave of the Court, supporting the petitioners.

Jonathan D. Hacker, Washington, DC, for respondents.

David C. Frederick, Brendan J. Crimmins, Jeremy S. Newman, Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., Washington, D.C., Jerome J. Schlichter, Counsel of Record, Michael A. Wolff, Sean E. Soyars, Schlichter, Bogard & Denton, LLP, St. Louis, Missouri, for Petitioners.

Anna-Rose Mathieson, Ward A. Penfold, Gabriel Markoff, Diana Rogosa, Brian Y. Chang, O'Melveny & Myers LLP, San Francisco, CA, Sergey Trakhtenberg, Rosemead, CA, Jonathan D. Hacker, (Counsel of Record), Walter Dellinger, Brian D. Boyle, Meaghan VerGow, O'Melveny & Myers LLP, Washington, D.C., for Respondents.

**Opinion**

Justice BREYER delivered the opinion of the Court.

Under the Employee Retirement Income Security Act of 1974 (ERISA), 88 Stat. 829 *et seq.,* as amended, a breach of fiduciary duty complaint is timely if filed no more than six years after "the date of the last action which constituted a part of the breach or violation" or "in the case of an omission the latest date on which the fiduciary could have cured the breach or violation." 29 U.S.C. § 1113. The question before us concerns application of this provision to the timeliness of a fiduciary duty complaint. It requires us to consider whether a fiduciary's allegedly imprudent retention of an investment is an "action" or "omission" that triggers the running of the 6–year limitations period.

In 2007, several individual beneficiaries of the Edison 401(k) Savings Plan (Plan) filed a lawsuit on behalf of the Plan and all similarly situated beneficiaries (collectively, petitioners) against Edison International and others (collectively, respondents). Petitioners sought to recover damages for alleged losses suffered by the Plan, in addition to injunctive and other equitable relief based on al-leged breaches of respondents' fiduciary duties.

The Plan is a defined-contribution plan, meaning that participants' retirement benefits are limited to the value of their own individual investment accounts, which is determined by the market performance of employee and employer contributions, less expenses. Expenses, such as management or administrative fees, can sometimes significantly reduce the value of an account in a defined-contribution plan.

As relevant here, petitioners argued that respondents violated their fiduciary duties with respect to three mu-tual funds added to the Plan in 1999 and three mutual funds added to the Plan in 2002. Petitioners argued that respondents acted imprudently by offering six higher priced retail-class mutual funds as Plan investments when materially identical lower priced institutional-class mutual funds were available (the lower price reflects lower administrative costs). Specifically, petitioners claimed that a large institutional investor with billions of dollars, like the Plan, can obtain materially identical lower priced institutional-class mutual funds that are not available to a retail investor. Petitioners asked, how could respondents have acted prudently in offering the six higher priced retail-class mutual funds when respondents could have offered them effectively the same six mutual funds at the lower price offered to institutional investors like the Plan?

As to the three funds added to the Plan in 2002, the District Court agreed. It wrote that respondents had "not offered any credible explanation" for offering retail-class, *i.e.,* higher priced mutual funds that "cost the Plan participants wholly unnecessary [administrative] fees," and it concluded that, with respect to those mutual funds, respondents had failed to exercise "the care, skill, prudence and diligence under the circumstances" that ERISA demands of fiduciaries. No. CV 07–5359 (CD Cal., July 8, 2010), App. to Pet. for Cert. 65, 130, 142, 109.

 **\*3**  As to the three funds added to the Plan in 1999, however, the District Court held that petitioners' claims were untimely because, unlike the other contested mutual funds,

these mutual funds were included in the Plan more than six years before the complaint was filed in 2007. 639 F.Supp.2d 1074, 1119–1120 (C.D.Cal.2009). As a result, the 6–year statutory period had run.

The District Court allowed petitioners to argue that, despite the 1999 selection of the three mutual funds, their complaint was nevertheless timely because these funds underwent significant changes *within* the 6–year statutory period that should have prompted respondents to undertake a full due-diligence review and convert the higher priced retail-class mutual funds to lower priced institutional-class mutual funds. App. to Pet. for Cert. 142–150.

