UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA TOLBERT, et al., | § | |
| | § | |
| Plaintiff | § | |
| | § | No. 4:11-CV-107 |
| v. | § | |
| | § | Judge Keith P. Ellison |
| RBC CAPITAL MARKETS | § | |
| CORPORATION n/k/a RBC CAPITAL | § | |
| MARKETS, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' UNOPPOSED MOTION TO ENTER CONCLUSIONS OF LAW AND
JOINT MOTION TO DISMISS WITH PREJUDICE**

Plaintiffs Brenda Tolbert, Joseph Neuhaus, Jr. and Lawrence Gift (collectively, "Plaintiffs"), and Defendants, RBC Capital Markets Corporation n/k/a RBC Capital Markets, LLC; RBC Centura Bank n/k/a RBC Bank (USA); RBC U.S. Insurance Services, Inc. (collectively "RBC" or "Defendants"), through their undersigned counsel, hereby inform the Court of the parties' private settlement of the named Plaintiffs' individual claims. As part of this settlement, Defendants respectfully request that the Court enter the Proposed Conclusions of Law set forth in Exhibit A, attached hereto, which are based upon the parties' Stipulated Findings of Fact, attached as Exhibit B. Both parties, meanwhile, move the Court to dismiss Plaintiffs' claims with prejudice, with the parties to bear their own costs and attorneys' fees.

In further support of these requests, the parties state as follows:

I.  **DEFENDANTS' UNOPPOSED MOTION TO ENTER CONCLUSIONS OF LAW**

Plaintiff Tolbert filed this lawsuit on January 11, 2011, alleging that Defendants improperly "forfeited" certain "vested benefits" to which she claims she was entitled under the

Royal Bank of Canada Wealth Accumulation Plan (the "WAP"). Dkt. 1. In particular, Tolbert alleged that the WAP did not satisfy the requirements of a valid "top hat" plan, exempt from most substantive provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. *Id.* On April 7, 2011, Tolbert filed a First Amended Class Action Complaint, again seeking to recover "all vested accrued WAP benefits" that were (or may be) "forfeited" under the terms of the WAP. Dkt. 24. Plaintiffs Joseph Neuhaus, Jr. and Lawrence Gift, Jr. joined this lawsuit on March 29, 2012, and both expressly adopted all pleadings, motions, and arguments previously filed and raised by Tolbert. Dkts. 94, 98.

On April 28, 2015, this Court ruled on the parties' pending cross-motions for summary judgment, with respect to the issue of whether the WAP was a valid top hat plan under ERISA. Dkt. 174. The Court denied Plaintiffs' partial motion for summary judgment, and denied RBC's motion for summary judgment in part, to the extent it sought summary judgment holding that the WAP was a valid ERISA top hat plan. *Id.* at 1, 21. The Court reserved its rulings on the remainder of RBC's Motion for Summary Judgment, taking those issues under advisement for disposition in a separate order. *Id.* at 21. On May 26, 2016, the Court denied Plaintiffs' "First Amended and Re-Urged Motion for Class Certification," and denied all of RBC's remaining grounds for its Motion for Summary Judgment. *Id.* at 30.

On June 3, 2016, having had the opportunity to review the Court's summary judgment and class certification rulings and to revisit the existing factual record in light of those rulings, all Plaintiffs and Defendants reached an agreement to settle the named Plaintiffs' individual claims. The parties have since memorialized that agreement. As one component of effectuating the settlement, the parties agreed to certain Stipulated Findings of Fact, citing record evidence in support thereof. *See* Exhibit B.

In light of the parties' Stipulated Findings of Fact, RBC respectfully requests that the Court enter the Proposed Conclusions of Law set forth in Exhibit A. The parties' agreement to the Stipulated Findings of Fact represents a material component of their overall agreement to settle Plaintiffs' individual claims, and said agreement was arms-length and not the product of overreaching or collusion between the parties. As noted, there is an evidentiary basis for each of the Stipulated Findings of Fact, as cited throughout that document, and the Proposed Conclusions of Law track closely the legal framework set forth in this Court's summary judgment ruling on the WAP's top-hat status under ERISA. Dkt. 174. Plaintiffs do not oppose Defendants' request to enter the Proposed Conclusions of Law.

Having reached agreement on the Stipulated Findings of Fact, Defendants therefore respectfully ask that the Court accept those Stipulated Findings of Fact as true for these purposes and enter the Proposed Conclusions of Law.

II. **JOINT MOTION TO DISMISS WITH PREJUDICE.**

In light of the parties' agreement to settle each Plaintiff's individual claims, the parties hereby move to dismiss with prejudice Plaintiffs' claims against all Defendants in this litigation. Accordingly, the parties respectfully request that this Motion to Dismiss with Prejudice be granted, and that the Court enter its Order, attached hereto as Exhibit C, dismissing all of Plaintiffs' claims and causes of action with prejudice, with the parties to bear their own attorneys' fees and costs.

/
/
/
/
/

| | |
|---|---|
| By: /s/ *Geoffrey H. Bracken* | By: /s/ *Matthew A. Russell* |
| Geoffrey H Bracken<br>  Tex. State Bar No. 02809750<br>Gardere Wynne Sewell LLP<br>1000 Louisiana St<br>2000 Wells Fargo Plaza<br>Houston, TX 77002-5011<br>713.276.5739 (Telephone)<br>713-276-6739 (Facsimile)<br>gbracken@gardere.com<br><br>Joe B. Harrison<br>  Tex. State Bar No. 09115500<br>1601 Elm Street, Suite 3000<br>Dallas, Texas 75201-4761<br>214.999.4633 (Telephone)<br>214.999.3633 (Facsimile) | Sari M. Alamuddin (*admitted pro hac vice*)<br>  Ill. State Bar No. 6215689<br>Christopher J. Boran (*admitted pro hac vice*)<br>  Ill. State Bar No. 6282552<br>Matthew A. Russell (*admitted pro hac vice*)<br>  Ill. State Bar No. 6290632<br>MORGAN, LEWIS & BOCKIUS LLP<br>77 West Wacker Drive, Fifth Floor<br>Chicago, Illinois 60601<br>312.324.1000 (Telephone)<br>312.323.1001 (Facsimile)<br>sari.alamuddin@morganlewis.com<br>christopher.boran@morganlewis.com<br>matthew.russell@morganlewis.com<br><br>*Attorneys for Defendants RBC Capital Markets Corporation; RBC Capital Markets, LLC; RBC Centura Bank; and RBC U.S. Insurance Services, Inc.* |

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent to counsel of record through the Court's CM/ECF system on June 28, 2016

s/ *Matthew A. Russell*