The District Court concluded, however, that petitioners had not met their burden of showing that a prudent fiduciary would have undertaken a full due-diligence review of these funds as a result of the alleged changed circumstances. According to the District Court, the circumstances had not changed enough to place respondents under an obligation to review the mutual funds and to convert them to lower priced institutional-class mutual funds. *Ibid.*

The Ninth Circuit affirmed the District Court as to the six mutual funds. 729 F.3d 1110 (2013). With respect to the three mutual funds added in 1999, the Ninth Circuit held that petitioners' claims were untimely because petitioners had not established a change in circumstances that might trigger an obligation to review and to change investments within the 6–year statutory period. Petitioners filed a petition for certiorari asking us to review this latter holding. We agreed to do so.

Section 1113 reads, in relevant part, that "[n]o action may be commenced with respect to a fiduciary's breach of any responsibility, duty, or obligation" after the earlier of "six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation." Both clauses of that provision require only a "breach or violation" to start the 6–year period. Petitioners contend that respondents breached the duty of prudence by offering higher priced retail-class mutual funds when the same investments were available as lower priced institutional-class mutual funds.

The Ninth Circuit, without considering the role of the fiduciary's duty of prudence under trust law, rejected petitioners' claims as untimely under § 1113 on the basis that respondents had selected the three mutual funds more than six years before petitioners brought this action. The Ninth Circuit correctly asked whether the "last action which constituted a part of the breach or violation" of respondents' duty of prudence occurred *within* the relevant 6–year period. It focused, however, upon the act of "designating an investment for inclusion" to start the 6–year period. 729 F.3d, at 1119. The Ninth Circuit stated that "[c]haracterizing the mere continued offering of a plan option, without more, as a subsequent breach would render" the statute meaningless and could even expose present fiduciaries to liability for decisions made decades ago. *Id.,* at 1120. But the Ninth Circuit jumped from this observation to the conclusion that *only* a significant change in circumstances could engender a new breach of a fiduciary duty, stating that the District Court was "entirely correct" to have entertained the "possibility" that "sig-nificant changes" occurring "within the limitations period" might require " 'a full due diligence review of the funds,' " equivalent to the diligence review that respondents conduct when adding new funds to the Plan. *Ibid.*

**\*4** **[1]**  We believe the Ninth Circuit erred by applying a statu-tory bar to a claim of a "breach or violation" of a fiduciary duty without considering the nature of the fiduciary duty. The Ninth Circuit did not recognize that under trust law a fiduciary is required to conduct a regular review of its investment with the nature and timing of the review contingent on the circumstances. Of course, after the Ninth Circuit considers trust-law principles, it is possible that it will conclude that respondents did indeed conduct the sort of review that a prudent fiduciary would have conducted absent a significant change in circumstances.

**[2]** **[3]**  An ERISA fiduciary must discharge his responsibility "with the care, skill, prudence, and diligence" that a prudent person "acting in a like capacity and familiar with such matters" would use. § 1104(a)(1); see also *Fifth Third Bancorp v. Dudenhoeffer,* 573 U.S. ——— (2014). We have often noted that an ERISA fiduciary's duty is "derived from the common law of trusts." *Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.,* 472 U.S. 559, 570, 105 S.Ct. 2833, 86 L.Ed.2d 447 (1985). In determining the contours of an ERISA fiduciary's duty, courts often must look to the law of trusts. We are aware of no reason why the Ninth Circuit should not do so here.

Under trust law, a trustee has a continuing duty to monitor trust investments and remove imprudent ones. This continuing duty exists separate and apart from the trustee's duty to exercise prudence in selecting investments at the

outset. The Bogert treatise states that "[t]he trustee cannot assume that if investments are legal and proper for retention at the beginning of the trust, or when purchased, they will remain so indefinitely." A. Hess, G. Bogert, & G. Bogert, Law of Trusts and Trustees § 684, pp. 145–146 (3d ed. 2009) (Bogert 3d). Rather, the trustee must "systematic[ally] conside[r] all the investments of the trust at regular intervals" to ensure that they are appropriate. Bogert 3d § 684, at 147–148; see also *In re Stark's Estate,* 15 N.Y.S. 729, 731 (Surr.Ct.1891) (stating that a trustee must "exercis[e] a reasonable degree of diligence in looking after the security after the investment had been made"); *Johns v. Herbert,* 2 App. D.C. 485, 499 (1894) (holding trustee liable for failure to discharge his "duty to watch the investment with reasonable care and diligence"). The Restatement (Third) of Trusts states the following:

> "[A] trustee's duties apply not only in making investments but also in monitoring and reviewing investments, which is to be done in a manner that is reasonable and appropriate to the particular investments, courses of action, and strategies involved." § 90, Comment *b,* p. 295 (2007).

**\*5** The Uniform Prudent Investor Act confirms that "[m]anaging embraces monitoring" and that a trustee has "continuing responsibility for oversight of the suitability of the investments already made." § 2, Comment, 7B U.L.A. 21 (1995) (internal quotation marks omitted). Scott on Trusts implies as much by stating that, "[w]hen the trust estate includes assets that are inappropriate as trust investments, the trustee is ordinarily under a duty to dispose of them within a reasonable time." 4 A. Scott, W. Fratcher, & M. Ascher, Scott and Ascher on Trusts § 19.3.1, p. 1439 (5th ed.2007). Bogert says the same. Bogert 3d § 685, at 156–157 (explaining that if an investment is determined to be imprudent, the trustee "must dispose of it within a reasonable time"); see, *e.g., State Street Trust Co. v. DeKalb,* 259 Mass. 578, 583, 157 N.E. 334, 336 (1927) (trustee was required to take action to "protect the rights of the beneficiaries" when the value of trust assets declined).

 **[4]**  **[5]**  In short, under trust law, a fiduciary normally has a continuing duty of some kind to monitor investments and remove imprudent ones. A plaintiff may allege that a fiduciary breached the duty of prudence by failing to properly monitor investments and remove imprudent ones. In such a case, so long as the alleged breach of the continuing duty occurred within six years of suit, the claim is timely. The Ninth Circuit erred by applying a 6–year statutory bar based solely on the initial selection of the three funds without considering the contours of the alleged breach of fiduciary duty.

The parties now agree that the duty of prudence involves a continuing duty to monitor investments and remove imprudent ones under trust law. Brief for Petitioners 24 ("Trust law imposes a duty to examine the prudence of existing investments periodically and to remove imprudent investments"); Brief for Respondents 3 ("All agree that a fiduciary has an ongoing duty to monitor trust investments to ensure that they remain prudent"); Brief for United States as *Amicus Curiae* 7 ("The duty of prudence under ERISA, as under trust law, requires plan fiduciaries with investment responsibility to examine periodically the prudence of existing investments and to remove imprudent investments within a reasonable period of time"). The parties disagree, however, with respect to the scope of that responsibility. Did it require a review of the contested mutual funds here, and if so, just what kind of review did it require? A fiduciary must discharge his responsibilities "with the care, skill, prudence, and diligence" that a prudent person "acting in a like capacity and familiar with such matters" would use. § 1104(a)(1). We express no view on the scope of respondents' fiduciary duty in this case. We remand for the Ninth Circuit to consider petitioners' claims that respondents breached their duties within the relevant 6–year period under § 1113, recognizing the importance of analogous trust law.

A final point: Respondents argue that petitioners did not raise the claim below that respondents committed new breaches of the duty of prudence by failing to monitor their investments and remove imprudent ones absent a significant change in circumstances. We leave any questions of forfeiture for the Ninth Circuit on remand. The Ninth Circuit's judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.

**\*6** It is so ordered.

End of Document                             © 2015 Thomson Reuters. No claim to original U.S. Government Works.